**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
Tatiana G. Avakian, Esq. (SBN 298970)
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone:   (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
tavakian@marlinsaltzman.com

**TOJARIEH LAW FIRM, PC**
Joseph Tojarieh, Esq. (SBN 265492)
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone:   (310) 553-5533
Facsimile:    (310) 553-5536
jft@tojariehlaw.com

*Attorneys for Plaintiff Bryant Patton, individually and on behalf of all others similarly situated and aggrieved*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYANT PATTON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MIDWEST CONSTRUCTION SERVICES, INC. DBA TRILLIUM CONSTRUCTION/DRIVERS,** a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | **Case No. 2:19-cv-08580-JFW-MAA**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. **FAILURE TO PROVIDE MEAL BREAKS (Labor Code §§ 226.7, 512, and Wage Order);**<br><br>2. **FAILURE TO PROVIDE REST BREAKS (Labor Code §§ 226.7 and Wage Order);**<br><br>3. **FAILURE TO PAY MINIMUM WAGES (Labor Code §§ 1194, 1197 and Wage Order);**<br><br>4. **FAILURE TO PAY OVERTIME WAGES (Labor Code §§ 510, 1194, 1198 and Wage Order);**<br><br>5. **FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES (Labor Code § 2802);**<br><br>6. **FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS (Labor Code §§ 226, 226.3, 1174);** |

7. **WAITING TIME PENALTIES Labor Code §§ 201-203);**
8. **UNFAIR COMPETITION (Bus. & Prof. Code § 17200 *et seq.*);**
9. **QUANTUM MERIT/UNJUST ENRICHMENT**
10. **VIOLATIONS OF PRIVATE ATTORNEYS GENERAL ACT (Labor Code §§ 2698, *et seq.*)**

**DEMAND FOR JURY TRIAL**

Plaintiff BRYANT PATTON ("Plaintiff"), on behalf of himself, individually, and all others similarly situated and aggrieved, bring this Complaint against Midwest Construction Services, Inc. dba Trillium Construction/Drivers ("Defendant" or "Trillium"), and for causes of action against it, allege and complain as follows:

## INTRODUCTION

1.     Plaintiff brings this class action on behalf of himself and all others similarly situated and similarly aggrieved employees (collectively, the "Class"), who have sustained injuries arising out of Trillium's systematic policies and practices that violate the California Labor Code, Industrial Welfare Commission ("IWC") Wage Order No. 9, California Code of Regulations, and California Business and Professions Code § 17200, et seq. Specifically, Trillium failed to provide uninterrupted, duty-free 30-minute meal periods within the first five hours of their shifts, uninterrupted duty-free 30-minute meal periods within the first 10 hours of their shifts when they worked in excess of 10 hours in a shift, uninterrupted 10-minute rest periods for every four hours (or major fraction thereof) of work, and failed to pay employees the resulting vested one additional hour of pay at the employees' regular rate of compensation for each workday that the meal or rest period was not provided.

2.     Trillium required Plaintiff and the Class to keep their cellular phones on and respond to calls and text messages received during their work shifts, including those received during their meal and rest periods. As a result, Trillium

failed to provide Plaintiff and the Class uninterrupted, duty-free meal and rest periods.

3.     Further, Trillium implemented a scheduling policy that prohibited Plaintiff and the Class from receiving meal periods within the first five hours of their shifts and/or within the first 10 hours of their shifts, as well as 10-minute rest periods in the middle of each work period for every four hours (or major fraction thereof) of work performed.

4.     In addition, Defendant automatically deducted 30 minutes from the total hours worked by Plaintiff and the Class, regardless of whether Plaintiff and the Class received compliant meal periods.

5.     Moreover, by failing to provide Plaintiff and the Class with duty-free meal and rest periods, Trillium failed to pay them minimum wages and/or overtime wages (for hours worked off-the-clock during their meal periods).

6.     Additionally, Trillium failed to reimburse Plaintiff and the Class for reasonable business expenses incurred in the execution of their duties, including, but not limited to, expenses related to safety gloves, safety vests, and the use of their personal cellular phones and/or data usage.

7.     Plaintiff further alleges that Trillium's conduct further resulted in the issuance of inaccurate wage statements and the failure of Trillium to pay Plaintiff and the Class all earned wages at the time of separation from their employment.

8.     As such, Trillium's policies, practices, and customs have resulted in violations of the California Labor Code, and IWC Wage Order No. 9, and constitute unlawful and/or unfair business practices, in violation of the California Business & Professional Code, which have resulted in damages to Plaintiff and the Class.

9.     Further, Plaintiff and the Class Members rendered services to Defendant from which Defendant derived benefit. Defendant, however, failed to compensate Plaintiff and the putative class members for the reasonable value of such services. Thus, Trillium was unjustly enriched.

**JURISDICTION**

10.     Plaintiff does not concede that this Court has subject matter jurisdiction over this case as Plaintiff contends that Defendant has not satisfied the amount-in-controversy under a preponderance of evidence for purposes of jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 133(d) ("CAFA"),

**PARTIES**

11.     Plaintiff Bryant Patton, is a resident of the State of California, and has been employed by Defendant as a truck driver from in or around February 2016, to in or around February 2019.

12.     Plaintiff has been victimized by the policies, practices, and customs of Defendant, which are complained of in this action, in ways that have deprived them of the rights guaranteed to them by IWC Wage Order No. 9, the Labor Code, and the Bus. & Prof. Code.

13.     Defendant Trillium is a California corporation doing business within the State of California. Trillium provides driver staffing services to motor carriers. Defendant has at all relevant times been an employer covered by the Labor Code and IWC Wage Order 9.

14.     Plaintiff is currently unaware of the true names and capacities, whether individual, partner, or corporate, of the defendants sued in this action by the fictitious names DOES 1 through 10, inclusive, and therefore sue those defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

15.     Plaintiff is informed and believes, and based thereon alleges, that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 10, inclusive, is responsible in some manner for the occurrences, controversies, and damages alleged herein.

