**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
ssaltzman@marlinsaltzman.com
Tatiana G. Avakian, Esq. (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**TOJARIEH LAW FIRM, PC**
Joseph Tojarieh, Esq. (SBN 265492)
jft@tojariehlaw.com
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone: (310) 553-5533
Facsimile: (310) 553-5536

*Attorneys for Plaintiff Bryant Patton, individually and on behalf of all others similarly situated*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 2:19-cv-08580-JFW-MAA<br><br>[Removal from Superior Court of California, County of Los Angeles, Case No. 19STCV28353]<br><br><u>CLASS ACTION</u><br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**DECLARATION OF TATIANA G. AVAKIAN IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Date:          April 12, 2021<br>Time:         1:30 p.m.<br>Courtroom:  7A<br><br>Complaint Filed:  August 14, 2019<br>Trial Date:           None Set |

## **DECLARATION OF TATIANA G. AVAKIAN**

I, Tatiana G. Avakian, hereby declare:

1. I am over the age of eighteen and am an attorney at law duly admitted to practice before all courts in the State of California. I am an Attorney at Marlin & Saltzman, LLP, attorneys of record for Plaintiff Bryant Patton. I have personal knowledge of the matters set forth herein, and if called upon as a witness to testify thereto, I could and would competently do so.

2. On October 11, 2019, I sent a meet and confer letter to Defendant Midwest Construction Services, Inc. dba Trillium Construction/Drivers' ("Defendant") counsel, regarding deficiencies in Defendant's Notice of Removal ("Notice") and Plaintiff's intent to file a Motion to Remand ("Motion"). A true and correct copy of the October 11, 2019 meet and confer letter is attached hereto as **EXHIBIT 1**.

3. On October 17, 2019, Plaintiff's counsel, Tatiana G. Avakian and Joseph Tojarieh, met and conferred with Defendant's counsel, Brandon McKelvey and Timothy Nelson, by phone regarding Plaintiff's October 11, 2019 meet and confer letter. The Parties held a further meet and confer conference on October 30, 2019, during which lead counsel for both Parties were in attendance and participated in the call. During the October 30, 2019 meet and confer call, defense counsel agreed to provide a supplemental declaration, in support of Defendant's Notice of Removal, in an effort to address some of the deficiencies that I pointed out, such as the lack of information regarding the number of shifts eligible for meal breaks, rest breaks, and overtime. I agreed to review the supplemental declaration, upon receipt, and to assess whether a motion to remand was still necessary. The details of the Parties' October 17, 2019 and October 30, 2019 meet and confer discussions are set forth in the Parties' Joint Statements re Rule 7-3 Meet and Confer Conferences (Dkt. 33, 4:10-8:13).

4. On December 16, 2019, this Court stayed this action until 30 days after

the Ninth Circuit's decision in *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration,* 986 F.3d 841 (9th Cir. 2021). (Dkt. #30). The Ninth Circuit issued its decision in [*International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. 2021)](#) on January 15, 2021, and as such, the stay in this action was lifted on February 16, 2021 (the next court day following 30 days).

5. On January 22, 2021, I contacted defense counsel, to follow-up on the status of the supplemental declaration in support of Defendant's Notice of Removal, and requested that the declaration be provided to Plaintiff's counsel by February 1, 2021.

6. On February 1, 2021, Defendant's counsel provided the not-yet-filed Supplemental Declaration of Timm Sturgeon ("Supp. Sturgeon Declaration"). A true and correct copy of the Supp. Sturgeon Declaration that I received from defense counsel is attached hereto as **EXHIBIT 2**.

7. After taking the opportunity to review Sturgeon's Supplemental Declaration, I sent a further meet and confer letter to defense counsel on February 17, 2021. A true and correct copy of the February 17, 2021 meet and confer letter is attached hereto as **EXHIBIT 3**. The contents of the meet and confer letter were discussed during the Parties' further telephonic meet and confer conference, held on February 24, 2021, during which lead counsel for the Parties were in attendance and participated in the call. The details of the Parties' February 24, 2021 meet and confer discussions are set forth in the Parties' Joint Statements re Rule 7-3 Meet and Confer Conferences (Dkt. 33, 9:7-13:16).

8. My office has not received a copy of the 100 timesheets in the sample identified in the Suppl. Sturgeon Declaration.

9. During the Parties' telephonic meet and confer conference on February 24, 2021, defense counsel provided additional information regarding the 100

timesheets. Specifically, Defendant's counsel stated the 100 timesheets consisted of 25 timesheets for each of the following years: 2016, 2017, 2018, and 2019, and it also consisted of timesheets for 83 employees. However, Defendant's counsel did not know, at the time of the call, how many of Defendant's clients, to which the putative class members were assigned to work, were represented in the 100 timesheets.

10. A true and correct copy of the Declaration of Candice L. Rosevear (Plaintiff's expert witness), in support of Plaintiff's Motion, is attached hereto as **EXHIBIT 4**.

I declare, under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct.

Executed this 12th day of March, 2021, in Chatsworth, California.

s/ Tatiana G. Avakian
Tatiana G. Avakian, Esq.

# CERTIFICATE OF SERVICE

I, Tatiana G. Avakian, an attorney, certify that I caused the foregoing document to be served on all counsel of record in this action via the Court's CM/ECF system on March 26, 2021.

By: */s/ Tatiana G. Avakian*
Tatiana G. Avakian, Esq.
*Attorney for Plaintiff and the putative Class*

DECLARATION OF TATIANA G. AVAKIAN IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND