**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | | |
|---|---|---|
| Case No. | **CV 19-8580-JFW(MAAx)** | Date: April 9, 2021 |
| Title: | Bryant Patton -v- Midwest Construction Services, Inc., et al. | |

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 3/12/2021; Docket No. 34]**

  On March 12, 2021, Plaintiff Bryant Patton ("Plaintiff") filed a Motion to Remand. On March 22, 2021, Defendant Midwest Construction Services Inc. dba Trillium Construction/Drivers ("Defendant") filed its Opposition. On March 29, 2021, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 12, 2021 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

  On August 14, 2019, Plaintiff filed a proposed class action complaint in Los Angeles Superior Court. Plaintiff alleges that Defendant failed to provide meal periods and rest periods, failed to pay minimum and overtime wages, failed to indemnify all necessary business expenses, failed to provide accurate itemized wage statements, failed to timely pay all wages due upon separation of employment, and engaged in unfair business practices. On October 2, 2019, Defendant removed the action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On December 11, 2019, Plaintiff filed his First Amended Complaint, which added a claim under the Private Attorneys General Act ("PAGA"). In his motion, Plaintiff argues that this Court lacks jurisdiction under CAFA because Defendant did not meet its burden that the amount in controversy exceeds $5,000,000, and moves to remand this action to Los Angeles Superior Court.

  "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements"). CAFA

vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  A defendant seeking to remove a case under CAFA need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant's good faith allegation that the amount in controversy exceeds the $5 million CAFA jurisdiction threshold will suffice unless challenged; however, if challenged, Defendant bears the burden of proving the propriety of federal court jurisdiction by "a preponderance of the evidence." *Dart Cherokee*, 574 U.S. at 87-88. Under this burden, a defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, "the defendant's showing on the amount in controversy may rely on reasonable assumptions."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

For the reasons stated in Defendant's Opposition, Plaintiff's Motion to Remand is **DENIED**. Although the Court recognizes that Defendant's statistical analysis is somewhat flawed, the Court concludes that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

IT IS SO ORDERED.