**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman (SBN 90058)
ssaltzman@marlinsaltzman.com
Tatiana G. Avakian (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile:  (818) 991-8081

**TOJARIEH LAW FIRM, PC**
Joseph Tojarieh, Esq. (SBN 265492)
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone:   (310) 553-5533
Facsimile:    (310) 553-5536
jft@tojariehlaw.com

*Attorneys for Plaintiff Bryant Patton, individually and on behalf of all others similarly situated*

*(Counsel Continued on Next Page)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:19-cv-08580-JFW-MAA<br><br><u>CLASS ACTION</u><br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hearing Date:   May 3, 2021<br>Time:              1:15 p.m.<br>Courtroom:      7A<br><br>Date Action Filed:      April 14, 2019<br>Date Removal Filed:   October 4, 2019 |

**MEDINA McKELVEY LLP**
Brandon R. McKelvey (SBN 217002)
brandon@medinamckelvey.com
Timothy B. Nelson (SBN 235279)
tim@medinamckelvey.com
Kyle W. Owen (SBN 326335)
kyle@medinamckelvey.com
9925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone:  (916) 960-2211
Facsimile:   (916) 742-5488

*Attorneys for Defendant Midwest Construction Services, Inc.*
*dba Trillium Construction/Drivers*

JOINT RULE 26(F) REPORT

Plaintiff BRYANT PATTON ("Plaintiff"), on behalf of himself and all others similarly situated, and Defendant MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS ("Defendant") (collectively referred to as "the Parties"), hereby submit the following Joint Report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1. The Parties' counsel met telephonically on April 14, 2021 and apprise the Court as follows:

## I.    JURISDICTION AND SERVICE

The Parties agree there are no issues regarding personal jurisdiction or venue.

On March 12, 2021, Plaintiff filed a Motion to Remand, arguing that Defendant has not satisfied, by a preponderance of the evidence, subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 133(d) ("CAFA"). On April 9, 2021, the Court issued its Order, finding that Defendant demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. (Dkt. 46).

As of the date of this Report, no additional parties remain to be served.

## II.   CHRONOLOGY OF FACTS AND FACTUAL ISSUES IN DISPUTE

### A.    Plaintiff's Position

Plaintiff was employed as a truck driver with Defendant in the State of California from in or around February 2016 to in or around February 2019. At all times during his employment, Plaintiff worked as a non-exempt, hourly employee.

Plaintiff alleges that Defendant failed to provide Plaintiff and other similarly situated truck drivers with 30-minute, off-duty meal periods before the end of their fifth hour of work, in violation of California Labor Code § 512(a). Plaintiff also alleges that Defendant failed to provide 30-minute, off-duty meal periods before the end of their tenth hour of work. In addition, Plaintiff alleges that Defendant failed to provide Plaintiff and other similarly situated truck drivers with 10-minute, off-duty rest periods for every 4 hours, or major fraction thereof. Further, Plaintiff

alleges that Defendant failed to provide compensation of one additional hour of pay at the employees' regular rates of compensation for not providing compliant meal and rest periods, in violation of California Labor Code § 226.7. Plaintiff and the putative Class were required to meet restrictive deadlines for picking up and/or delivering loads, resulting in Plaintiff and the putative Class not receiving compliant meal and rest periods. Plaintiff and the putative Class were also required to perform work during their meal and rest periods, resulting in not receiving compliant meal and rest periods. In addition, Plaintiff and the putative Class were required to keep their personal cellular phones during their shifts, including during their meal periods. Therefore, Plaintiff contends that meal periods were non-compliant.

Plaintiff further alleges that Defendant failed to pay all minimum and overtime wages per Labor Code §§ 510, 1194, 1197, and 1198 because Defendant required Plaintiff and the putative Class to perform work while off-the-clock during their meal periods. Plaintiff alleges that Defendant automatically deducted 30 minutes from the employees' hours worked to account for a meal period, whether or not the employees received compliant meal periods.

Plaintiff also alleges that, per Labor Code § 2802, Defendant failed to reimburse Plaintiff and the putative Class for all business-related expenditures because employees were not paid for safety vests, safety gloves, and usage of their personal cellular phones and/or data usage required for their work.

Plaintiff alleges that, per Labor Code §§ 226 and 1174, Defendant failed to keep accurate records and issue accurate itemized wage statements to reflect all wages earned, including payments in lieu of receiving compliant meal and rest periods.

