**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman (SBN 90058)
ssaltzman@marlinsaltzman.com
Tatiana G. Avakian (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**TOJARIEH LAW FIRM, PC**
Joseph Tojarieh, Esq. (SBN 265492)
jft@tojariehlaw.com
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone: (310) 553-5533
Facsimile: (310) 553-5536

*Attorneys for Plaintiff Bryant Patton, individually, and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:19-cv-08580-JFW-MAA<br><br><u>CLASS ACTION</u><br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: June 14, 2021<br>Time: 1:30 p.m.<br>Courtroom: 7A<br><br>Date Action Filed: August 14, 2019<br>Trial Date: May 24, 2022 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. BACKGROUND ................................................................................. 3

    A. The FMCSA in 2008 Rejects Preemption of California's Break Laws. ........................................................................ 3

    B. The Industry Unsuccessfully Turns to the Courts. ........................ 3

    C. The FMCSA Flips Its Position on Preemption. ............................ 4

    D. After Initially Deeming its Preemption Decision Non-Retroactive, the Agency Flips on That Too. ................................. 5

III. ARGUMENT ..................................................................................... 6

    A. The FMCSA's Preemption Decision Applies Only Prospectively. ................................................................................. 6

    B. The FMCSA's Authority to Preempt Plaintiff's Right to "Enforce" California Law Does Not Give it Authority to Do So Retroactively. ......................................................................... 9

    C. Applying the FMCSA's Determination Retroactively Violates Plaintiff's Due Process Rights. ....................................... 11

    D. Because the FMCSA Determination Applies Prospectively Only, Plaintiff's Derivative Claims and Class Allegations for the Period Prior to December 21, 2018 Should Not Be Dismissed. .................................................. 13

IV. CONCLUSION ................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Ayala v. U.S Xpress Enterprises, Inc.*,
  2019 WL 1986760 (C.D. Cal. 2019) ........................................................................ 9

*Beaver v. Tarsadia Hotels, Corp.*,
  816 F.3d 1170 (9th Cir. 2016) .............................................................................. 11

*Bowen v. Georgetown Univ. Hosp.*,
  488 U.S. 204 (1988) ..................................................................................... passim

*Dilts v. Penske Logistics, LLC*,
  769 F.3d 637 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 2049 (2015) ...................... 4

*Ditullio v. Boehm*,
  662 F.3d 1091 (9th Cir. 2011) ................................................................................ 8

*Eastern Enterprises v. Apfel*,
  524 U.S. 498 (1998) .............................................................................................. 12

*Gadda v. State Bar of California*
  511 F.3d 933 (9th Cir. 2007) ................................................................................ 10

*Hughes Aircraft Co. v. United States ex rel. Schumer*,
  520 U.S. 939 (1997) ......................................................................................... 1, 10

*INS v. St. Cyr*,
  533 U.S. 289 (2001) .................................................................................... 7, 8, 11

*Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*,
  986 F.3d 841 (9th Cir. 2021) .................................................................... 1, 5, 7, 8

*Iskanian v. CLS Transportation Los Angeles, LLC*,
  59 Cal.4th 348 (2014) ............................................................................................ 7

*Koch v. Sec. & Exch. Comm'n*,
  793 F.3d 147 (D.C. Cir. 2015) ............................................................................. 10

*Landgraf v. USI Film Prods.*,
  511 U.S. 244 (1994) ......................................................................................... 6, 11

*Mabary v. Home Town Bank, N.A.*,
  771 F.3d 820 (5th Cir. 2014) ................................................................................ 11

*Michael Ryan v. JBS Carriers, Inc.*,
  Case No. BC624401 (Los Angeles Sup. Ct., July 18, 2019) ................................. 9

*North v. Superior Hauling and Fast Transit, Inc.*,
  No. 18-cv-2564, 2019 WL 6792816 (C.D. Cal. 2019) ............................... 7, 9, 11

*Sacks v. S.E.C.*,
  635 F.3d 1121 (9th Cir. 2011) ............................................................................... 6

*Scott v. Boos,*
  215 F.3d 940 (9th Cir. 2000) ............................................................................... 10

*TwoRivers v. Lewis,*
  174 F.3d 987 (9th Cir. 1999) ............................................................................... 11

