**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman (SBN 90058)
ssaltzman@marlinsaltzman.com
Tatiana G. Avakian (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**TOJARIEH LAW FIRM, PC**
Joseph Tojarieh, Esq. (SBN 265492)
jft@tojariehlaw.com
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone:   (310) 553-5533
Facsimile:   (310) 553-5536

*Attorneys for Plaintiff Bryant Patton, individually, and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:19-cv-08580-JFW-MAA<br><br><u>CLASS ACTION</u><br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:   June 14, 2021<br>Time:   1:30 p.m.<br>Courtroom:   7A<br><br>Date Action Filed:   August 14, 2019<br>Trial Date:   May 24, 2022 |

Plaintiff Bryant Patton ("Plaintiff") objects to the following evidence presented by Defendant Midwest Construction Services, Inc. dba Trillium Construction/Drivers ("Defendant") in its Motion for Partial Summary Judgment.

| Portion of White Declaration Subject to Objection | Plaintiff's Evidentiary Objections | Court's Ruling: |
|---|---|---|
| 1. ¶ 10, 4:7-8<br><br>"A significant percentage of our clients in Southern California transport goods that originate in foreign countries." | Objection on the basis that Mr. White lacks personal knowledge as to the original source of the goods transported by Defendant's clients. *See* Fed. R. Evid. 602 (witness may not testify to matter unless supported by evidence sufficient to establish personal knowledge). A declaration is inadmissible at summary judgment unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. P. 56(c)(4) ("supporting … affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (to have any weight, a declaration must be based on personal knowledge). Here, Mr. White does not provide any basis for his | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| 1 | | conclusory assertions of from where the goods transported by Defendant's clients are originally sourced. | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | **2. ¶ 11, 4:15-19** | Objection on the basis that Mr. White lacks personal knowledge as to the original source of the goods transported by other companies, as well as what the operations of each company was. *See* Fed. R. Evid. 602 (witness may not testify to matter unless supported by evidence sufficient to establish personal knowledge). A declaration is inadmissible at summary judgment unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. P. 56(c)(4) ("supporting … affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); *Bank Melli Iran*, 58 F.3d at 1412 (to have any weight, a declaration must be based on personal knowledge). Here, Mr. White does not provide any basis for his conclusory assertions of | Sustained: _____ Overruled: _____ |
| 6 | "Although these companies varied in their respective operations, each engaged in the interstate transportation of goods by either transporting out-of-state (and internationally sourced) goods to their final destination in California or by facilitating the intrastate transport of California-born goods destined for eventual interstate travel." | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| | | | |
|---|---|---|---|
| 1 | | from where the goods transported by other companies are originally sourced, or the basis for his conclusions that the operations of other companies varied.<br><br>Objection is further made on the basis that the statement is an inadmissible and improper legal conclusion. *See* Fed. R. Evid. 701. | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | 3. ¶ 12, 4:26-5:4<br><br>"Total Intermodal's largest contract was with Costco Wholesale Corporation, a wholesale membership warehouse with locations throughout the United States. Many of Costco's internationally sourced goods are delivered to the United States through the Port of Long Beach in Long Beach, California. Approximately 80% of these internationally sourced goods come from China, with the remaining 20% coming from South American countries." | Objection on the basis that Mr. White lacks personal knowledge as to what Total Intermodal's largest contract was, and lacks personal knowledge as to the original source of the goods transported by Total Intermodal's client (i.e., Defendant's client's client). *See* Fed. R. Evid. 602 (witness may not testify to matter unless supported by evidence sufficient to establish personal knowledge). A declaration is inadmissible at summary judgment unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. P. 56(c)(4) ("supporting … affidavits must be made on personal knowledge, set out facts that would be admissible | Sustained: _____<br><br>Overruled: _____ |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| | | | |
|---|---|---|---|
| | | in evidence, and show that the affiant is competent to testify on the matters stated"); *Bank Melli Iran*, 58 F.3d at 1412 (to have any weight, a declaration must be based on personal knowledge). Here, Mr. White does not provide any basis for his conclusory assertions of from where the goods transported by Defendant's client (Total Intermodal) and Defendant's client's client (Costco) are originally sourced. | |
| | **4. ¶ 13, 5:8-11**<br><br>"When transporting goods under the Total Intermodal-Costco assignment, Patton would retrieve internationally sourced goods at the Port of Long Beach and transport them to Costco's distribution centers throughout Southern California." | Objection on the basis that Mr. White lacks personal knowledge as to the original source of the goods transported by Total Intermodal's client (i.e., Defendant's client's client). *See* Fed. R. Evid. 602 (witness may not testify to matter unless supported by evidence sufficient to establish personal knowledge). A declaration is inadmissible at summary judgment unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. P. 56(c)(4) ("supporting … affidavits must be made on personal knowledge, set out facts | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| | | that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); *Bank Melli Iran*, 58 F.3d at 1412 (to have any weight, a declaration must be based on personal knowledge). Here, Mr. White does not provide any basis for his conclusory assertions of from where the goods transported by Defendant's clients are originally sourced. | |
| 5. ¶ 15, 5:18-22<br><br>"Many of Patton's other driving assignments with Midwest were for companies transporting goods sourced internationally. For example, Patton frequently drove for Ryder Transport Company, a transportation and logistics company, and his assignments often consisted of transporting produce grown in South American countries and delivering that produce to grocers for distribution." | Objection on the basis that Mr. White lacks personal knowledge as to the original source of the goods transported by Defendant's clients. *See* Fed. R. Evid. 602 (witness may not testify to matter unless supported by evidence sufficient to establish personal knowledge). A declaration is inadmissible at summary judgment unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. P. 56(c)(4) ("supporting … affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| | | competent to testify on the matters stated"); *Bank Melli Iran*, 58 F.3d at 1412 (to have any weight, a declaration must be based on personal knowledge). Here, Mr. White does not provide any basis for his conclusory assertions of from where the goods transported by Defendant's clients are originally sourced. | |
| 6. ¶ 15, 5:27-6:5 "The majority, if not the entirety, of Patton's driving activities while employed by Midwest consisted of transporting goods sourced internationally or domestically (but sourced outside of California) and delivering those goods to destinations within California for immediate consumption or further transportation to other destinations. The automotive parts that he transported for the Exel Logistics route, for example, were primarily sourced from Mexico." | Objection on the basis that Mr. White lacks personal knowledge as to the original source of the goods transported by Defendant's clients. *See* Fed. R. Evid. 602 (witness may not testify to matter unless supported by evidence sufficient to establish personal knowledge). A declaration is inadmissible at summary judgment unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. P. 56(c)(4) ("supporting … affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); *Bank Melli Iran*, 58 F.3d at | Sustained: _____ Overruled: _____ |

