**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
ssaltzman@marlinsaltzman.com
Tatiana G. Avakian, Esq. (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**TOJARIEH LAW FIRM, PC**
Joseph Tojarieh, Esq. (SBN 265492)
jft@tojariehlaw.com
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone: (310) 553-5533
Facsimile: (310) 553-5536

*Attorneys for Plaintiff Bryant Patton, individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 2:19-cv-08580-JFW-MAA<br><br>CLASS ACTION<br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Complaint Filed: August 14, 2019<br>Trial Date: May 24, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** in accordance with Federal Rules of Evidence 201, Plaintiff Bryant Patton ("Plaintiff") respectfully requests that this Court take judicial notice of certain Court records described below and attached to this Request for Judicial Notice.

1. *Petition for Preemption of California Regulations on Meal Breaks and Rest Breaks for Commercial Motor Vehicle Drivers; Rejection for Failure to Meet Threshold Requirement*, 73 Fed. Reg. 79204 (Dec. 24, 2008), a true and correct copy of which is attached hereto as **Exhibit "A"**;

2. Legal Opinion from Charles J. Fromm, Chief Counsel of the Federal Motor Carrier Safety Administration ("FMCSA") dated March 22, 2019, a true and correct copy of which is attached hereto as **Exhibit "B"**;

3. Plaintiff's Mediation Questionnaire in Valiente v. Swift Transportation Co., Case No. 21-55456 (9th Cir., May 5, 2021) (Dkt. 4), a true and correct copy of which is attached hereto as **Exhibit "C"**; and

4. The Court's Final Ruling and Order on Defendant's Motion for Summary Judgment/Adjudication in *Ryan v. JBS Carriers, Inc.*, Los Angeles Superior Court, Spring Street Courthouse, Case Number BC624401 (July 18, 2019), a true and correct copy of which is attached hereto as **Exhibit "D"**.

## REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 ("Rule 201") allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they either (1) are "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A court may also take judicial notice of records of administrative agencies and matters of public record. See *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.

- 2 -
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

2005), quoting *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 2005). Judicial notice is proper for documents whose authenticity is not questioned. See *Knievel*, 393 F.3d at 1076; *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

The Court should take judicial notice of **Exhibit A** because the FMCSA's petition for preemption is part of a public record, a document produced by an agency of the federal government, and maintained on the Federal Register and accessible on Westlaw or https://www.govinfo.gov/content/pkg/FR-2008-12-24/pdf/E8-30646.pdf, a website run by an agency of the federal government. See *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." (quotations omitted and alterations in original)). Similarly, the Court should take judicial notice of **Exhibit B** since it is a public record that is maintained and can be accessed through the FMCSA's website at https://www.fmcsa.dot.gov/safety/fmcsa-legal-opinion-applicability-preemption-determinations-pending-lawsuits.

Additionally, the Court should take judicial notice of **Exhibit C and Exhibit D** because they are documents filed in other courts of record, as such facts are generally known within the trial court's territorial jurisdiction, pursuant to Fed. R. Evid. 201(b).

Dated: May 24, 2021　　　　　　　　　**MARLIN & SALTZMAN, LLP**
　　　　　　　　　　　　　　　　　　　**TOJARIEH LAW FIRM, PC**

　　　　　　　　　　　　　　　　　　　By:　/s/ Tatiana G. Avakian
　　　　　　　　　　　　　　　　　　　　　Stanley D. Saltzman, Esq.
　　　　　　　　　　　　　　　　　　　　　Tatiana G. Avakian, Esq.
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and the Class

# **CERTIFICATE OF SERVICE**

I, Tatiana G. Avakian, an attorney, certify that I caused the foregoing document to be served on all counsel of record in this action via the Court's CM/ECF system on May 24, 2021.

By: */s/ Tatiana G. Avakian*
Tatiana G. Avakian, Esq.
*Attorney for Plaintiff and the putative Class*