# EXHIBIT A

## TO THE REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

73 FR 79204-01, 2008 WL 5351180(F.R.)
NOTICES
DEPARTMENT OF TRANSPORTATION
Federal Motor Carrier Safety Administration

Petition for Preemption of California Regulations on Meal Breaks and Rest Breaks for
Commercial Motor Vehicle Drivers; Rejection for Failure To Meet Threshold Requirement

Wednesday, December 24, 2008

AGENCY: Federal Motor Carrier Safety Administration (FMCSA), USDOT.

**\*79204** ACTION: Notice of rejection of petition for preemption.

SUMMARY: FMCSA announces the rejection of a petition for preemption of California laws and regulations requiring employers to provide employees with meal and rest breaks. The petition does not satisfy the threshold requirement for preemption under 49 U.S.C. 31141(c) because the provisions at issue are not "laws and regulations on commercial motor vehicle safety," but rather laws and regulations applied generally to California employers.
DATES: Effective Date: This decision is effective December 23, 2008.

FOR FURTHER INFORMATION CONTACT: Mr. Charles Medalen, Attorney-Advisor, FMCSA Office of Chief Counsel. Telephone (202) 493-0349.

**Background**
On July 3, 2008, James H. Hanson, Esq., Scopelitis, Garvin, Light, Hanson & Feary, P.C., petitioned the Federal Motor Carrier Safety Administration (FMCSA) on behalf of a group of motor carriers [FN1] to preempt the California statutes and rules requiring transportation industry employers to give their employees meal and rest breaks during the work day, as applied to drivers of commercial motor vehicles (CMVs) subject to the FMCSA hours-of-service (HOS) regulations. For the reasons set forth below, FMCSA rejects the petition.

**California Law**
Section 512, Meal periods, of the California Labor Code reads in part as follows:

"(a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

"(b) Notwithstanding subdivision (a), the Industrial Welfare Commission may adopt a working condition order permitting a meal period to commence after six hours of work if the commission determines that the order is consistent with the health and welfare of the affected employees."

Section 11090 of Article 9 (Transport Industry) of Group 2 (Industry and Occupation Orders) of Chapter 5 (Industrial Welfare Commission) of Division 1 (Department of Industrial Relations) of Title 8 (Industrial Relations) of the California Code of

EXHIBIT A - Page 6

Regulations, is entitled "Order Regulating Wages, Hours, and Working Conditions in the Transportation Industry" [hereafter: "8 CCR § 11090," "Section 11090", or "§ 11090" [FN2]].

Section 11090(11). Meal Periods, reads as follows:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

"(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and employee only if the first meal period was not waived.

"(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

"(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

"(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated."

Section 11090(12). Rest Periods, reads as follows:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hour worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

"(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hours of pay at the employer's regular rate of compensation for each workday that the rest period is not provided."

 **\*79205**  Although § 11090(3)(L) provides that "[t]he provisions of this section are not applicable to employees whose hours of service are regulated by: (1) The United States Department of Transportation, Code of Federal Regulations, Title 49, sections 395.1 to 395.13, Hours of Service of Drivers," the California courts have interpreted the word "section" to refer only to § 11090(3), which regulates "hours and days of work," not to all of § 11090, including meal and rest breaks in § 11090(11) and (12). Cicairos v. Summit Logistics, Inc., 133 Cal App.4th 949 (2006).

**Federal Law**

FMCSA is authorized by 49 U.S.C. 31141 to preempt State law. For purposes of this petition, the relevant portions of that statute read as follows:

EXHIBIT A - Page 7

"(a) Preemption after decision.—A State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced. * * *

"(c) Review and decisions by the secretary.—

"(1) Review.—The Secretary shall review State laws and regulations on commercial motor vehicle safety. The Secretary shall decide whether the State law or regulation—

"(A) Has the same effect as a regulation prescribed by the Secretary under section 31136;

"(B) Is less stringent than such regulation; or

"(C) Is additional to or more stringent than such regulation. * * *

"(4) Additional or more stringent regulations.—If the Secretary decides a State law or regulation is additional to or more stringent than a regulation prescribed by the Secretary under section 31136 of this title, the State law or regulation may be enforced unless the Secretary also decides that—

"(A) The State law or regulation has no safety benefit;

"(B) The State law or regulation is incompatible with the regulation prescribed by the Secretary; or

"(C) Enforcement of the State law or regulation would cause an unreasonable burden on interstate commerce."