16.     Plaintiff is informed and believes, and based thereon alleges, that DOES 1 through 10, inclusive, were the agents, servants and/or employees of

4

Defendant and, in doing the things hereinafter alleged and at all times, were acting within the scope of their authority as such agents, servants, and employees, and with the permission and consent of Defendant.

17.     Plaintiff is informed and believes, and based thereon alleges, that Defendant ratified, authorized, and consented to each and all of the acts and conduct of each other as alleged herein.

## CLASS ALLEGATIONS

18.     Pursuant to California Code of Civil Procedure section 382, Plaintiff brings this

action on behalf of himself and the following class of individuals similarly situated:

> All persons who at any time during the Class Period performed work for Defendant as truck drivers in the State California.

19.     **Class Period:** The Class Period is defined as commencing at a date that is four years prior to the date of the filing of the original complaint and continuing from that point forward, until the date that a final judgment has been entered in this matter.

20.     **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the class are readily ascertainable by review of Defendant's records, including, without limitation, payroll records, work orders, work assignments, and other documents, vouchers and receipts issued to the Class Members by Defendant.

21.     Defendant uniformly administered a company-wide policy and practice of (a) failing to provide mandatory, uninterrupted, duty-free meal and rest periods and/or failing to pay compensation of one additional hour of pay at the employees' regular rates of compensation for not providing compliant meal and/or rest periods; (b) not paying Plaintiff and the class all wages, including minimum wages and overtime wages, earned as a result of working off-the-clock during their meal periods; (c) failing to keep proper records as required by the Labor Code and

applicable Wage Order regulations, (d) requiring Plaintiff and the class members to incur and pay for Defendant's necessary business expenses, without reimbursement therefor, (e) failing to provide accurate wage statements, (g) failing to compensate Plaintiffs for the reasonable value of their services provided, (h) engaging in unfair business practices, and (i) violating wage and hour laws that carry civil penalties recoverable under PAGA.

22.     Plaintiff is informed and believes, and based thereon alleges, that Defendant had a consistent and uniform policy, practice, and/or procedure of willfully failing to comply with Labor Code §§ 200-203, 204, 206, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 558, 1174, 1194, 1197, 1198, 1199, 2802, as well as other violations that constitute unfair and/or unlawful conduct under Bus. & Prof. Code §§ 17200 *et seq*., and the governing Wage Order regulations.

23.     **Common Questions of Law and Fact:** There are predominant common questions

of law and fact and community of interest amongst Plaintiff and the claims of the class, concerning' Defendant's treatment of them, including but not limited to:

a.     Whether Defendant failed to relieve Plaintiff and the Class of all duty during their meal and rest periods;

b.     Whether Defendant failed to provide meal periods of at least 30-minutes no later than the fifth hour of work;

c.     Whether Defendant failed to provide a second 30-minute meal period for shifts that Plaintiff and the Class worked in excess of 10 hours, where Plaintiff and the Class did not receive a compliant first meal period;

d.     Whether Defendant failed to provide meal periods of at least 30-minutes no later than the tenth hour of work for shifts worked in excess of 10 hours, where Plaintiff and the Class did not receive a compliant first meal period;

FIRST AMENDED CLASS ACTION COMPLAINT

e.  Whether Defendant had a policy which unlawfully failed to monitor and categorize non-compliant meal and/or rest periods;

f.  Whether Defendant's failure to record the reasons for non-compliant meal and/or rest periods creates a presumption that all such periods were involuntarily non-compliant;

g.  Whether Defendant had a policy or practice of not automatically paying Plaintiff and the Class one additional hour of pay at the employees' regular rate of compensation for non-compliant meal or rest periods;

h.  Whether Defendant's failure to have a policy or practice for automatically paying the Class one additional hour of pay at the employees' regular rate of compensation for non-compliant meal and/or rest periods violated the California Labor Code and applicable Wage Order;

i.  Whether the compensation paid to Plaintiff and the Class, based on hours worked during their meal periods, was less than the applicable minimum wage and/or overtime wage;

j.  Whether Defendant kept adequate employment records;

k.  Whether the Class Members were improperly required to incur Defendant's necessary business expenses without reimbursement therefor;

l.  Whether Defendant provided accurate and itemized wage statements;

m.  Whether the Defendant's policies and practices, as described herein, were unlawful and/or unfair business practices;

n.  Whether Plaintiff is entitled to preliminary and permanent injunction enjoining Defendant's conduct;

o.  Whether restitutionary disgorgement of the value to Defendant of non-compliant meal and/or rest periods is appropriate under Business & Professions Code section 17203; and

FIRST AMENDED CLASS ACTION COMPLAINT

p.      Whether the Defendant was unjustly enriched by failing to pay a reasonable value to Plaintiff and putative Class Members for their services.

24.      **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Class because all members of the Class were subject to the identical policies and practices. The common questions of law set forth above are numerous and substantial and stem from Defendant's practices applicable to each individual Class member. As such, these common questions predominate over individual questions concerning each individual Class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

25.      **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class. Plaintiff is a member of the putative Class. Plaintiff has suffered and incurred damages as a result of the alleged violations of the applicable Wage Order, the Labor Code and the Bus. & Prof. Code and the failure to be reasonably compensated for his services, herein alleged.

26.      **Adequacy of Representation:** Plaintiff is an adequate class representative because he is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class, and because his interests do not conflict with the interests of other Class members they seek to represent. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent Plaintiff and the members of the Class. Plaintiff's attorneys are experienced in complex class action litigation, and they will prosecute this action vigorously. Plaintiff and his counsel, who are experienced class action lawyers, will fairly and adequately protect the Class members' interests.