Plaintiff also alleges that Defendant failed to pay Plaintiff and the putative Class all wages owed at the time of separation of employment, pursuant to Labor Code §§ 201-203.

Plaintiff alleges that, based on the foregoing violations of the California Labor Code, Defendant engaged in unfair business practices that violated Business & Professions Code section 17200 *et seq.*, and violated Labor Code section 2698, *set seq.*

In December 2019, the Parties discussed scheduling mediation, and stipulated to staying the action, pending the Ninth Circuit's decision in *Intl Brotherhood of Teamsters, et al v. FMCSA*, Case Number 18-73488; *IBT, et al. v. FMCSA*, Case Number 19-70323; *Labor Commissioner State of CA v. FMCSA*, Case Number 19-70329; *Duy Ly, et al. v. FMCSA*, Case Number 19-70413. (Dkt. 29). On December 16, 2019, this Court stayed this action until 30 days after the Ninth Circuit's decision. (Dkt. 30). On January 15, 2021, the Ninth Circuit decided *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration* ("*International Brotherhood*"), 986 F.3d 841 (9th Cir. 2021). As such, the stay in this action was lifted on February 16, 2021 (the next court day following 30 days).

Defendant contends that Plaintiff's meal and rest break claims are preempted by the FMCSA's hours of service regulations, in light of the Ninth Circuit's decision in *International Brotherhood*. Plaintiff contends that his meal and rest break claims, for the period of August 14, 2015 through December 20, 2018 (the date of the FMCSA issued its decision finding preemption of California's meal and rest break laws), are not preempted, because the Ninth Circuit did not issue a determination on retroactivity. *International Brotherhood*, at fn. 5. As such, Plaintiff believes his meal and rest break claims are very much viable. Additionally, the Ninth Circuit's decision does not affect Plaintiff's Labor Code section 2802 claim, or derivative claims.

Defendant disagrees with Plaintiff's position and believes that meal and rest period rules are not enforceable in light of *International Brotherhood*.  Defendant intends on filing a motion for summary adjudication regarding Plaintiff's meal and

1   rest break claims within the next few weeks.

2         The Parties are currently meeting and conferring regarding a possible stay of

3   the action, pending Defendant's motion for summary adjudication.  The parties

4   believe that a stay would:  (1) allow the Parties to focus their efforts on litigating

5   the motion for summary adjudication and addressing a key issue in the case before

6   delving into class action discovery; (2) avoid the expense and burden of

7   simultaneously litigating the motion for summary adjudication, completing class

8   certification discovery, and litigating Plaintiff's motion for class certification while

9   uncertain of the outcome of the motion; and (3) maximize judicial efficiency and

10  economy by not burdening the Court with discovery and class certification motions

11  related to the meal and rest period claims, which are subject to dismissal on the

12  motion for summary adjudication.

13        Plaintiff is generally agreeable to a stay of the action, but has requested

14  certain class certification discovery while the case is stayed, in order to prevent any

15  prejudice to Plaintiff and allow him to bring his motion for class certification

16  within a reasonable period after a decision on the proposed motion for summary

17  adjudication. Specifically, Plaintiff has requested that, if Defendant insists on

18  proceeding with a *Belaire-West* opt-out notice for the names and contact

19  information of the putative class members, that the Parties finalize the *Belaire-*

20  *West* notice and stipulation (and submit to the Court's approval) and proceed with

21  the administration process during the stay. Additionally, Plaintiff has requested

22  that, during any stay, Defendant provide Plaintiff with a true representative and

23  random sample of the wage statements for the putative class members.

24        Plaintiff believes that, should Defendant proceed with a motion for

25  protective order to halt discovery in the event that the case is not stayed pending a

26  decision on Defendant's proposed motion for summary adjudication, there would

27  be no proper basis for doing so, and such a motion serves only to prejudice

28  Plaintiff and prohibit Plaintiff from obtaining necessary class certification

discovery.

### B.   Defendant's Position

Midwest Construction Services, Inc. dba Trillium Construction/Drivers ("Defendant") is a Michigan-based company that provides temporary driving jobs to truck drivers in California with over 100 different transportation companies. Plaintiff was one such driver who was primarily placed with one transportation company transporting goods from the Port of Los Angeles to destinations in California.  Defendant placed Plaintiff in assignments from approximately February 2016 to approximately February 2019.