*United States v. Bacon*,
  82 F.3d 822 (9th Cir. 1996) ................................................................................. 10

*United States v. Trident Seafoods Corp.*,
  60 F.3d 556 (9th Cir. 1995) ................................................................................... 8

*Valiente v. Swift Transportation Co.*,
  2021 WL 1799808 (C.D. Cal. Apr. 5, 2021)………………………………….. 2

*Valiente v. Swift Transportation Co.*,
  Case No. 21-55456 (9th Cir., 2021) ................................................................. 2, 6

**Statutes**

49 U.S.C. § 14501(c)(1) ............................................................................................ 4

49 U.S.C. § 31141(a) ................................................................................... 1, 3, 7, 10

49 U.S.C. § 41131 .................................................................................................... 12

**Other Authorities**

*California's Meal and Rest Break Rules for Commercial Motor Vehicle
  Drivers; Petition for Determination of Preemption*,
  83 Fed. Reg. 67470 (Dec. 2018) ........................................................................ 4, 8

*Petition for Preemption of California Regulations on Meal
  Breaks and Rest Breaks for Commercial Motor Vehicle Drivers*,
  73 Fed. Reg. 79204 (Dec. 24, 2008) ..................................................................... 3

*See* FMCSA, *Legal Opinion of the Office of the Chief Counsel*
  (Mar. 22, 2019) .................................................................................................. 5, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant devotes almost its entire motion to the wrong issue,[1] skirting the <u>principal issue</u> which still remains relating to Plaintiff's meal and rest break claims, that being: **can the Federal Motor Carrier Safety Administration's ("FMCSA") December 21, 2018 Determination preempting California break laws apply retroactively?** Based on fundamental principles presuming *against* retroactivity, it cannot.

Our Supreme Court has held that "[r]etroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Courts routinely apply this time-honored presumption against retroactivity, unless Congress has clearly manifested its intent to the contrary. *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 946 (1997); *Bowen* 488 U.S. at 208 ("congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."). Here, neither Congress's grant of preemption authority, under 49 U.S.C. § 31141 (a), nor the 2018 determination, indicate any intent to retroactively preempt California's historic police powers to enforce wage-and-hour laws.

Nor would due process permit the retroactive application of the 2018 determination, where for the 10 years preceding, the FMCSA concluded that California's meal and rest break laws were <u>not</u> preempted by federal regulations.

---

[1] Defendant confusingly spends most of its motion on the issue of whether Plaintiff's meal and rest break claims are preempted, relying on the Ninth Circuit's decision in *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021). In his opposition, Plaintiff is not disputing the issue of preemption for the period of **December 21, 2018 to the present**. Instead, Plaintiff's opposition focuses on the central issue stated above, and restated here, which was the only issue on which the Parties' met and conferred prior to Defendant filing its motion [*See* Dkt. 52]): whether the FMCSA's 2018 determination can retroactively apply to Plaintiff's meal and rest break claims (for the period **up to and including December 20, 2018**).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Up until December 21, 2018, therefore, commercial truck drivers performing work in California were entitled to receive meal and rest breaks according to California's laws. Retroactive application of the FMCSA's unexpected agency determination change in the law, therefore, would deny Plaintiff and the putative Class of their vested interests in their California meal and rest break claims for the time period preceding the December 21, 2018 determination. This Court, therefore, must not depart from longstanding principles presuming against retroactivity, and must deny Defendant's motion as it relates to the issue of retroactivity.

Defendant fails to point to any language supporting Congressional intent for the FMCSA's preemption decisions to be applied retroactively. In fact, Defendant fails to address the retroactivity analysis at all, other than to generally state that the issue is one of "enforcement" rather than "retroactivity." Defendant has failed to cite to any authority, or provide any explanation, in support of its position that *no longer* enforcing California's break laws suggests anything other than *prospective* application of the FMCSA's 2018 determination.

Significantly, whether the FMCSA's December 21, 2018 determination can be applied retroactively is the central issue pending before the Ninth Circuit in *Valiente v. Swift Transportation Co.*, Case No. 21-55456 (9th Cir., May 5, 2021)[2] (*See* RJN, **Ex. C**, p. 2). Therefore, and for the reasons stated below, this Court should deny Defendant's motion as to the question of retroactivity, or in the alternative, it should deny Defendant's motion without prejudice, in light of the pending decision in *Valiente*.