| | | | |
|---|---|---|---|
| | | 1412 (to have any weight, a declaration must be based on personal knowledge). Here, Mr. White does not provide any basis for his conclusory assertions of from where the goods transported by Defendant's clients are originally sourced. | |
| | **7. ¶ 16, 6:6-8; 6:10-12**<br><br>"Patton also has extensive experience driving for companies involved in the transportation of goods sourced internationally or domestically (but originating outside of California). … Sol Logistics, for example, transports a significant amount of goods from the Republic of Chile." | Objection on the basis that Mr. White lacks personal knowledge as to the original source of the goods transported by other companies. *See* Fed. R. Evid. 602 (witness may not testify to matter unless supported by evidence sufficient to establish personal knowledge). A declaration is inadmissible at summary judgment unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. P. 56(c)(4) ("supporting … affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); *Bank Melli Iran*, 58 F.3d at 1412 (to have any weight, a declaration must be based on personal knowledge). Here, Mr. | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| | | White does not provide any basis for his conclusory assertions of from where the goods transported by other companies are originally sourced. | |
| **8. ¶ 17, 6:13-16**<br><br>"Based on the nature and totality of Patton's activities while employed by Midwest, particularly his significant participation in the transport of goods involved in the interstate commerce process, Patton was subject to the Department of Transportation's Hours of Service regulations during his employment." | Objection on the basis that Mr. White lacks personal knowledge as to the original source of the goods transported by other companies, and lacks foundation as what types of drivers are subject to the Department of Transportation's Hours of Service regulations state. *See* Fed. R. Evid. 602 (witness may not testify to matter unless supported by evidence sufficient to establish personal knowledge). A declaration is inadmissible at summary judgment unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. P. 56(c)(4) ("supporting … affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); *Bank Melli Iran*, 58 F.3d at 1412 (to have any weight, a declaration must be | Sustained: _____<br><br>Overruled: _____ |

|  | based on personal knowledge). Here, Mr. White does not provide any basis for his conclusory assertions of from where the goods transported by other companies are originally sourced, or the basis for his conclusions that the Department of Transportation's Hours of Service regulations apply to Plaintiff.<br><br>Objection is further made on the basis that the statement is an inadmissible and improper legal conclusion. *See* Fed. R. Evid. 701. |  |
|---|---|---|

Dated: May 24, 2021

**MARLIN & SALTZMAN, LLP**
**TOJARIEH LAW FIRM, PC**

By:  /s/ Tatiana G. Avakian
    Stanley D. Saltzman, Esq.
    Tatiana G. Avakian, Esq.
    Attorneys for Plaintiff

10
PLAINTIFF'S EVIDENTIARY OBJECTIONS

# **CERTIFICATE OF SERVICE**

I, Tatiana G. Avakian, an attorney, certify that I caused the foregoing document to be served on all counsel of record in this action via the Court's CM/ECF system on May 24, 2021.

By: _/s/ Tatiana G. Avakian_
Tatiana G. Avakian, Esq.
*Attorney for Plaintiff and the putative Class*