**Petitioners' Argument**
Petitioners summarized the effect of the California meal and rest break rules as follows:

"Motor carrier operations are carefully timed to take advantage of the flexibility available under the HOS Regulations and, in some instances, to take advantage of the full complement of driving hours provided as well. Some carriers schedule driver meals to take place at carrier facilities once the driver has delivered a load so that unloading, sorting, and loading of outbound shipments can take place during the break. The Meal and Rest Break Rules, by mandating when meals breaks must be taken, interfere with such arrangements, meaning that the driver will miss the inbound appointment, which in turn has the domino effect of delaying outbound operations. * * * [A]s a practical matter, since the driver must be fully relieved of duty during the break, breaks will take much longer as the driver will be required to find a place to pull over and must actually park and shut down the equipment before the break can start. Of course, this will require that the driver return to the equipment, start it, and get back on the road as well. Thus, as a practical matter, the Meal and Rest Break Rules impose a much greater burden on the driver than a simple reading of the rules * * * would at first suggest, and the burden is exacerbated in congested areas" [pages 10-11].

"In the absence of the Meal and Rest Break Rules, a driver could spend three non-driving hours engaged in [other] activities and could still drive for 11 hours under the HOS Regulations. In California, due to the Meal and Rest Break Rules, however, the driver loses 1½ hours (two 30-minute meal breaks and three 10-minute rest breaks) over the course of the permitted 14-hour on-duty period in which the driver can neither drive nor perform on-duty driving tasks. The practical effect is that a driver in California has only 12½ hours of on-duty time after initially coming on duty during which he/she can accumulate his/her 11 hours of driving time, leaving only 1½ hours to perform any other duty non-driving tasks that might naturally occur during the day" [page 10].

"Applying the Meal and Rest Break Rules to drivers subject to the HOS Regulations imposes limitations on a driver's time that are different from and more stringent than the HOS Regulations because the Meal and Rest Break Rules limit the amount of hours available to a driver to complete driving duties after initially coming on-duty to less than the 14 hours permitted by the

HOS Regulations. Moreover, the Meal and Rest Break Rules do not allow for the flexibility provided by the HOS Regulations, further exacerbating the effect of the limitations imposed by the Meal and Rest Break Rules. This lack of flexibility not only hinders operations from a scheduling standpoint, it also creates serious safety concerns. Specifically, by imposing meal and rest breaks at set times, the Meal and Rest Break Rules limit a driver's ability to take breaks when they are actually needed. A driver subject only to the HOS Regulations, on the other hand, is not subject to externally imposed limitations and is instead able to take breaks when he or she deems necessary" [page 6].

In a supplement filed with FMCSA on October 2, 2008, petitioners reiterated their position even more bluntly:

"Petitioners * * * argue * * * that they should be free to schedule drivers to work and that drivers should be free to choose to work as much as they desire in accordance with the HOS Regulations, without regard for individual state requirements, as long as the driver is otherwise able to operate the equipment safely. The Meal and Rest Break Rules are inconsistent with the HOS Regulations" [page 4].

The July petition states that:

"The threshold for review under 49 U.S.C. 31141 is that the state law or regulation be 'on commercial motor vehicle safety.' * * * Thus, the only logical/consistent interpretation of 'on commercial motor vehicle safety' under 49 U.S.C. 31141 is to interpret it as applying to state laws or regulations that regulate or affect subject matter within the FMCSA's authority under 49 U.S.C. 31136, i.e., any state law or regulation that regulates subject matter within the FMCSA's authority under 49 U.S.C. 31136 is 'on commercial motor vehicle safety' for purposes of 49 U.S.C. 31141.

"Conceivably, it could be argued that the Meal and Rest Break rules are not 'on commercial motor vehicle safety' because they are rules of general applicability and their application is not limited to CMVs. When considered from a practical perspective, however, there can be no question that the Meal and Rest Break Rules are exactly the type of rules that fall within the scope of 49 U.S.C. 31141. As a practical matter, interpreting the statute to apply only to state laws or rules applicable solely to CMVs would open the door to state regulation of CMV safety under the guise of generally applicable state laws or rules" [page 21].

**Decision**

Petitioners themselves acknowledge the decisive argument against their own position. The California meal break statute [Cal. Labor Code § 512] and the corresponding rules in § 11090(11)-(12) are not regulations "on commercial motor vehicle safety" and thus do not meet the threshold requirement for consideration under 49 U.S.C. 31141.[FN3] The State rules apply to the entire "transportation industry," which § 11090(2)(N) defines as "any industry, business, or establishment operated for the purpose of conveying persons or property from one place to another whether by rail, highway, air, or water, and all operations and services in connection therewith; and also includes storing or warehousing of goods or property, and the repairing, parking, rental, maintenance, or cleaning of vehicles." The meal and rest break rules thus cover far more than the trucking industry.