27.      **Superiority:**  The nature of this action and the laws available to Plaintiff and members of the Class make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each

Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Moreover, the prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class members against Defendant, and which would establish potentially incompatible standards of conduct for Defendant and/or legal determinations with respect to individual Class members which would, as a practical matter, be dispositive of the interests of the other Class members not parties to adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

28.   A community of interest also exists in ensuring that the relief granted is sufficient to adequately compensate the members of the Class.

29.   The Labor Code and Wage Order upon which Plaintiff bases his claims are remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards. These laws and labor standards protect the average worker from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. Such statutes and regulations are designed to defeat rather than implement express or implied agreements that depart from the statutory scheme, in the employment contract.

30.   A practice or policy of not paying one additional hour of pay at the employees' regular rate of compensation for each workday that the meal and/or rest period was not provided presents an issue "suitable for class treatment." *Safeway, supra,* 238 Cal. App. 4th at 1159.

31.     Such a pattern, practice, and uniform administration of enterprise-wide policies and practices regarding illegal and improper compensation, as described herein, creates an entitlement to recovery by Plaintiff and the Class Members identified herein, in a civil action, for the unpaid balance of the full amount of unpaid and/or withheld compensation, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandates of, *inter alia*, Labor Code §§ 226, 1194, and Code of Civil Procedure § 1021.5.

32.     Proof of common business practices and/or factual patterns, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the proposed class to recover on the causes of action alleged herein.

33.     The putative class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant. The class is commonly entitled to restitution of those funds being improperly withheld by Defendant. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## SUBSTANTIVE ALLEGATIONS

### Working at Trillium

34.     Trillium provides truck driver staffing services to motor carriers. Such staffing services include, but are not limited to, payroll services and human resources functions, among other services.

35.     During Plaintiff's employment, Trillium placed Plaintiff to work as a truck driver for several motor carrier companies, including ATX Intermodal LLC, Ryder Trucking, and Estes Trucking.

36.     As a truck driver for Trillium, Plaintiff performed various job duties and responsibilities, including but not limited to, performing pre-trip and post-trip inspections of the vehicles that he operated, as well as delivering and picking up loads.

37.     Plaintiff was eligible for meal periods during his shifts because, on average, he worked shifts in excess of 5 hours. *See* Labor Code § 512(a) ("An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.").

38.     In addition, Plaintiff was eligible for second meal periods during his shifts because, on average, he worked shifts in excess of 10 hours. *See* Labor Code § 512(a) ("An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.").

39.     Plaintiff was also eligible for rest periods during his shifts because, on average, he worked shifts of at least 3.5 hours. *See* IWC Wage Order No. 9 § 12 ("[A] rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours.").

40.     During their employment, Plaintiff and members of the Class were often not authorized or permitted to take off-duty, uninterrupted, 30-minute meal breaks within the first five hours of their shifts that exceeded five hours, as required by Labor Code section 512 and IWC Wage Order No. 9.

41.     Plaintiff and members of the Class were also not provided with second off-duty, uninterrupted, 30-minute meal breaks no later than the tenth hour of their work for shifts that exceeded 10 hours, as required by Labor Code section 512 and IWC Wage Order No. 9.

42.     Because Plaintiff and members of the Class were not permitted to take off-duty, uninterrupted, 30-minute meal breaks within the first five hours of their

shifts (and therefore, did not receive a first compliant meal period), any meal period waivers signed by Plaintiff and members of the Class to waive their second meal period are ineffective.

43.     During their employment, Plaintiff and members of the Class were often not authorized or permitted by their supervisors to take an uninterrupted, 10-minute rest break per four hours worked or fraction thereof, as required by Labor Code section 512 and IWC Wage Order No. 9.

44.     During their employment, Plaintiff and members of the Class were not relieved of all duties during meal and rest breaks, as required by IWC Wage Order No. 9.

**<u>Trillium's Failure to Provide Meal Periods</u>**

45.     At all times relevant hereto, California Labor Code section 512 and IWC Wage Order 9, section 11 required employers to provide employees with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours.

46.     At all times relevant hereto, California Labor Code section 512 and IWC Wage Order 9, section 11 required employers to provide employees with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours.

47.     California Labor Code section 512 and IWC Wage Order 9, section 11 provide that, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

48.     At all times relevant hereto, California Labor Code section 226.7(b) and IWC Wage Order 9, section 11 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper meal period is not provided.

49.     Plaintiff and the Class were required to meet restrictive deadlines for

12

picking up loads and/or delivering loads to their final destination. Plaintiff and the Class were assigned specific times by which they must pick up and/or deliver loads. If Plaintiff and the Class did not meet those scheduled times, they risked that the loads would not delivered to the final destination. As a result of the restrictive schedules, Plaintiff and the Class did not receive their lunches by the end of the fifth hour of work, and were not provided compensation of one additional hour of pay at the employees' regular rates of compensation for each workday that a compliant meal period was not provided.

50.    In addition, when Plaintiff and the Class worked in the ports, they would be delayed waiting in line at the port to pick up loads. As a result, Plaintiff and the Class did not receive timely lunches because they would take their lunches after they left the port and/or after they finished delivery of the load to its final destination. Thus, Plaintiff's and the Class' lunches occurred later than the end of the fifth hour of work. Plaintiff and the Class were also not provided compensation of one additional hour of pay at the employees' regular rates of compensation for each workday that a compliant meal period was not provided.

51.    Plaintiff and the Class were subjected to a scheduling policy that made it extremely difficult for them to take their meal periods. When Plaintiff and the Class were required to remain in the trucks until the items in the trucks were unloaded by those receiving the loads, Plaintiff and the Class were not authorized lunch periods. After Plaintiff and the Class arrived at the location for their first assignment, they were required to wait in the trucks until those receiving the loads unloaded the items from the truck. Thereafter, Plaintiff and the Class were required to travel to their next assignment to pick up and/or deliver loads. There was not sufficient time between each assignment where Plaintiff and the Class were allowed to take at least a 30-minute, uninterrupted, duty-free meal period because Plaintiff and the Class were required to timely arrive at each location for their dispatches.