Defendant denies the allegations in Plaintiff's Complaint.  Specifically, Defendant contends that it properly paid Plaintiff and other truck drivers for all of the time that they worked, reimbursed them for any necessary business expenses, and provided compliant meal and rest breaks to the extent such breaks were required.

Of paramount importance to this report and to the management of this case overall is the fact that Plaintiff's claims are preempted by regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA").  On December 21, 2018, the FMCSA granted a petition for preemption, finding the California's meal and rest break requirements are preempted under 49 U.S.C. section 31141 as applied to property-carrying commercial vehicle drivers covered by the FMCSA's hours of service regulations.  The FMCSA's preemption decision was challenged and ultimately upheld by the Ninth Circuit on January 15, 2021, in *International Brotherhood*.  Defendant contends that, since all of the individuals that Defendant places in truck driving positions are covered by the FMCSA's hours of service regulations, the FMCSA's preemption determination is applicable to both the Plaintiff and the putative class that he seeks to represent.  Thus, Defendant contends that the scope, trajectory, and viability of this case largely hinge upon the issue of FMCSA preemption.

Defendant intends to file a motion for summary adjudication as to the meal and rest break claims (and derivative claims), on the grounds that these claims are preempted by federal law.  *See Nash v. Horizon Freight Systems, Inc.*, 2020 WL 4284820, *2 (N.D. Cal. Jul. 27, 2020) (granting summary judgment as to meal and rest break claims based on FMCSA preemption decision); *Henry v. Cent. Freight Lines, Inc.*, 2019 WL 2465330, at *4 (E.D. Cal. Jun. 13, 2019) (granting in part and denying in part motion for summary judgment on the grounds that meal and rest break claims were preempted by the FMCSA preemption decision); *Ayala v. U.S. Xpress Enterprises, Inc.*, 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019) (granting motion for partial summary judgment based on FMCSA preemption decision).

Defendant's position is that, in light of the *International Brotherhood* decision, the meal and rest period claims should be dismissed from the case.  Plaintiff is taking the position that the decision cannot be applied "retroactively," but Defendant believes there is no "retroactivity" issue.  Instead, the FMCSA determined that the meal and rest break rules cannot be enforced in California, which the Ninth Circuit affirmed, meaning simply California's meal and rest break rules are not enforceable.

If necessary, Defendant also intends to file a motion for a protective order to halt all discovery until after the Court decides the motion for summary adjudication.  Defendant believes that the motion for summary adjudication should be heard first before the parties engage in expensive, time consuming, and burdensome discovery related to potential meal and rest period class action claims that may be dismissed as a result of the motion for summary adjudication.

Because the parties disagree on the scope of the *International Brotherhood* decision and on the viability of the meal and rest period claims, as well as the scope and timing of discovery, Defendant believes that the case should be stayed until the Court decides whether these claims should be dismissed as a matter of

course as a result of the *International Brotherhood* decision.  Defendant believes this issue will have a significant impact on the scope of Plaintiff's claims, the discovery, class certification, and the litigation in this case.

If Plaintiff's claims make it past a motion for summary adjudication and the claims cannot be resolved informally, Defendant will oppose class certification. Defendant will challenge the adequacy of Plaintiff given his unique position and the limited routes he drove.  Defendant will also argue that there are a lack of common wage and hour policies and practices for over 1,000 temporary drivers working for over 100 hundred different clients on numerous different routes and assignments such that common issues do not predominate over a plethora of individualized liability and factual issues.  Defendant will also argue that a class action is not superior to other available methods for fairly and efficiently adjudicating this controversy.  Furthermore, Defendant will argue that Plaintiff cannot present a manageable trial plan to adjudicate the class or representative claims in a way that satisfies due process concerns and Defendant's right to present defenses to the claims at issue.