/ / /

/ / /

---

[2] Defendant's motion relies heavily on the district court opinion, *Valiente v. Swift Transportation Co.*, 2021 WL 1799808 (C.D. Cal. Apr. 5, 2021) . (Dkt. 53-1). Critically, however, Defendant's MSJ fails to advise the Court of the pending appeal before the Ninth Circuit.

## II.  BACKGROUND

**A. The FMCSA in 2008 Rejects Preemption of California's Break Laws.**

The Motor Vehicle Safety Act provides that a state "may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides … may not be enforced." 49 U.S.C.A. § 31141(a). In 2008, a group of trucking companies filed a petition with the FMCSA seeking preemption of California's meal-and-rest-break laws under the Act. *See Petition for Preemption of California Regulations on Meal Breaks and Rest Breaks for Commercial Motor Vehicle Drivers*, 73 Fed. Reg. 79204, 79204 (Dec. 24, 2008) ("*2008 Petition for Preemption*") (*See* Plaintiff's Request for Judicial Notice ("RJN"), **Ex. A**). The FMCSA rejected the petition. It determined that the Secretary of Transportation "has no authority" to preempt California's meal-and-rest-break rules "[b]ecause these rules are in no sense regulations 'on commercial motor vehicle safety,'" and so "are not subject to preemption under 49 U.S.C. § 31141." *Id.* at 79206.

The agency did not think that the question was particularly close. It found that, far from being directed at motor-vehicle safety, the meal-and-rest-break rules "are simply one part of California's comprehensive regulations governing wages, hours and working conditions." *2008 Petition for Preemption*, 73 Fed. Reg. at 79206. Further, the agency rejected the argument that it "has power to preempt any state law or regulation that regulates or affects any matters within the agency's broad Congressional grant of authority." *Id.* That "far-reaching argument," the agency explained, finds no support in either the "statutory language or legislative history," and would expose "any number of State laws" to unintended preemption. *Id.*

**B. The Industry Unsuccessfully Turns to the Courts.**

After the FMCSA's 2008 decision, the trucking industry focused its quest

3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

for preemption on the courts. This time, it contended that California's meal-and-rest-break rules were preempted by statute—the express preemption provision contained in the Federal Aviation Administration Authorization Act of 1994 (or FAAAA). *See* 49 U.S.C. § 14501(c)(1) ("States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier."). This argument failed as well, both in the Ninth Circuit and in the Supreme Court. *See Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 2049 (2015).

In the course of the *Dilts* litigation, the United States in 2014 filed a brief in the Ninth Circuit (signed by the U.S. Department of Justice, the U.S. Department of Transportation, and the FMCSA) making clear that "[t]he agency continues to adhere to [its] view" that California's meal-and-rest-break rules may not be preempted under section 31141 because they are not "specifically directed at commercial motor vehicle safety," but are instead "of general applicability." ECF No. 58 in *Dilts*, No. 12–55707 (9th Cir.), filed Feb. 18, 2014, at 26–27. The government asked this Court to defer to the agency's considered position on this question. *Id.*

**C. The FMCSA Flips Its Position on Preemption.**

A few years later, and following a change in administration, the industry returned to the FMCSA to ask the agency to reverse the position it had held for the past decade and which it had recently urged the courts to afford deference. This time, the effort was successful. On December 28, 2018—in a clear break from the position it had announced in 2008 and for which it sought deference in 2014—the FMCSA reversed itself and decided to preempt California's meal-and-rest break rules. *See California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption*, 83 Fed. Reg. 67470, 67480 (Dec. 28, 2018) (*See* Ex. 1 to Defendant's RJN). This decision was based on the

4

agency's discretionary authority to issue preemption determinations under 49 U.S.C. § 31141 (the same authority it had rejected in 2008 as a valid basis of preemption). The agency did not purport to preempt state law on a retroactive basis, providing only that the law would "no longer" apply to commercial motor vehicle drivers covered by the agency's hours-of-service rules. *Id.*

### D. After Initially Deeming its Preemption Decision Non-Retroactive, the Agency Flips on That Too.

In line with the strong presumption against an agency's authority to promulgate retroactive rules, *see Bowen*, 488 U.S. at 208 (1988), the FMCSA initially considered its preemption decision to be prospective only. In response to an inquiry concerning the decision, the agency's deputy chief counsel wrote in a January 7, 2019, email that the "determination does not have retroactive effect." *See* FMCSA, *Legal Opinion of the Office of the Chief Counsel* (Mar. 22, 2019) (*See* RJN, **Ex. B**, at 2).