In fact, the meal and rest break rules are not even unique to transportation. California imposes virtually the same rules on the "manufacturing industry" [8 CCR § 11010(11)-(12)]; the "personal service industry" [8 CCR § 11020(11)-(12)]; the "canning, freezing and **\*79206** preserving industry" [8 CCR § 11030(11)-(12)]; the "professional, technical, clerical, and similar occupations" [8 CCR § 11040(11)-(12)]; the "public housekeeping industry" [8 CCR § 11050(11)-(12)]; the "laundry, linen supply, dry cleaning, and dyeing industry" [8 CCR § 11060(11)-(12)]; the "mercantile industry" [8 CCR § 11070(11)-(12)]; "industries handling products after harvest" [8 CCR § 11080(11)-(12)]; the "amusement and recreation industry" [8 CCR § 11100(11)-(12)]; the "broadcasting industry" [8 CCR § 11110(11)-(12)]; the "motion picture industry" [8 CCR § 11120(11)-(12)]; "industries preparing agricultural products for market, on the farm" [8 CCR § 11130(11)-(12)]; "agricultural occupations" [8 CCR § 11140(11)-(12)]; "household occupations" [8 CCR § 11150(11)-(12)]; "certain on-site occupations in the construction, drilling, logging and mining industries" [8 CCR § 11160(10)-(11)]; and "miscellaneous employees" [8 CCR § 11170(9)]. The meal and rest break rules for CMV drivers are simply one part of California's comprehensive regulations

EXHIBIT A - Page 9

governing wages, hours and working conditions. Because these rules are in no sense regulations "on commercial motor vehicle safety," they are not subject to preemption under 49 U.S.C. 31141.

Recognizing this problem, petitioners expanded their argument to claim that "the FMCSA has power to preempt any state law or regulation that regulates or affects any matters within the agency's broad Congressional grant of authority" (page 22). There is nothing in the statutory language or legislative history of 49 U.S.C. 31141 that would justify reading into it the authority to preempt State laws "affecting" CMV safety. Further, if the Agency were to take such a position, any number of State laws would be subject to challenge. For example, it is conceivable that high State taxes and emission controls could affect a motor carrier's financial ability to maintain compliance with the Federal Motor Carrier Safety Regulations (FMCSRs); however, it is doubtful that the Agency would be viewed as thus having the authority to preempt State tax or environmental laws.

Yet petitioners make the equally far-reaching argument that FMCSA can and should preempt the California statutes and rules on wages, hours, and working conditions which prevent carriers from maximizing their employees' driving and on-duty time. In fact, the FMCSRs have for decades required carriers and drivers to comply with all of the laws, ordinances, and regulations of the jurisdiction where they operate [49 CFR 392.2].

FMCSA cannot entertain this petition. Because the California meal and rest break rules are not "regulations on commercial motor vehicle safety," the Agency has no authority to preempt them under 49 U.S.C. 31141. Furthermore, that statute does not allow the preemption of other State or local regulations merely because they have some effect on CMV operations.

Issued on: December 18, 2008.

David A. Hugel,

Deputy Administrator.

[FR Doc. E8-30646 Filed 12-23-08; 8:45 am]

BILLING CODE 4910-EX-P

## Footnotes

1      Affinity Logistics Corp.; Cardinal Logistics Management Corp.; C.R. England, Inc.; Diakon Logistics (Delaware), Inc.; Estenson Logistics, LLC; McLane Company, Inc.; McLane/Suneast, Inc.; Penske Logistics, LLC; Penske Truck Leasing Co., L.P.; Trimac Transportation Services (Western), Inc.; and Velocity Express, Inc.

2      California Industrial Welfare Commission Order No. 9-2001 is identical to 8 CCR § 11090.

3      Petitioners claim that by "imposing meal and rest breaks at set times," the California rules create safety concerns by interfering with a driver's ability to take breaks when actually needed [page 6]. In fact, the State rules allow the first meal break at any point during the first five hours on duty, and the second within the next five hours. Five-hour windows hardly constitute "set times." Petitioners provide no evidence that these breaks undermine safety.

End of Document     © 2021 Thomson Reuters. No claim to original U.S. Government Works.