52.    Moreover, on those occasions when Plaintiff and the Class did not

receive their meal periods within the first five hours, Plaintiff and the Class were instructed to record on their assignment manifests that they took their meal periods within the first five hours, regardless of when they actually took their meal periods. Defendant did not compensate Plaintiff or the Class compensation of one additional hour of pay at the employees' regular rates of compensation for each workday that a compliant meal period was not provided.

53.     In addition, Defendant automatically deducted 30 minutes from the total hours worked by Plaintiff and the Class each work shift, regardless of whether Plaintiff and the Class received their meal periods during their shifts.  Although Plaintiff complained to Defendant about the automatic deduction of 30 minutes from his total hours worked, and explained that he had not received a meal period, Defendant continued to automatically deduct 30 minutes for his total hours worked and failed to pay compensation of one additional hour of pay at the employees' regular rates of compensation for each workday that a compliant meal period was not provided.

54.     On those occasions when Plaintiff and the Class did not receive duty-free, uninterrupted meal periods of at least 30 minutes in length and no later than the end of the fifth hour of work, Defendant failed to pay Plaintiff and the Class one hour of pay at the employees' regular rate of compensation.

55.     On or about May 16, 2018, after working for Defendant for more than two years, Plaintiff signed a meal period waiver agreement, agreeing to waive his second meal period when working shifts in excess of 10 hours, but no greater than 12 hours. Prior to this meal period waiver agreement, Plaintiff did not sign any other meal period waiver agreements. From in or around February 2016 to May 15, 2018, Plaintiff worked shifts in excess of 10 hours, but Defendant failed to provide him with a second meal period. Defendant also failed to pay Plaintiff one hour of pay at his regular rate of compensation for each occasion during that period where Plaintiff worked a shift in excess of 10 hours but was not provided with a second meal period.

FIRST AMENDED CLASS ACTION COMPLAINT

56.     In addition, after Plaintiff signed the meal period waiver agreement to waive his second meal periods, Plaintiff continued to not receive a second meal period, even though Plaintiff did not receive compliant first meal periods. As set forth above, Plaintiff's and the Class' first meal periods were not duty-free, uninterrupted, 30-minute meal periods that occurred by the end of the fifth hour of work. Therefore, at all relevant times, notwithstanding the meal period waiver agreement, Plaintiff and the Class were entitled to receive second meal periods, or one hour of pay at their regular rate of compensation for each occasion that Plaintiff and the Class worked shifts in excess of 10 hours and were not provided with second meal periods.

57.     Moreover, Plaintiff and the Class did not receive uninterrupted meal periods.   Defendant required Plaintiff and the Class to keep their personal cellular phones on throughout their work shifts, including during their meal periods, and to respond to calls and text messages received during their shifts.

58.     For example, Plaintiff and the Class were obligated to use their personal cellular phones to communicate with dispatchers regarding their assignments, including what time and where they needed to pick up and/or drop off their dispatched loads.

59.     Moreover, Defendant failed to have, maintain, or publish a compliant meal period policy throughout the Class Period.

60.     Plaintiff's and the Class's missed, late, "on duty" meal periods were caused by pressure from Defendant's required business practices, and were not voluntary.

61.     Further, during the Class Period, Defendant: (1) failed to track and identify which meal periods were late or missed; (2) failed to maintain records of whether the missed or late meal periods were due to the press or business or voluntary; and (3) failed to pay one additional hour of pay at the employees' regular rate of compensation for each workday that a compliant meal period was not

provided.

62.    Because Defendant failed to implement a system for tracking meal period violations and recording whether they were voluntary, a presumption arises that the meal period violation was involuntary and Defendant owes employees one additional hour of pay at the employees' regular rate of compensation. *Safeway, Inc. v. Superior Court of Los Angeles County* (2015) 238 Cal. App. 4th 1138, 1159-1160.

**Trillium's Failure to Pay for All Hours Worked**

63.    At all times relevant hereto, IWC Wage Order 9, section 11 provides that, "[u]nless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.

64.    California Labor Code section 1197 provides that, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

65.    California Labor Code section 510, subdivision (a) provides that, "[e]ight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

66.    In addition, California Labor Code section 204, subdivision (a) provides that, "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays…"

67.    Plaintiff was eligible for overtime compensation because he typically worked in excess of 8 hours per day and/or 40 hours per week because Plaintiff typically worked shifts of approximately 10.5 hours.

68.     As set forth above, Defendant did not provide Plaintiff and the Class duty-free, uninterrupted 30-minute meal periods. Rather, Plaintiff and the Class performed work during their meal periods and performed such work off-the-clock. Defendant automatically deducted 30 minutes from the total hours worked by Plaintiff and the Class, regardless of whether they received compliant meal periods during their work shifts.

69.     In addition, Defendant's scheduling policies made it difficult for Plaintiff and the Class to receive duty-free, uninterrupted 30-minute meal periods. For example, after Plaintiff and the Class arrived at the location for their first assignment, they were required to wait in the trucks until those receiving the loads unloaded the items from the truck.  Thereafter, Plaintiff and the Class were required to travel to their next assignment to pick up and/or deliver loads.  There was not sufficient time between each assignment where Plaintiff and the Class were allowed to take at least a 30-minute, uninterrupted, duty-free meal period because Plaintiff and the Class were required to timely arrive at each location for their dispatches. Therefore, Plaintiff and the Class worked off-the-clock during this time, for which they did not receive compensation, including minimum wages and overtime compensation.

70.     Therefore, Defendant failed to compensate Plaintiff and the Class for such off-the clock work performed during their meal periods, including failing to compensate Plaintiff and the Class minimum wages and overtime wages for such hours worked.

**Trillium's Failure to Permit and Compensate for Rest Periods**

71.     At all times relevant hereto, California Labor Code section 226.7 and IWC Wage Order, 9, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest period for each four (4) hours of work, during which employees are relieved of all duty. Such breaks are paid and counted as hours worked.