## III.   DISPUTED POINTS OF LAW

### A.   Plaintiff's Position

Plaintiff contends that the disputed legal issues include:

1. Whether Defendant provided Plaintiff and the putative Class with legally-compliant meal periods, or premium payments in lieu thereof in accordance with California Labor Code §§ 226.7 and 512, and the wage orders;

2. Whether Defendant provided Plaintiff and the putative Class with legally-compliant rest periods, or premium payments in lieu thereof in accordance with California Labor Code § 226.7, and the wage orders;

3. Whether Defendant failed to pay Plaintiff and the putative Class for all hours worked, including minimum wages, in accordance with

California Labor Code §§ 1194 and 1197;

4.   Whether Defendant paid Plaintiff and the putative Class for all unpaid hours worked, including overtime compensation in accordance with California Labor Code §§ 510, 1194, and 1198, and the wage orders;

5.   Whether Defendant paid Plaintiff and the putative Class all wages earned at the time that their employment separated in accordance with California Labor Code §§ 200-203;

6.   Whether Defendant failed to fully indemnify Plaintiff and the putative Class for their business-related expenses incurred in discharge of their work duties in accordance with California Labor Code § 2802;

7.   Whether Defendant violated the Unfair Competition Law of California, Business & Professions Code § 17200, *et seq.*, by violating the above-cited provisions;

8.   Whether Plaintiff and the putative Class sustained damages and, if so, the proper measure of damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

9.   Whether the FMCSA's December 2018 determination is retroactive;

This list is preliminary and not exclusive. Plaintiff anticipates that more issues will be identified as this matter progresses.

**B.    Defendant's Position**

Defendant contends that the paramount foundational issue that must be decided first is whether Plaintiff's meal and rest break claims (and claims derivative of those two claims) are completely preempted by federal law. Defendant disagrees with Plaintiff's position and believes there is no "retroactivity" issue with respect to FMCSA preemption.  Instead, the FMCSA determined that the meal and rest break rules cannot be enforced in California, which the Ninth Circuit affirmed, meaning simply California's meal and rest break rules are not enforceable.  As such, Defendant intends to file a motion for summary

1  adjudication to dismiss the meal and rest break claims (and derivative claims)

2  based on the FMCSA's preemption decision.

3  Because Plaintiff is taking the position that the FMCSA's preemption

4  decision cannot be applied "retroactively," Defendant believes that the case should

5  be stayed until this Court determines whether these claims should be dismissed as a

6  matter of course as a result of the *International Brotherhood* decision.  Defendant

7  believes that this case should be stayed pending such a decision because this issue

8  will have a significant impact on the scope of Plaintiff's claims, the discovery,

9  class certification, and the litigation in this case.

10  Beyond preemption, Defendant also contends that there is a legal dispute as

11  to whether Plaintiff can satisfy the requirements of Rule 23 and due process to

12  represent a class or representative group of employees in this litigation.  And

13  beyond certification, Defendant agrees generally with the liability issues Plaintiff

14  has outlined above, while denying liability on each of those issues.

15  **IV.    PRIOR, PENDING, AND ANTICIPATED MOTIONS**

16  **A.    Prior Motions**

17  As set forth above, Plaintiff filed his Motion to Remand on March 12, 2021,

18  which this Court denied on April 9, 2021. (Dkt. 46).

19  **B.    Plaintiff's Anticipated Motions**

20  Plaintiff anticipates filing a motion for class certification. Plaintiff may also

21  file a motion for summary judgment and/or summary adjudication.

22  **C.    Defendant's Anticipated Motions**

23  Defendant anticipates filing a motion for summary judgment/adjudication on

24  the FMCSA preemption issue.  *See Nash v. Horizon Freight Systems, Inc.*, 2020

25  WL 4284820, *2 (N.D. Cal. Jul. 27, 2020) (granting summary judgment as to meal

26  and rest break claims based on FMCSA preemption decision); *Henry v. Cent.*

27  *Freight Lines, Inc.*, 2019 WL 2465330, at *4 (E.D. Cal. Jun. 13, 2019) (granting in

28  part and denying in part motion for summary judgment on the grounds that meal

and rest break claims were preempted by the FMCSA preemption decision); *Ayala v. U.S. Xpress Enterprises, Inc.*, 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019) (granting motion for partial summary judgment based on FMCSA preemption decision).

If this case gets past the preemption issue, Defendant will consider other potential motions including potentially a motion for summary judgment or adjudication on dispositive issues, a motion to deny class certification or to decertify the class, and a motion challenging trial manageability of any class or representative claims.

## V.   ADDITIONAL PARTIES, CLAIMS, OR DEFENSES

Plaintiff does not anticipate on adding parties or other claims at this time. Plaintiff reserves the right to seek leave to amend the pleadings as litigation progresses.

## VI.   INITIAL DISCLOSURES

The Parties served their Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(C), on November 15, 2019. The Parties exchanged a list of potential witnesses and relevant documents.