But just a few months later, bowing again to industry pressure, the FMCSA changed its mind on this question too. The agency issued a memorandum in the form of a "legal opinion" signed by the same deputy chief counsel who had only two months earlier deemed the rule non-retroactive. RJN, **Ex. B**, at 1, 4. In it, agency counsel argued that "an FMCSA preemption decision under Section 31141 precludes courts from granting relief pursuant to the preempted State law or regulation at any time following issuance of the decision, regardless of whether the conduct underlying the lawsuit occurred before or after the decision was issued, and regardless of whether the lawsuit was filed before or after the decision." *Id.* at 4.

Earlier this year, the Ninth Circuit upheld the FMCSA's decision to preempt California's break laws. *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021). The court specifically declined to

5
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

address, however, agency counsel's legal memorandum on retroactivity because the opinion "was not part of the preemption determination on review, ...nor was it final agency action." *Id.* at 858 n.5.

The issue of whether the FMCSA's decision can be applied retroactively is currently on appeal before the Ninth Circuit. *See Valiente v. Swift Transportation Co.*, Case No. 21-55456 (9th Cir., May 5, 2021). (*See* RJN, **Ex. C**, p. 2 – "The Ninth Circuit's decision left open the question of whether the December 21, 2018 determination applies to claims arising before its issuance. Plaintiffs contend that the trial court erred by holding that it does, which is the **central issue** of this appeal.") (emphasis added). As such, it is premature to render a ruling on Defendant's motion until *after* the Ninth Circuit has issued its decision in *Valiente* on the retroactivity issue.

## III. ARGUMENT

### A. The FMCSA's Preemption Decision Applies Only Prospectively.

Defendant's argument that the FMCSA retroactively preempted California's meal-and-rest-break laws contravenes the "presumption against retroactive legislation"—a rule "deeply rooted in our jurisprudence." *Sacks v. S.E.C.*, 635 F.3d 1121, 1126 (9th Cir. 2011) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994)). Courts will "only apply a statute or regulation retroactively if there is 'clear congressional intent' that it should be applied retroactively." *Id.* Likewise, and more to the point, an agency's grant of rulemaking authority will not be "understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms." *Bowen*, 488 U.S. at 208. Given the presumption against preemption and the important interests of state sovereignty at stake, no court should lightly assume that Congress intended to give unelected

bureaucrats the power to retroactively wipe out generally applicable state laws[3]—in this case, workplace meal and rest break protections which have been in place for a century.

"[C]ases where this Court has found truly 'retroactive' effect authorized by statute have involved statutory language that was so clear that it could sustain only one interpretation." *INS v. St. Cyr*, 533 U.S. 289, 316-17 (2001). But here, literally nothing in the Motor Vehicle Safety Act even suggests Congress's intent to set aside the strong presumption against retroactive laws. *See North v. Superior Hauling and Fast Transit, Inc.*, No. 18-cv-2564, 2019 WL 6792816, at *3 (C.D. Cal. May 31, 2019) ("The Court is unable to identify … clear statutory authority granting [the FMCSA] authority to promulgate retroactive preemption determinations."). The Act says only that a state "may not enforce" law that the agency decides is preempted. 49 U.S.C. § 31141 (a). That gives the FMCSA "authority to determine that state laws on commercial motor vehicle safety are preempted, based on criteria Congress has specified." *Teamsters*, 986 F.3d at 845. However, it certainly does not suggest the agency's authority to do so *retroactively*—destroying causes of action, claims or rights in existence for years or even decades *before* the preemption decision is made. To the contrary, section 31141(a) is titled "Preemption *after* decision," suggesting a purely prospective effect. 49 U.S.C.A. § 31141(a) (emphasis added).

"Nor does the language of the 2018 FMCSA Order clearly indicate an intent to have retroactive effect." *North*, 2019 WL 6792816, at *3. "If anything, the decision suggests the opposite." *Id.* The FMCSA did not purport to interpret or

---

[3] California's historical police powers in enforcing generally applicable wage-and-hour laws affecting employees is well-recognized. *See Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348, 388 (2014) ["[t]here is no question that the enactment and enforcement of laws concerning wages, hours, and other terms of employment is within the state's historic police power."].)