72.     At all times relevant hereto, California Labor Code section 226.7(b) and IWC Wage Order, 9, section 12, required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

73.     Defendant did not have, maintain, or publish a compliant rest period policy throughout the Class Period.

74.     In addition, Defendant regularly failed to provide a ten (10) minute paid rest period for each four (4) hours of work, during which Plaintiff and the Class Members should have been relieved of all duty.

75.     Defendant not only required Plaintiff and the Class Members to perform work during their meal periods, but also to perform work during their rest periods.   For example, because Plaintiff and the Class were required to meet restrictive deadlines for picking up loads and/or delivering the loads to their final destination, Plaintiff and the Class were forced to work through their rest periods.  If Plaintiff and the Class did not meet their scheduled times to pick up and/or deliver loads, they risked that the loads would not be delivered to the final destination.

76.     In addition, when Plaintiff and the Class worked in the ports, they would be delayed waiting in line at the port when waiting to pick up loads.  As a result, Plaintiff and the Class did not receive rest periods and were also not provided compensation of one additional hour of pay at the employees' regular rates of compensation for each workday that a compliant rest period was not provided.

77.     Additionally, Plaintiff and the Class were subjected to a scheduling policy that made it extremely difficult for them to take their rest periods.  After Plaintiff and the Class arrived at the location for their first assignment, they were required to wait until those receiving the loads unloaded the items from the truck. Thereafter, Plaintiff and the Class were required to travel to the destination of their next dispatch to deliver loads and were not authorized to take 10-minute rest periods.

78.     Moreover, as with their meal periods, Plaintiff and the Class Members

FIRST AMENDED CLASS ACTION COMPLAINT

were required to keep their personal cellular phones on during their breaks and to respond to calls and text messages received during their work shifts as set forth above, including during their rest periods.

79.     Defendant regularly failed to pay one hour of additional pay at the regular rate of compensation to Plaintiff and the Class Members for each workday that a proper rest period was not provided.

**<u>Trillium's Failure to Indemnify Plaintiff and the Class for Their Business Expenses</u>**

80.     At all times relevant hereto, California Labor Code section 2802 required employers to indemnify their employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…"

81.     IWC Wage Order 9, section 9, requires employers to maintain tools and equipment required by the employer or that are necessary to the performance of the job.

82.     Defendant has failed to reimburse Plaintiff and Class Members for all business related expenses and costs drivers incurred including, but not limited to, safety gloves, safety vests, and personal cellular phone usage and/or data usage.

83.     Defendant required Plaintiff and the Class to keep their personal cellular phones on throughout their work shifts, including during their meal periods, and to respond to calls and text messages received during their shifts.

84.     For example, Plaintiff was obligated to use his personal cellular phone to call and/or text message Defendant's recruiter to inform the recruiter at what time he finished his shift and to provide his total hours worked for the day.  Defendant also instructed Plaintiff to contact them regarding emergencies related to his work (i.e., if Plaintiff was unable to pick up the load from the port due to the load not being available or the load being in a closed area, etc.), or if he was required to wait for long periods of time at the port when picking up a load at the port.

FIRST AMENDED CLASS ACTION COMPLAINT

85.     In addition, Plaintiff was obligated to use his personal cellular phone to communicate with Defendant's clients/customers for whom Plaintiff performed work.     Plaintiff communicated with the dispatchers for Defendant's clients/customers approximately 3 to 4 times per day regarding his assignments, including what time and where he needed to pick up his assigned loads.

86.     Likewise, the Class was required to use their personal cellular phones for similar work-related reasons.

87.     Defendants did not provide Plaintiff or the Class with company cellular phones or any other communication devices.     Further, Defendants failed to reimburse Plaintiff and the Class for business-related expenses incurred as a result of using their personal cellular phones and/or data usage for work.

88.     Further, Defendant did not provide Plaintiff and the Class safety gloves and safety vests, which were required to perform their work duties.  If Plaintiff and the Class did not have safety gloves while performing their work duties as truck drivers, they could risk injuring themselves.  As truck drivers, Plaintiff and the Class were required to lock and unlock metal containers, which were often rusty.  Without safety gloves, Plaintiff and the Class risked cutting themselves on the rusty metal containers for the loads they delivered.

89.     In addition, it was mandatory for Plaintiff and the Class to wear safety vests when they performed work at the ports and Plaintiff and the Class was prohibited from entering the port without wearing a safety vest.

90.     Defendants failed to reimburse Plaintiff and the Class for business-related expenses incurred as a result of Plaintiff and the Class purchasing safety gloves and/or safety vests.

**Trillium's Failure to Maintain Adequate Employment Records and Failure to Provide Accurate Itemized Wage Statements**

91.     At all times relevant hereto, California Labor Code section 226 and IWC Wage Order, 9, section 7 required employers to maintain adequate employment

records and provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and the beginning and end of all meal breaks taken.

92.    At all times relevant hereto, California Labor Code section 1174 and IWC Wage Order, 9, section 7 required Defendant to keep payroll records showing the hours worked daily by and the wages paid to employees. Labor Code section 1174.5 provides that "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

93.    The wage statements that Defendant provided to Plaintiff and the Class were and are not correct or accurate, and in violation of California Labor Code sections 226 and 1174, as well as IWC Wage Order 9, section 7, in that they failed to account for all time worked, including pay at the employees' regular rate of compensation for each work period where a compliant meal and/or rest period was not provided, as well as minimum wages and overtime wages as a result of Plaintiff and the Class performing work off-the-clock during their meal periods.

**Trillium's Conduct Violated PAGA**

94.    Plaintiff also claims herein, on behalf of himself and the proposed class members, all penalties permitted by the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq*. By letter dated April 30, 2019, Plaintiff gave written notice to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. The LWDA has not responded, and over 65 days have elapsed since notice was sent.