## VII.   DISCOVERY

### A.   Plaintiff's Position

#### 1. Discovery Taken to Date

On November 4, 2019, Plaintiff propounded his Special Interrogatories, Set One and Request for Production of Documents, Set One. Plaintiff also served a notice for the deposition of Defendant's Person(s) Most Knowledgeable. In light of the stay of the action, the Parties agreed that Defendant's responses to the written discovery would be due after the Parties attended private mediation. Defendant provided Plaintiff with informal discovery and data points in preparation for the mediation, which included various relevant company policies and procedures, and sample pay and time data. The Parties were unable to reach a resolution. (Dkt. 32).

After the Ninth Circuit issued its decision in *International Teamsters*, Plaintiff's counsel met and conferred with Defendant's counsel to reset the date for when Defendant's discovery responses would be due. On March 16, 2021, Defendant served its responses to the first sets of Special Interrogatories and Request for Production of Documents, including document production. In light of responses that Plaintiff contends were incomplete, deficient, evasive, and/or failure to provide substantive responses, as well as incomplete document production, on April 12, 2021, Plaintiff's counsel sent a meet and confer letter to defense counsel regarding Defendant's responses and objections, including Defendant's refusal to provide the names and contact information for the putative class members, as well as providing a true representative and random sample of the wage statements, time records, and other employee records for the putative class members. Plaintiff's counsel has requested that Defendant provide supplemental responses and document production by April 26, 2021. However, if this action is stayed pending a decision on Defendant's impending motion for summary adjudication, in the interests of judicial efficiency and economy, Plaintiff is agreeable to hold off on supplemental responses and document production about certain class certification discovery until after a decision is made on Defendant's motion. However, Plaintiff has requested that, as a condition to a stay, and to ensure that Plaintiff is not prejudiced in bringing his class certification motion after the stay is lifted, that during the stay, Defendant provide Plaintiff with certain additional class certification discovery, as set forth above in Section II.A.

### 2.    Scope of Anticipated Additional Discovery

Plaintiff anticipates engaging in the following additional discovery:

- Requests for admissions;
- Additional Requests for production (as necessary);
- Additional Interrogatories (as necessary);

- Putative class members contact information (still pending). In light of decisions by courts in this district and other district in the Ninth Circuit, Plaintiff does not believe that a *Belaire-West* opt-out notice process is required or the names and contact information of the putative class members. *Romero v. Select Employment Services, Inc.*, 2020 WL 2084967, *3-4 (C.D. Cal. Mar. 31, 2020)*; *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 288 (S.D. Cal. Aug. 17, 2018)*; *Austin v. Foodliner, Inc.*, 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018)*; *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *5 (N.D. Cal. Feb. 25, 2016)*. However, to the extent that Defendant insists on proceeding with a *Belaire-West* administration, Plaintiff contends that, in order to avoid prejudice to Plaintiff, any class certification briefing schedule must take into account the period for completing the *Belaire-West* administration, which is usually approximately 60 days after the finalization of the notice and stipulation. Further, Plaintiff disagrees with Defendant's position that Plaintiff should not be entitled to putative class contact information until after a decision on Defendant's motion for summary adjudication, a decision on Plaintiff's motion for class certification, and/or Plaintiff's deposition. Such precertification discovery is routinely permissible. *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)*; *Guzman v. Chipotle Mexican Grill, Inc.*, 2018 WL 6092730, at *2 (N.D. Cal. Nov. 21, 2018)*; *Arredondo v. Sw. & Pac. Specialty Fin., Inc.*, 2019 WL 6128657, at *2-3 (E.D. Cal. Nov. 19, 2019)*; *Harris v. Best Buy Stores, L.P.*, 2017 WL 3948397, at *3 (N.D. Cal. Sept. 8, 2017)*; *Bell v. Delta Air Lines, Inc.*, 2014 WL 985829, at *3 (N.D. Cal. Mar. 7, 2014)*; *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011)*; *Putman v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D.

Cal. 2007); *Weigele v. FedEx Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007);

- Depositions of Defendant's Rule 30(b)(6) designees (still pending);
- Depositions of Defendant and other individuals identified through investigation and/or Defendant's discovery responses;
- Depositions of percipient witnesses;
- Depositions of Defendant's managers, trainers, human resources employees, and other corporate-level employees;
- In addition, Plaintiff anticipates deposing individuals who submit declarations in support of Defendant's opposition to Plaintiff's motion for class certification. If Defendant files a motion for summary judgment, Plaintiff will also seek to depose any individuals submitting declarations in support thereof; and
- Expert discovery.