7

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

apply any pre-existing preemption regime imposed by regulation or by statute. Instead, the agency exercised its discretionary authority under 49 U.S.C. § 31141 to preempt state law on a purely prospective basis. After recognizing that California's break laws had not previously been preempted, the order provided that the laws may "no longer" be enforced. 83 Fed. Reg. at 67480. That language again "strongly suggests prospective, not retroactive, application." *North*, 2019 WL 6792816, at *3.

Indeed, it is impossible to say that the agency's preemption decision unambiguously applied retroactively given that the agency's own counsel—consistent with the presumption against preemption—first himself concluded that the "FMCSA determination does not have retroactive effect." FMCSA, *Legal Opinion*, at 1–2 (RJN, **Ex. B**). The later opinion of the same counsel—reached in a "legal memorandum issued months after the preemption determination," *Teamsters*, 986 F.3d at 858 n.5—does not change that. The fact that the agency was capable of initially reading its decision as purely prospective shows that any retroactive effect is, at a minimum, ambiguous—an ambiguity that must be resolved in favor of the strong presumption against retroactive laws. *See St. Cyr*, 533 U.S. at 316-17.[4]

---

[4] Defendant does not argue that the later legal memorandum is entitled to deference. And for good reason. "Whether a statute may be applied retroactively is a question of law that is reviewed de novo." *Ditullio v. Boehm*, 662 F.3d 1091, 1096 (9th Cir. 2011). Moreover, the memorandum, as the Ninth Circuit directly stated, was not a "final agency action" to which deference is due. *Teamsters*, 986 F.3d at 858, n.5. Courts do not defer "to an agency counsel's interpretation of a statute where the agency itself has articulated no position on the question" because "Congress has delegated to the administrative official and not to [agency] counsel the responsibility for elaborating and enforcing statutory commands." *Bowen*, 488 U.S. at 212; *see also United States v. Trident Seafoods Corp.*, 60 F.3d 556, 559 (9th Cir. 1995) (deference unwarranted where the agency has "not formulated an official interpretation"). Indeed, the legal memorandum itself recognized that the retroactivity question "will ultimately be determined by the courts." FMCSA, *Legal Opinion*, at 2 n.2 (RJN, **Ex. B**); *see Silva v. Domino's Pizza*, No. 18-cv-2145, 2019 WL 4187388, at *4 (C.D. Cal. July 22, 2019) (noting that "the FMCSA also appears to recognize that its position on its authority does not foreclose alternative interpretations by courts").

8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The agency thus got it right the first time: The presumption against retroactivity fully applies. And because neither Congress's grant of authority nor the FMSCA's preemption decision indicate any intent to retroactively preempt California's longstanding labor laws, the presumption is controlling here. Plaintiff's claims, which accrued before the FMCSA's decision, remain in effect and enforceable.

### B. The FMCSA's Authority to Preempt Plaintiff's Right to "Enforce" California Law Does Not Give it Authority to Do So Retroactively.

Defendant does not argue that either section 31141 or the FMCSA's preemption determination unambiguously provide for a retroactive effect. Instead, it argues in the final short section of its brief that there "is no 'retroactivity' issue" here at all. Def.'s Mem. at 18. Because section 31141(a) gives the FMCSA authority to preempt Plaintiffs' right to "enforce" state laws, it contends, "the question is not whether the FMCSA's determination applies retroactively, but whether the Court has the power to *enforce* preempted provisions of the Labor Code." *Id.* at 8. As Defendant sees it, in other words, retroactively immunizing companies from suits to enforce California law is not a retroactive *change* in that law, and thus falls outside the strong presumption against retroactivity.[5]