95.    On July 3, 2019, Plaintiff submitted and amended written notice to the LWDA to include specific provisions of violation of Labor Code § 510 for unpaid

FIRST AMENDED CLASS ACTION COMPLAINT

overtime compensation.  The LWDA has not responded, and over 65 days have elapsed since the amended notice was sent.

**FIRST COUNT**

**FOR FAILURE TO PROVIDE MEAL BREAKS**

**(Labor Code §§ 226.7, 512, and Wage Order)**

96.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

97.    California Labor Code section 512(a) sets forth the relevant meal period requirement, as follows: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes…An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

98.    California Labor Code section 226.7 provides for a remedy for non-complaint meal periods as follows:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the

employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

99.    IWC Wage Order No. 9 § 11 likewise sets forth the meal period requirements and penalties above for workers, as follows:

FIRST AMENDED CLASS ACTION COMPLAINT

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes…Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

…

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

100.  "An employer's duty with respect to meal breaks under both section 512, subdivision (a) and [the] Wage Order…is an obligation to provide a meal period to its employees. The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1040.

101.  Further, Labor Code section 1198 states that, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

102.  Based on the allegations set forth above, Defendant failed to provide

Plaintiff and the Class with duty-free, uninterrupted meal periods of at least 30 minutes in length no later than the end of the fifth hour of work and/or the tenth hour of work, in violation of Labor Code sections 226.7, 512, and 1198, as well as IWC Wage Order No. 9.

103.    In addition, Defendant failed to implement meal period policies and/or failed to implement adequate meal period policies that were compliant with California law.

104.    Pursuant to Labor Code § 226.7(b) and IWC Wage Order No. 9, Plaintiff and each member of the putative Class is entitled to recover from Defendant additional compensation equal to the sum of one hour of pay at their regular rate of compensation for each non-compliant meal period.

## SECOND COUNT

### FOR FAILURE TO PROVIDE REST BREAKS

### (Labor Code §§ 226.7 and Wage Order)

105.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

106.    IWC Wage Order No. 9 § 12 sets forth the rest period requirements and penalties above for workers in the transportation industry, as follows:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized

rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…..

…

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the

employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

107.   California Labor Code section 226.7 provides for a remedy for non-compliant rest periods as follows:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

108.   Further, Labor Code section 1198 states that, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

109.   Based on the allegations set forth above, Defendant failed to provide Plaintiff and the Class with duty-free, uninterrupted rest periods of at least 10 minutes in length every four hours worked (or major fraction thereof) to occur no later than the middle of each work period, in violation of Labor Code sections 226.7 and 1198, as well as IWC Wage Order No. 9.

110.   In addition, Defendant failed to implement rest period policies and/or failed to implement adequate rest period policies that were compliant with California law.

111.   Based on the allegations set forth above, Defendant failed to implement rest period policies and/or failed to implement adequate rest period policies that were compliant with California law.

112.   Pursuant to Labor Code § 226.7(b) and IWC Wage Order No. 9, Plaintiff and each member of the putative Class is entitled to recover from Defendant the sum of one hour of pay at their regular rate of compensation for each noncompliant rest period.

### THIRD COUNT

### FOR FAILURE TO PAY MINIMUM WAGES

### (Labor Code §§ 1194, 1197, and Wage Order)

113.   Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

114.   This count is brought pursuant to Labor Code §§ 1194, 1194.2, 1197, 1197.1, which provide that employees are entitled to minimum wages and compensation for work performed, and provide a private right of action for failure to pay minimum wages for work performed.

115.   Labor Code § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

116.   Labor Code § 1194 provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

117.   Labor Code § 1194.2(a) provides: "In any action under … Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

118.   As a pattern and practice, Defendant regularly failed to provide Plaintiff

and the Class meal periods where they were relieved of their work duties. In addition, Defendant automatically deducted 30 minutes from the total hours worked by Plaintiff and the Class, regardless of whether they received a compliant meal period. As a result, Plaintiff and members of the Class performed work off-the-clock during their meal periods and therefore, were not compensated for all hours worked, including compensation for minimum wages.

119.   Insofar as Defendant failed to pay Plaintiff and the Class Members an amount that was at least the same as the applicable minimum wage, Defendant was and is in violation of the applicable wage and hour laws.

120.   Defendant willfully failed to pay Plaintiff and the Class minimum wages for all hours worked. Defendant's willful failure to provide minimum wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and the Class Members who have separated from their employment are entitled to compensation pursuant to Labor Code § 203.

121.   Plaintiff and the Class are entitled to damages in the sum of unpaid wages, liquidated damages, and the other relief provided by the Labor Code, including interest, attorneys' fees, and costs of suit pursuant to Labor Code § 1194, in an amount according to proof at the time of trial.

## FOURTH COUNT

### FOR FAILURE TO PAY OVERTIME WAGES
### (Labor Code § 510, 1194, 1198, and Wage Order)

122.   Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

123.   Under California law, eight hours a day constitutes a day's work.  Any work in excess of eight hours a day or 40 hours per week must be compensated at the rate of one-and-one-half times the worker's regular hourly rate.  (Labor Code §§ 510(a), 1198 and Part 3 of Wage Order 9).

FIRST AMENDED CLASS ACTION COMPLAINT

124.   As a pattern and practice, Defendant regularly failed to provide Plaintiff and the Class meal periods where they were relieved of their work duties. In addition, Defendant automatically deducted 30 minutes from the total hours worked by Plaintiff and the Class, regardless of whether they received a compliant meal period. As a result, Plaintiff and members of the Class performed work off-the-clock during their meal periods and therefore, were not compensated for all hours worked, including compensation for overtime wages.

125.   Insofar as Defendant failed to pay Plaintiff and the Class Members wages for all hours worked, Defendant was and is in violation of the applicable wage and hour laws.

126.   Defendant willfully failed to pay Plaintiff and the Class wages for all hours worked. Defendant's willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and the Class Members who have separated from their employment are entitled to compensation pursuant to Labor Code § 203.