### 3.    Proposed Limitations or Modifications of the Discovery Rules

At this time, Plaintiff does not anticipate the need for any proposed limitations or modifications of the discovery rules. Should Plaintiff seek leave to expand the number of depositions and/or seek to expand the number of interrogatories beyond 25, Plaintiff will meet and confer with Defendant regarding conduct such additional discovery.

### 4.    Discovery Plan

Plaintiff proposes to stage discovery so that his initial rounds of discovery are focused upon issues related to class certification. However, Plaintiff does not believe that it is appropriate to bifurcate discovery in a manner which would preclude all discovery regarding liability issues prior to class certification because, in the experience of Plaintiff's counsel, there is certain discovery which necessarily must be conducted prior to class certification which may relate in part to the merits

of the claims being asserted. While Plaintiff does not intend to conduct discovery on class-wide damages prior to certification, Plaintiff should not be restricted from conducting discovery addressing liability issues that are central to establishing the predominance of common issues with respect to elements of Plaintiff's claims for relief.  See Fed. R. Civ. P. 23(c)(1)(A) Advisory Committee's note: "Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making a class certification decision on an informed basis."

As set forth above, the Parties are meeting and conferring regarding staying this action pending a decision on Defendant's impending motion for summary adjudication. As such, it may be premature to set discovery deadlines until after a decision on Defendant's motion for summary adjudication. However, notwithstanding Plaintiff's position, Plaintiff proposes two alternate schedules for class certification and fact discovery deadlines, depending on whether the action is stayed pending Defendant's proposed motion for summary adjudication. *See* Section XI.A.

Plaintiff is unaware of any issues regarding disclosure, discovery, or preservation of electronically stored information. Plaintiff is also unaware of any issues that may affect claims of privilege or protection as trial-preparation materials.

### B.    Defendant's Position

#### 1.    Discovery Status

To date, Plaintiff has served extensive written discovery.  Plaintiff has served one set of requests for production of documents (79 requests) and one set of special interrogatories (20 interrogatories).  Defendant has provided objections and

responses to Plaintiff's written discovery requests.  The parties are currently meeting and conferring regarding Defendant's responses to Plaintiff's written discovery requests.  Plaintiff has also served a deposition notice for Defendant's person most knowledgeable on 27 different topics.  That deposition has not yet been re-scheduled.

### 2. Defendant's Anticipated Discovery

Defendant anticipates engaging in the following discovery:

- Requests for admissions;
- Requests for production
- Interrogatories;
- Deposition of Plaintiff;
- Depositions of putative class members that submit testimony in support of Plaintiff's motion for class certification;
- Depositions of other individuals identified through investigation and/or Plaintiff's discovery responses;
- Depositions of percipient witnesses;
- If Plaintiff files a motion for summary judgment/adjudication, Plaintiff will also seek to depose any individuals submitting declarations in support thereof; and
- Expert discovery.

### 3. Proposed Limitations or Modifications of the Discovery Rules

Defendant believes that discovery should be conducted in phases, with the first phase including reasonable and proportional discovery of class certification issues, and the second phase including discovery of liability and damages issues.

Defendant does not believe that Plaintiff should be entitled to the contact information for all putative class members until after Defendant's motion for summary adjudication on the preemption issue has been decided.  Thereafter,

Defendant may oppose such discovery (and other class discovery) based on the privacy rights of the putative class members involved and the inability of Plaintiff to substantiate his class allegations and/or make out a prima facie case of the class certification elements.  At minimum, Plaintiff should be deposed before class contact information is provided to determine what class he has standing to represent (if any), whether he is an adequate representative, and whether his claims are typical of the putative class of over 1,000 temporary drivers he seeks to represent.  If class discovery proceeds, the parties should engage in sampling given that most, if not all, of the time records at issue are in handwritten/hardcopy form.

If it becomes necessary to expand the number of depositions or the number of interrogatories (for example, due to declarations that Plaintiff files in support of his motion for class certification), Defendant will meet and confer with Plaintiff regarding conducting such additional discovery.