---

[5] "District courts have reached different results" on the argument Defendant advances. *Johnson v. Estension Logistics, LLC*, No. 20-cv-00118, 2020 WL 8993120, at *4 (C.D. Cal. Dec. 28, 2020); *see Silva*, 2019 WL 4187388, at *5 (noting the "split of authority from judges within the Central District of California as to whether the 2018 FMCSA decision applies retroactively"). The court in *North* found it "clear that the 2018 FMCSA Order takes away or impairs vested rights acquired under existing California state law" without "clear statutory authority granting" that authority. 2019 WL 6792816, at *3; *see also Michael Ryan v. JBS Carriers, Inc.*, Case No. BC624401, at 6-11 (Los Angeles Sup. Ct., July 18, 2019) (finding that the FMCSA's determination cannot be held retroactively because section 31141 lacks clear Congressional intent that the FMCSA's decisions are to apply retroactively, and declined to defer to the FMCSA's March 22, 2019 opinion letter on the issue of retroactivity) (*See* RJN, **Ex. D**). Other decisions, however, have adopted Defendant's position that "the issue of retroactive effect is irrelevant" because courts "*currently* [have] no authority to enforce" the law. *Ayala v. U.S Xpress Enterprises, Inc.*, No. 16-cv-137, 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019). Those decisions fail to apply the strong presumption against construing

9

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

But Congress's use of the word "enforce" in section 31141(a) does nothing to distinguish this from the typical retroactivity case. The whole meaning of the presumption against retroactivity is that "courts do not *enforce* a statute retroactively unless the Congress first make[s] its intention clear." *Koch v. Sec. & Exch. Comm'n*, 793 F.3d 147, 157 (D.C. Cir. 2015) (emphasis added). The mere existence of a retroactive law is not the problem—it is the "retroactive *application*" of the law against a party that creates the unfairness against which the presumption applies. *United States v. Bacon*, 82 F.3d 822, 824 (9th Cir. 1996) (emphasis added).

Thus, the Ninth Circuit in *Gadda v. State Bar of California* held that a California law had a retroactive effect when it permitted "enforcement of an order imposing costs" against lawyers. 511 F.3d 933, 937–38 (9th Cir. 2007). The law had previously required disciplined lawyers to pay the costs of their disciplinary proceedings, but "did not provide a method for enforcing the cost award." *Id.* at 937. The California Bar argued that the amendment did not have a retroactive effect because it "merely provided a vehicle for the Bar to collect the debt … already owed." *Id.* The Ninth Circuit disagreed. By "provid[ing] a method for *enforcing* the cost award," it held, the amendments affected "rights and obligations that existed prior to the amendments." *Id.* at 938 (emphasis added). It was thus "a retroactive application of the statute." *Id.*; *see also Hughes Aircraft v. United States*, 520 U.S. 939 (1997) (creation of a private cause of action for previously illegal conduct had retroactive effect); *Scott v. Boos,* 215 F.3d 940, 945–46 (9th Cir. 2000) (statute had retroactive effect when it would "impair[] rights a party once possessed" by "depriv[ing] plaintiffs of the right to bring" claims); *TwoRivers*

laws to have retroactive effect "unless their language requires the result." *Bowen,* 488 U.S. at 208.

10

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*v. Lewis,* 174 F.3d 987, 995 (9th Cir. 1999) (application of an amendment that shortened the statute of limitations would retroactively "deprive [the plaintiff] of his right to file suit" by "foreclosing a cause of action which existed prior to the amendment").

The FMCSA's change in position here affects the rights of plaintiffs because it is unquestionably a retroactive application of the agency's determination. *See Landgraf,* 511 U.S. at 270 (holding that an amendment authorizing new remedies for prohibited conduct had retroactive effect because it changed the "legal consequences" attached to "events completed before [the amendment's] enactment"). "A statute has [a] retroactive effect when it … impairs vested rights acquired under existing laws." *St. Cyr,* 533 U.S. at 321. "Here, it is clear that the 2018 FMCSA Order takes away or impairs vested rights acquired under existing California state law." *North,* 2019 WL 6792816, at *3. Indeed, prior to the FMCSA's December 21, 2018 determination, California was free to enforce its meal and rest break laws as it relates to commercial drivers, <u>because the FMCSA explicitly held in its 2008 determination that California's break laws are not preempted by federal regulations.</u> To prevent Plaintiffs from enforcing California's break laws for violations occurring before the change would "impair Plaintiffs' right to bring suit" to enforce rights "possessed and exercised prior to" the order. *Beaver v. Tarsadia Hotels, Corp.*, 816 F.3d 1170, 1188 (9th Cir. 2016); *see Mabary v. Home Town Bank, N.A.*, 771 F.3d 820, 826 (5th Cir. 2014) (amendment operated retroactively by "*destroying* a cause of action and impairing [plaintiffs'] rights"). Under well-established law, that "is enough to show … retroactive effect." *Beaver,* 816 F.3d at 1188.