127.   Plaintiff and the Class are entitled to damages in the sum of unpaid wages and other relief provided by the Labor Code, including interest, attorneys' fees, and costs of suit, in an amount according to proof at the time of trial.

## FIFTH COUNT

## FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES

## (Labor Code § 2802, and Wage Order)

128.   Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

129.   Under California law, workers are entitled to be indemnified "for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties."  Labor Code § 2802.

130.   In addition, IWC Wage Order 9, section 9, requires employers to

28

maintain tools and equipment required by the employer or that are necessary to the performance of the job.

131.   As previously alleged herein, Defendant maintains uniform policies, procedures, and practices requiring Plaintiff and the Class Members to incur significant, substantial, and ongoing necessary business expenses that rightfully should have been borne by Defendant, and Defendant has failed to reimburse Plaintiffs and Class Members for the said expenses, including, but not limited to, the cost of safety gloves, safety vests, and the use of personal cellular phones and/or data usage in discharge of their work duties.

132.   Because these necessary expenses were incurred by Plaintiffs and Class Members in direct consequence of the discharge of their duties, Plaintiffs and Class Members are entitled to be indemnified, pursuant to Labor Code § 2802(b) and Wage Order 9, with interest thereon beginning from the date that each expense was incurred.

**SIXTH COUNT**

**FOR INADEQUATE AND/OR FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS**

**(Labor Code §§ 226, 226.3, and 1174)**

133.   Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

134.   Labor Code § 226 makes it unlawful for an employer to fail to provide accurate and itemized wage statements to its employees.

135.   Pursuant to California Labor Code § 226(a), Plaintiff and Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing, *inter alia*: (a) gross wages earned; (b) net wages earned; (c) all applicable hourly rates in effect during the pay period; and (d) the corresponding number of hours worked at each hourly rate by the employee.

29

136.    Pursuant to California Labor Code § 1174, subdivision (d), every employer must,

> Keep, at a central location in the state or at the plants or establishments at which
>
> employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

137.    Labor Code section 226.3 provides that, "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226…"

138.    Labor Code section 1174.5 provides that "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

139.    Defendant violated the foregoing provisions, in that Defendant failed to provide Plaintiff and Class Members with accurate itemized statements, in accordance with California Labor Code § 226(a) and 1174, by providing Plaintiff and Class Members with wage statements with inaccurate entries for hours worked, corresponding rates of pay, total wages earned, pay at the employees' regular rate of compensation for each work period where a compliant meal and/or rest period was

not provided, as well as minimum wages and overtime wages as a result of Plaintiff and the Class performing work off-the-clock during their meal periods.

140.   Defendant's violations were knowing and intentional.

141.   Plaintiff and Class Members are therefore entitled to the statutory penalty and/or damages set forth in subdivision (e) of section 226, civil penalties set forth in section 226.3 and 1174.5, as well as an injunction against Defendant, under subdivision (h), including an award of costs and reasonable attorney's fees.

## SEVENTH COUNT

### FAILURE TO PAY ALL WAGES DUE UPON DISCHARGE

### (Labor Code §§ 201-203)

142.   Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

143.   Labor Code sections 201 and 202 require Defendant to pay its employees all wages due within 72 hours of termination of employment.

144.   Labor Code section 203 provides that if an employer willfully fails to timely pay wages in accordance with sections 201 and 202, of any employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, for a maximum amount of 30 days.

145.   In or around February 2019, Plaintiff separated from Defendant and was not paid all earned and unpaid wages at the time of his termination of employment, including unpaid minimum wages, overtime wages, and unpaid compensation of one additional hour of pay at the employees' regular rate of compensation for missed meal and rest periods.

146.   Defendants, and each of them, willfully and intentionally failed and refused to pay the earned and unpaid wages to Plaintiff. Plaintiff alleges, on information and belief, that Defendant has similarly treated the other employees

whose employment with Defendant has terminated within the three years prior to the filing of this complaint.

147. As set forth above, Defendant had knowledge that Plaintiff and the Class Members did not receive legally-compliant meal and rest periods because Defendant required Plaintiff and the Class Members to perform work during their meal and rest periods. In addition, Defendant automatically deducted 30 minutes from the total hours worked by Plaintiff and the Class, regardless of whether they took a compliant meal period. Even though Plaintiff complained to Defendant that he was not provided a compliant meal period and that 30 minutes should not be deducted from his total hours worked, Defendant disregarded Plaintiff's complaint and continued deducting 30 minutes from the total hours worked.

148. Defendant also failed to pay Plaintiff and the Class minimum wages and overtime wages as a result of Plaintiff and the Class working off-the-clock during their meal periods, even though Defendant instructed Plaintiff and the Class to perform work during their meal periods.

149. Plaintiff did not hide himself, or in any manner refuse or obfuscate any attempt by Defendant to tender the balance of the earned and unpaid wages. Plaintiff alleges, on information and belief, that the same is true of the other employees whose employment with Defendant has terminated within the three years prior to the filing of this complaint.

150. Pursuant to California law, Plaintiff and the other Class Members whose employment has terminated within the last three years, are entitled to a penalty equal to their regular daily rate, up to a maximum of 30 days.

## EIGHTH COUNT

### FOR UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

151. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

152.   Defendant has engaged and continues to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the policies, customs, and practices outlined above, including, to wit: (1) failing to provide one hour of pay at the employees' regular rate of compensation for each non-compliant meal and rest period; (2) not paying all wages, including minimum wages and overtime wages; (3) failing to pay all earned wages in a timely fashion; (4) making improper deductions from compensation and failing to keep proper records as required by law; (5) failing to reimburse and/or indemnify Plaintiff and Class Members for Defendant's necessary business expenses; and (6) failing to pay all wages owed upon termination.

153.   Plaintiff and Class Members have each suffered actual harm as a result of Defendant's unfair and/or unlawful business practices. Plaintiff and the Class Members have been deprived of wages actually earned but wrongfully and unlawfully retained by Defendant.