### 4.     Discovery Plan

Defendant believes that discovery should be initially stayed until after Defendant's motion for summary adjudication is decided.  Thereafter, discovery should be bifurcated into phases (discovery of class certification issues in the first phase and discovery of liability and damages issues in the second phase).  In addition, Defendant believes that Plaintiff's deposition should proceed before any expensive and burdensome class discovery for the reasons stated above. Moreover, Defendant believes the parties should agree to reasonable and proportional discovery given the size and diversity of the class at issue, including a sample of time records, which are in hard copy form.

Defendant is unaware of any issues regarding disclosure, discovery, or preservation of electronically stored information.  Defendant is also unaware of any issues that may affect claims of privilege or protection as trial-preparation materials.

/ / /

## VIII.  RELATED CASES

The Parties are aware of another class action case currently pending in the Eastern District of California.   The case is *Virginia Samuels v. Midwest Construction Services, Inc. et al*, Case Number 2:20-cv-00460, currently pending before the Honorable Judge William Shubb, and alleges four claims: (1) failure to provide meal periods; (2) failure to authorize and permit rest breaks; (3) failure to indemnify necessary business expenses; and (4) unfair business practices.

## IX.   RELIEF AND DAMAGES SOUGHT

### A.   <u>Plaintiff's Position</u>

Plaintiff requests the following relief:

- Awarding compensatory damages;
- Awarding waiting time penalties pursuant to Labor Code §§ 201-203;
- Awarding penalties pursuant to Labor Code §§ 1194, 1194.2, 1197.1;
- Awarding liquidated damages pursuant to Labor Code § 1194.2
- Awarding restitution of all monies due to Plaintiff and members of the putative class, and disgorged profits from the unlawful business practices of Defendant;
- Awarding interest accrued to date;
- Awarding costs of suit and expenses incurred by Plaintiff in filing this action;
- Awarding reasonable attorneys' fees incurred by Plaintiff in filing this action;
- Such further relief as this Court deems proper.

Plaintiff intends to calculate damages based on the pay records and time records of the putative Class. Plaintiff is not in possession of a representative sample of the pay and time records of the putative Class and, is therefore unable to calculate damages at this time.

/ / /

**B.      Defendant's Position**

Defendant contends that Plaintiff is not entitled to any of the relief that he seeks, either on his own behalf or on behalf of the putative class or representative group he seeks to represent.

## X.      CERTIFICATION AS TO INTERESTED PARTIES OR PERSONS

Plaintiff submitted his Certification as to Interested Parties on October 14, 2019 (Dkt. 15). The interested parties include:

1.      Plaintiff Bryant Patton;

2.      Putative Class Members;

3.      Defendant Midwest Construction Services, Inc. dba Trillium Construction/Drivers

Defendant submitted its Certification and Notice of Interested Parties on October 4, 2019 (Dkt. 4).  The interested parties include:

1.      Plaintiff Bryant Patton

2.      Defendant Midwest Construction Services, Inc. dba Trillium Construction/Drivers

## XI.      PROPOSED DATES FOR COMPLETION OF DISCOVERY, PRETRIAL CONFERENCE, AND TRIAL DATE

As set forth above, in light of the Parties' meeting and conferring on possibly staying this action until a resolution on Defendant's intended motion for summary adjudication, setting any discovery or trial deadlines may be premature at this time. Notwithstanding, the Parties propose the schedule below:

| Event | Date |
|---|---|
| Filing Deadline for Plaintiff's Motion for Class Certification | 7 months after MSA decision |
| Filing Deadline for Defendant's Opposition to Plaintiff's Motion for Class Certification | 8 months after MSA decision |

| Filing Deadline for Reply re Class Certification | 9 months after MSA decision |
|---|---|
| Hearing on Motion for Class Certification | 14 days after filing of reply brief |
| Completion of Class Discovery | 9 months after MSA decision |
| Completion of all other Fact Discovery | 14 months after MSA decision |
| Hearing of Motions | 15 months after MSA decision |
| Pre-trial Conference | 17 months after MSA decision |
| Trial | 18 months after MSA decision |

If the Court is not inclined to grant a brief stay until after the Court decides Defendant's motion for summary adjudication, then the Parties request an opportunity to further meet and confer on an alternative schedule.