### C. Applying the FMCSA's Determination Retroactively Violates Plaintiff's Due Process Rights.

"The Due Process Clause of the Fifth Amendment forbids Congress from

11

1  enacting legislation expressly made retroactive when the 'retroactive application
2  [of the statute] is so harsh and oppressive as to transgress the constitutional
3  limitation.'" *U.S. v. Ubaldo-Figueroa* 364 F.3d 1042, 1051 (9th Cir. 2004)
4  (*Ubaldo-Figueroa*) (Pregerson, J. concurring) (citation omitted). "[T]he Supreme
5  Court has long disfavored retroactive statutes because 'retrospective laws are,
6  indeed generally unjust; and, as has been forcibly said, neither accord with sound
7  legislation nor with the fundamental principles of the social compact.' [Citation]"
8  *Eastern Enterprises v. Apfel*, 524 U.S. 498, 533, … (1998)  (quoting 2 J. Story,
9  Commentaries on the Constitution § 1398 (5th ed. 1891))." *Ubaldo-Figueroa*, 364
10 F.3d at 1051-1052 (citation omitted).

11         Courts look to three factors in determining whether the retroactive effect of a
12 statute violates due process: "First, the Court looks to whether Congress applied a
13 law retroactively to remedy a defect in previous legislation. Second, the Court
14 examines whether Congress provided a specific rationale for applying the statute
15 retroactively … [Citation.] Finally, the Court considers severity of the
16 consequences of the retroactive legislation, including the effect of the legislation
17 on a party's interest in fair notice and repose. [Citations]. *Ubaldo-Figueroa*, 364
18 F.3d at 1052. (citations omitted).

19         For the reasons already discussed above, the first two factors simply do not
20 apply here because neither the language in 49 U.S.C. § 41131 ["Review and
21 preemption of State laws and regulations"] nor the language in the FMCSA's 2018
22 determination express an intent for the Agency's decision to apply retroactively.
23 With regard to the third factor, retroactive application of the FMCSA's preemption
24 decision would violate basic due process protections given the harsh and
25 oppressive outcomes it would lead to. For the 10 years preceding the FMCSA's
26 2018 determination, the FMCSA made clear in its 2008 decision that California's
27 break laws were not preempted. In other words, for the period from August 14,
28

12
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

2015 (the start of the class period in this case) and December 20, 2018, Plaintiff and the putative Class had a vested right in receiving meal and rest breaks according to California law. The FMCSA's December 21, 2018 determination was an unforeseeable departure from the former rule. Under these circumstances, retroactive application would unreasonably deprive Plaintiff and the putative Class of their vested rights *prior to* December 21, 2018 and therefore, the FMCSA's 2018 determination must be applied prospectively only.

### D. Because the FMCSA Determination Applies Prospectively Only, Plaintiff's Derivative Claims and Class Allegations for the Period Prior to December 21, 2018 Should Not Be Dismissed.

For the reasons discussed above, there is no retroactive application of the FMCSA determination. Therefore, Plaintiff's and the putative class' derivative claims (failure to provide accurate, itemized wage statements (Count 6); failure to pay wages timely at termination (Count 7); Unfair Business Practices (Count 8); and violation of the Private Attorneys General Act ("PAGA") (Count 10)), as well as Plaintiff's class action allegations relating to his meal and rest break laws, should all remain viable for the period prior to December 21, 2018 and should not be dismissed.

## IV.   CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety.

Dated: May 24, 2021              **MARLIN & SALTZMAN, LLP**
                                                  **TOJARIEH LAW FIRM, PC**

                                                  By:   /s/ Tatiana G. Avakian
                                                          Stanley D. Saltzman, Esq.
                                                          Tatiana G. Avakian, Esq.
                                                          Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Tatiana G. Avakian, an attorney, certify that I caused the foregoing document to be served on all counsel of record in this action via the Court's CM/ECF system on May 24, 2021.

By: */s/ Tatiana G. Avakian*
Tatiana G. Avakian, Esq.
*Attorney for Plaintiff and the putative Class*