154.   Defendant's utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendant's competitors who follow the law.

155.   Plaintiff seeks, on his behalf, on behalf of the Class Members, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant by means of the unfair practices complained of herein.

156.   The acts complained of herein occurred within the last four years preceding the filing of this action.

157.   Defendant has engaged in unlawful, deceptive, and unfair business practices, a proscribed by Bus. & Prof. Code §§ 17200 *et seq*., including those set forth hereinabove, thereby depriving Plaintiff and other members of the general public of the wages, minimum working standards and conditions due to them under California's laws and Industrial Welfare Commission wage orders specifically

described herein.

## NINTH COUNT

### FOR UNJUST ENRICHMENT

158.   Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

159.   Plaintiff and the Class Members conferred a benefit upon Defendant by working on its behalf without compensation, including but not limited to, working hours for which they were not compensated.

160.   Defendant had an appreciation or knowledge of the benefit conferred by Plaintiff and the Class Members.

161.   Defendant accepted and retained the benefit under circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

## TENTH COUNT

### FOR VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT
### (Labor Code § 2699)

162.   Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

163.   Under Labor Code § 2699, any employee aggrieved by an employer's violation of the Labor Code and/or applicable IWC Wage Order has the right to file an action on behalf of all aggrieved employees for the penalties established by Section 2699 and/or other Labor Code sections.

164.   The aforementioned wrongful acts and omissions of Defendant were violations of the Labor Code and/or applicable IWC Wage Order, as set forth herein, including Labor Code §§ 201-203, 204, 226, 226.3, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, and 2802, as well as over the violations of Bus. & Prof. Code §§ 17200 *et seq*., and the governing California IWC Wage Order No. 9 and other California Regulations.

165.   Plaintiff is a former employee who has been aggrieved by Defendant's

violations of the aforementioned Labor Code and/or Wage Order provisions, and Class Members are aggrieved employees as well.

166.   During the relevant time period, Defendant engaged in each of the wrongful acts and/or omissions detailed above.  As a result, Plaintiff and Class Members are entitled to one hundred dollars ($100) for each initial Labor Code violation and two hundred dollars ($200) for each subsequent violation, except for those sections that provide for different penalties, and/or any and all other penalties permitted by PAGA.  *See* Labor Code § 2699(f)(2).

167.   As set forth above, Plaintiff has complied with all pre-filing requirements of Labor Code § 2699.3.  By letter dated April 30, 2019, Plaintiff gave written notice to the LWDA and Defendant of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  (A true and correct copy of Plaintiff's April 30, 2019 written notice is attached hereto as Exhibit 1 and is incorporated by reference.)  The LWDA has not responded, and over 65 days have elapsed since notice was sent.

On July 3, 2019, Plaintiff submitted an amended written notice to the LWDA to include specific provisions of violation of Labor Code § 510 for unpaid overtime compensation.  (A true and correct copy of Plaintiff's July 3, 2019 written notice is attached hereto as Exhibit 2 and is incorporated by reference.)  The LWDA has not responded, and over 65 days have elapsed since notice was sent. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against Defendant, as follows:

1.      For an order certifying the proposed Class;

2.      For an order appointing Plaintiffs as the representatives of the Class;

3.      For an order appointing Counsel for Plaintiffs as Class counsel;

4.      On the First Count, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

5.   On the Second Count, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

6.   On the Third Count, for damages and/or penalties, including liquidated damages, as provided by statute, in an amount according to proof at the time of trial;

7.   On the Fourth Count, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

8.   On the Fifth Count, for reimbursement of all business expenses advanced by Plaintiff and the class members, in an amount according to proof at the time of trial;

9.   On the Sixth Count, for damages and/or penalties, as provided by law, and for an injunction enjoining Defendant from continuing to make unlawful deductions from Class Members' compensation, interest thereon, and reasonable costs and attorneys' fees, as provided by Labor Code § 226;

10.   On the Seventh Count, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

11.   On the Eighth Count, for quasi-contract recovery for services rendered, including restitution;

12.   On the Ninth Count, for restitution to Plaintiff and other similarly situated members of the general public of all funds unlawfully acquired by Defendant by means of any acts or practices declared by the Court to be in violation of Bus. & Prof. Code §§ 17200 *et seq*., for an injunction to prohibit Defendant from engaging in the unfair business practices complained of herein, and for an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file and make claim for restitution;

13.   On the Tenth Count, for penalties, damages, attorneys' fees and costs,

36

interest, and all other relief provided for under PAGA;

14.     On all counts, for attorneys' fees and costs, as provided by Labor Code §§ 218.5, 226, 1194, 2802, and Code of Civil Procedure § 1021.5;

15.     On all counts, for the penalties permitted by law; and,

16.     For all such other and further relief as the Court may deem just and proper.

DATED: December 3, 2019       **MARLIN & SALTZMAN, LLP**
                                       **TOJARIEH LAW FIRM, PC**

                                       By:   /s/ Tatiana G. Avakian           
                                             Stanley D. Saltzman, Esq.
                                             Tatiana G. Avakian, Esq.
                                             *Attorney for Plaintiff, the putative Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: December 3, 2019       **MARLIN & SALTZMAN, LLP**
                                         **TOJARIEH LAW FIRM, PC**

                                       By:   /s/ Tatiana G. Avakian           
                                             Stanley D. Saltzman, Esq.
                                             Tatiana G. Avakian, Esq.
                                             *Attorney for Plaintiff, the putative Class*

FIRST AMENDED CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

I, Tatiana G. Avakian, an attorney, certify that I caused the foregoing document to be served on all counsel of record in this action via the Court's CM/ECF system on December 11, 2019.


By:  /s/ Tatiana G. Avakian
        Stanley D. Saltzman, Esq.
        Tatiana G. Avakian, Esq.
        *Attorney for Plaintiff, the putative Class*

FIRST AMENDED CLASS ACTION COMPLAINT