## XII.   TRIAL ESTIMATE

Plaintiff seeks a jury trial of the claims asserted in this matter. The length of trial will depend on whether this case proceeds to trial as a class action. If the class is certified, Plaintiff anticipates that trial will last approximately 15-20 days. If the class is not certified, Plaintiff anticipates that trial will last 5-7 days.

Defendant agrees with Plaintiff's trial estimates at this time, although much will depend on the outcome of Defendant's motion for summary adjudication, Plaintiff's motion for class certification, and the size and scope of any potential class.

## XIII.  SETTLEMENT EFFORTS AND ALTERNATIVE DISPUTE RESOLUTION

As ordered by the Court, on May 27, 2020, and via Zoom videoconference, the Parties engaged in private mediation with mediator, Francis "Tripper" Ortman, Esq., of Ortman Mediation. The Parties were unable to reach a settlement of this action at the conclusion of the mediation. While Plaintiff remains open to continue discussing possible resolution of this case, Plaintiff believes that such discussions may be more effective after a decision on Defendant's MSA and/or a decision on Plaintiff's motion for class certification.

Defendant also remains open to continue discussing possible resolution of the case, and agrees that such discussions may be more effective after a decision on Defendant's motion for summary adjudication on the issue of FMCSA preemption.

## XIV.  MANUAL ON COMPLEX LITIGATION

The Parties do not believe that the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation.

## XV.  DISPOSITIVE MOTIONS

Plaintiff may file a motion for summary judgment and/or motion for summary adjudication.

Defendant will be filing a motion for summary adjudication as to whether Plaintiff's meal and rest break claims (and derivative claims) are preempted by federal law pursuant to the FMCSA's preemption decision.

## XVI.  UNUSUAL LEGAL ISSUES

The only potential "unusual legal issue" that Plaintiff anticipates is whether the FMCSA's December 20, 2018 decision is retroactive. It is Plaintiff's position that the FMCSA decision is not retroactive.

Defendant believes that Plaintiff's meal and rest period claims should be dismissed due to the FMCSA's decision that California's meal and rest break requirements are preempted by federal law as discussed above.

## XVII. PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF

Plaintiff does not believe that severance, bifurcation, or other ordering of proof is necessary or appropriate.

Defendant believes that liability and damages issues should be bifurcated at the time of trial.

## XVIII.    LEAD TRIAL COUNSEL

Plaintiff's Lead Trial Counsel, Stanley D. Saltzman, confirms that he is registered as an ECF User and his E-Mail Address of Record is

ssaltzman@marlinsaltzman.com (Dkt. 12).

Defendant's Lead Trial Counsel, Brandon R. McKelvey, is registered as an ECF user and his E-Mail Address of Record is brandon@medinamckelvey.com (Dkt. 13).

Dated: April 19, 2021                     **MARLIN & SALTZMAN, LLP**
                                          **TOJARIEH LAW FIRM, PC**


                                          By:   /s/ Tatiana G. Avakian
                                                   Stanley D. Saltzman, Esq.
                                                   Tatiana G. Avakian, Esq.
                                                   Attorneys for Plaintiff and the
                                                   Class


Dated:  April 19, 2021                    **MEDINA McKELVEY LLP**


                                          By:   /s/ Timothy B. Nelson
                                                   Brandon R. McKelvey, Esq.
                                                   Timothy B. Nelson, Esq.
                                                   Kyle W. Owen, Esq.
                                                   Attorneys for Defendant
                                                   MIDWEST CONSTRUCTION
                                                   SERVICES, INC. dba TRILLIUM
                                                   CONSTRUCTION/DRIVERS

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4, I, Tatiana G. Avakian, hereby attest that all other signatories to this Joint Report, and on whose behalf it is submitted, concur in its content and have authorized its filing.

Dated:  April 19, 2021                    **MARLIN & SALTZMAN, LLP**
                                          **TOJARIEH LAW FIRM, PC**


                                          By:   /s/ Tatiana G. Avakian
                                                Stanley D. Saltzman, Esq.
                                                Tatiana G. Avakian, Esq.
                                                Attorneys for Plaintiff and the
                                                Class

## <u>CERTIFICATE OF SERVICE</u>

I, Tatiana G. Avakian, an attorney, certify that I caused the foregoing document to be served on all counsel of record in this action via the Court's CM/ECF system on April 19, 2021.


By:   */s/ Tatiana G. Avakian* _____
Tatiana G. Avakian, Esq.
*Attorney for Plaintiff and the putative Class*