# EXHIBIT D

## TO THE REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**FILED**
Superior Court of California
County of Los Angeles

**JUL 18 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL RYAN, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JBS CARRIERS, INC., and DOES 1-50, inclusive,<br><br>Defendant. | LASC Case No: BC624401<br><br>COURT'S FINAL RULING AND ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION |

## I. BACKGROUND

On June 17, 2016, Plaintiff Michael Ryan filed this wage and hour class action against Defendant JBS Carrier, Inc. On May 7, 2018, the Court granted in part Plaintiff's motion for class certification "on an opt-out basis, with respect to the California Minimum Wage Class, the California Rest Break Class, the California Meal Break Class, and the derivative wage statement, PAGA penalty, and waiting time penalty classes (to the extent these latter three classes are derivative of the California Minimum Wage Class, the California Rest Break Class, the California Meal Break Class)." Dkt – May 7, 2018, Court's Ruling and Order Re: Pl. Ryan's Mot. for Class Certification 44:4-9. Defendant now moves for summary judgment/adjudication of the certified class claims and Plaintiff Ryan's individual business expense reimbursement claim.

07/23/2019

## II. DISCUSSION

### A. Requests for Judicial Notice

Defendant's Request for Judicial Notice Nos. 1-4 are **GRANTED** pursuant to Evidence Code section 452(c) and (h).

Plaintiffs' Requests for Judicial Notice Nos. 1, 3-5, 7 are **GRANTED** pursuant to Evidence Code section 452(c) and (d). All other requests for judicial notice are **DENIED**.

Defendant's Supplemental Requests for Judicial Notice of the minute order in *Jesus Zaragosa, Jr. v. Garda CL West Inc.*, BC691897 (Super. Ct. of Cal., Cnty. of L.A., May 9, 2019) is **GRANTED** pursuant to Evidence Code section 452(d).

### B. Objections

All parties' objections to any evidence cited—or relied on—by the Court below are **OVERRULED**. The Court declines to address all remaining objections pursuant to Code of Civil Procedure section 437c(q).

### C. Motion for Summary Judgment/Adjudication

A party may move for summary judgment "if it is contended that the action has no merit or that there is no defense to the action or proceeding." Civ. Proc. Code § 437c(a). A party may also move for summary adjudication of a single cause of action, affirmative defense, claim for damages, or issue of duty. Civ. Proc. Code § 437c(f)(1). A cause of action has no merit if: (1) one or more elements of the cause of action cannot be separately established, even if that element is separately pleaded; or (2) a defendant establishes an affirmative defense to that cause of action. Civ. Proc. Code § 437c(o); *Union Bank v. Super. Ct.*, 31 Cal. App. 4th 573, 583 (1995).

"[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." *Aguilar v. Atlantic Richfield Co.*, 25 Cal. 4th 826, 850 (2001). However, once

2

the defendant has shown that a cause of action has no merit, the burden of production shifts to the plaintiff to show that a triable issue of material fact exists as to that cause of action. *Id.* at 850-53. "Although he remains free to do so, the defendant need not himself conclusively negate any such element." *Id.* at 853.

Until the defendant meets this evidentiary burden, the plaintiff has no burden to present evidence showing a triable issue of fact. *Hawkins v. Wilton*, 144 Cal. App. 4th 936, 940 (2006) (citing *Duckett v. Pistoresi Ambulance Service, Inc.*, 19 Cal. App. 4th 1525, 1533 (1993)). However, if the plaintiff does not present sufficient evidence when required, then summary judgment in favor of the defendant is appropriate. *Aguilar*, 25 Cal. 4th at 849. Nevertheless, "[a] party opposing summary judgment may be able to demonstrate the existence of a triable issue of material fact through the moving party's own evidence or witnesses." *Fisher v. Gibson*, 90 Cal. App. 4th 275, 286 (2001).

### 1. Preemptive Effect of the December 21, 2018, Order of the FMCSA.

49 U.S.C. section 31141(a) prohibits a State from "enforc[ing] a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced." 49 U.S.C. § 31141(a). When reviewing a State statute or regulation pursuant to that authority, the Secretary must first determine whether the State law is more stringent than, less stringent than, or has the same effect as a regulation promulgated under 49 U.S.C. § 31136. *Id.* at (c)(1). "If the Secretary decides a State law or regulation is additional to or more stringent than a regulation prescribed by the Secretary under section 31136 of this title . . . , the State law or regulation may be enforced unless the Secretary also decides that (A) the State law or regulation has no safety benefit; (B) the State law or regulation is incompatible with the regulation prescribed by the Secretary; or (C) enforcement of the State law or regulation would cause an unreasonable burden on interstate commerce." *Id.* at (c)(4).

EXHIBIT D - Page 22

On December 21, 2018, the Federal Motor Carrier Safety Administration ("FMCSA," or "Agency") (Docket No. FMCSA-2018-0304) issued an order determining that California's Meal and Rest Break rules, as-applied to property-carrying commercial motor vehicles, were preempted by the FMCSA's 2011 hours of service regulations pursuant to 49 U.S.C. § 31141. *See* Watson Decl. ¶ 3, Ex. 3; 83 FR 67470.

The Court agrees with Defendant that this determination expressly preempts Plaintiffs' claims in this case. Def.'s Memo. Supp. Mot. for Summary J. ("Def's. Mot.") 19:6-20:2. Accordingly, the presumption against preemption does not apply here. *See Puerto Rico v. Franklin Cal. Tax-Free Trust*, 136 S. Ct. 1938, 1946 (2016) ("[B]ecause the statute 'contains an express pre-emption clause,' we do not invoke any presumption against pre-emption but instead 'focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent.'") (quoting *Chamber of Commerce of United States of Am. v. Whiting*, 563 U.S. 582, 594 (2011).

The FMCSA's express order is binding on this Court. *See* 49 U.S.C. § 31141(a). This is true regardless of the motivations of Agency senior staff, *see* Pls'. Opp'n 6:14-26, this State's opposition to the ruling, *see id.* at 6:27-7:12, or even if the order constitutes "the poorly reasoned opinion of a captured agency," *see* Pls.' Sur-reply 1:6-7. The authority to review the validity of the FMCSA's order rests not with this Court, but with the Ninth Circuit. *See* 49 U.S.C. § 31141(f) (providing that a preemption decision under section 31141(c) is reviewable by a petition for review "filed in the court of appeals of the United States for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the [petitioning] person resides or has its principal place of business"); 5 USCS § 703 (providing that "agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement," unless a "prior, adequate, and exclusive opportunity for judicial review is provided by law"); Cal. Labor Commissioner v.

4

EXHIBIT D - Page 23

07/23/2019

1  FMCSA (9th Cir. Docket No. 19-70329) (accepting California's petition for review on February

2  6, 2019; denying a motion to stay the FMCSA's preemption determination pending review on May

3  30, 2019; and setting a briefing schedule to be concluded by October 9, 2019). Thus, unless and

4  until the Ninth Circuit issues an order reversing, modifying, or otherwise limiting the effect of the

5  FMCSA's order, this Court is bound to follow the order with respect to claims going forward.

6

7  Plaintiffs' reliance on *Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014), to

8  support its contention that the Court is not bound by the Agency's order is unpersuasive. Although

9  the Ninth Circuit found the Department of Transportation's interpretation in that case to be merely

10  persuasive and not controlling, *id.* at 650, that case dealt only with the question of preemption of

11  California's Meal and Rest Break laws in the context of the Federal Aviation Administration

12  Authorization Act of 1994 ("FAAAA"), *id.* at 640.  Thus, *Dilts* does not stand for the proposition

13  that the Court can disregard the preemption authority expressly delegated to the Secretary of

14  Transportation pursuant to 49 U.S.C. § 31141.

15

16  Contrary to Defendant's assertions, however, this Court is not persuaded that the order

17  preempts and precludes recovery on all claims that accrued between 2011 and December 21, 2018.

18  All parties agree that—assuming the Agency's order is binding—it would prospectively bar

19  recovery for all meal and rest break claims that accrued prospectively (i.e. from December 21,

20  2018). Defendant notes that three trial courts that have decided this issue since the FMCSA's

21  determination are in accord with its position. These courts are: (1) The United States District Court

22  for the Central District of California in *Ayala v. U.S. Xpress Enters.*, 2019 U.S. Dist. LEXIS 77089

23  (C.D. Cal. May 2, 2019); (2) another Los Angeles Superior Court courtroom in *Zaragosa v. Garda*

24  *CL West, Inc.*, BC691897 (May 30, 2019); and (3) The United States District Court for the Eastern

25  District of California in *Henry v. Cent. Freight Lines, Inc.*, 2019 U.S. Dist. LEXIS 99594 (E.D.

26  Cal. June 13, 2019). For the reasons discussed below, this Court respectfully disagrees with those

27

28

07/23/2019

5

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

decisions.

First, the Court is unconvinced that it presently lacks authority or jurisdiction to adjudicate Plaintiffs' claims that accrued prior to December 21, 2018. The *Ayala* Court, when ruling otherwise, stated: "Plaintiff's action is not for reconsideration of a prior determination. Instead, Plaintiff asks the Court to enforce California Labor Code §§ 226.7 and 512. See FAC ¶¶ 22-26. The Court currently has no authority to enforce the regulations under which Plaintiff brings his first cause of action. Therefore, the issue of retroactive effect is irrelevant." 2019 U.S. Dist. LEXIS 77089 *7. First and foremost, the Court is unpersuaded by the district court's analysis because it fails to account for the Agency's express concession that questions about retroactive effect are reserved for court resolution in pending lawsuits, *see* FMCSA Opinion Letter Re Retroactivity, March 22, 2019, at 2, n.2 ("Questions about the applicability of FMCSA preemption decisions to particular lawsuits will ultimately be determined by the courts presiding over those lawsuits, and litigants remain free to argue their own views on these issues.").

Thus, this Court is similarly unpersuaded that determining the retroactive effect of the FMCSA order would infringe on the Ninth Circuit's jurisdiction over the FMCSA order, which is currently pending review before it. Section 31141(f) provides that any person "adversely affected by the decision, grant, or denial may file a petition for judicial review," in the circuit court of appeals, which "has jurisdiction to review the decision, grant, or denial and to grant appropriate relief, including interim relief . . . ." 49 U.S.C. § 31141(f)(1)-(2). Although section 31141(f) provides that "[a] judgment of a court under this subsection may be reviewed only by the Supreme Court . . . ," *id.* at (f)(3), it also provides that "[t]he remedies provided for in this subsection are in addition to other remedies provided by law." *Id.* at (f)(4).

The FMCSA's December 21, 2018, order, which is currently before—and under the jurisdiction of—the Ninth Circuit Court of Appeals, contains no discussion or decision as to the

6

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

EXHIBIT D - Page 25

07/23/2019

order's scope and retroactive effect. *See* Watson Decl. ¶ 3, Ex. 3; 83 FR 67470. Indeed—as Plaintiff notes—the order appears to indicate only a prospective ruling that "California may no longer enforce the [Meal and Rest Break] Rules with respect to drivers of property-carrying [commercial motor vehicles] subject to FMCSA's [hours of service] rules." *Id.* Thus, the Ninth Circuit is not currently reviewing any questions concerning the retroactive effect and scope of the order before it. Accordingly, this Court's ruling on the retroactive effect and scope of the order, as it relates to the litigants before it, will not interfere with the exclusive jurisdiction of the Ninth Circuit to review the validity of the FMCSA's "decision under subsection (c) . . . ." 49 U.S.C. § 31141. In this case, no other tribunal stands better situated to make this determination.

In ruling that the FMCSA's order does not preclude recovery on claims that accrued before December 21, 2018, the Court is guided by three fundamental principles of law:

(1) Administrative agencies are creatures of statute that have no independent "constitutional or common law existence or authority, but only those authorities conferred upon [them] by Congress," *Michigan v. EPA*, 268 F.3d 1075, 1081 (D.C. Cir. 2001);

(2) Legislative enactments—as well as administrative acts—are presumed to apply only prospectively, and courts will only apply them retroactively when "their language requires this result," *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208-09 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result. By the same principle, a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms. Even where some substantial justification for retroactive rulemaking is

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

EXHIBIT D - Page 26

07/23/2019

1  presented, courts should be reluctant to find such authority absent an express statutory

2  grant.") (citations omitted); and

3  (3) Judicial decisions—on the other hand—are presumed to apply retroactively, and courts

4      will only deny "retroactive effect to 'a new principle of law' if such a limitation would

5      avoid '"injustice or hardship"' without unduly undermining the 'purpose and effect' of

6      the new rule," *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 94-95 (1993) ("Nothing

7      in the Constitution alters the fundamental rule of 'retrospective operation' that has

8      governed 'judicial decisions . . . for near a thousand years.'") (quoting *Kuhn v.*

9      *Fairmont Coal Co.*, 215 U.S. 349, 372 (1910) (Holmes, J., dissenting)) (citations

10     omitted).

11

12     Here, the Court cannot say with any level of certainty that section 31141 authorizes the

13  Agency to issue a determination that applies retroactively and restricts recovery for the already

14  accrued claims and vested rights of Plaintiffs. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007)

15  ("'Under the traditional rule of accrual . . . the tort cause of action accrues . . . when the wrongful

16  act or omission results in damages.'") (quoting 1 C. Corman, Limitation of Actions § 7.4.1, at 526-

17  527 (1991) (footnote omitted)); *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252, 1259

18  (2006) (recognizing ownership rights in "tangible and intangible forms of property, including

19  causes of action"); Civ. Code § 953 ("A thing in action is a right to recover money or other personal

20  property by a judicial proceeding.").

21     Indeed, as Plaintiffs note section 31141(a) is titled "[p]reemption after decision." Though

22  weak, this language is—at best—indicative of some Congressional intent for a prospective-only

23  temporal effect, and—at worst—sufficiently ambiguous to be unable to overcome the presumption

24  that Congress did not intend to grant the Agency the authority to extend its decisions retroactively.

25  *See Michigan*, 268 F.3d at 1082 ("Mere ambiguity in a statute is not evidence of congressional

8

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

delegation of authority.") (citing *Sea-Land Servs., Inc. v. Dep't of Transp.*, 137 F.3d 640, 645 (D.C. Cir. 1998)).

Defendant's attempts to label the FMCSA's order as a "legal determination" or mere "clarifying order," and not a rulemaking under the APA, does not avoid the presumption against retroactivity here. *See* Def.'s Reply 5:16-7:4. Defendant cannot dispute that the Agency's only authority to issue its December 21, 2018, decision is that delegated to it by Congress under section 31141. *See Bowen*, 488 U.S. at 208; *Michigan*, 268 F.3d at 1081. Thus, Defendant cannot successfully analogize to the retroactive effect that judicial decisions have because the Agency here is acting solely under the authority of a legislative enactment. Thus, without clear intent that section 31141 was intended to apply retroactively, the Court must presume that Congress intended it not to. Therefore, the Agency—acting pursuant to section 31141—cannot issue determinations that apply retroactively and interfere with vested property rights.

Similarly, the Court finds Defendant's reliance on *City of Columbus v. Ours Garage & Wrecker Services*, 536 U.S. 424 (2002), to be unpersuasive on this point as well. Defendant latches on to the dictum in that decision stating that section 31141 "authorizes the Secretary to void," *id.* at 441, certain laws, and argues that such language compels the conclusion that a decision under section 31141 sidesteps the retroactivity inquiry because the law is considered void ab initio. This Court is hard-pressed to conclude that the Supreme Court intended—in such passing language in a case not involving any questions of retroactivity—to grant the Agency sweeping authority to issue broad decisions of immeasurable consequence to States and individuals alike without regard to those person's vested rights. In this Court's view, such a conclusion is inconsistent with the presumption against retroactive application of administrative and legislative acts and the lack of clear legislative intent for retroactive application of Agency determinations made pursuant to section 31141. *See Landgraf v. Usi Film Prods.*, 511 U.S. 244, 270 ("[R]etroactivity is a matter on

9

EXHIBIT D - Page 28

which judges tend to have 'sound . . . instinct[s],' and familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.")

Finally, the Agency's determination—contrary to the FMCSA's hearty assertions in its March 22, 2019, opinion letter, *see* Watson Decl. ¶ 5, Ex. 5—cannot simply be characterized as an action removing jurisdiction that "'does not affect the general principle that a statute is not to be given retroactive effect unless such construction is required by explicit language or by necessary implication.'" *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 274, n.27 (1994) (quoting *Bruner v. United States*, 343 U.S. 112, 117, n.8 (1952)). It is well-settled that "[a]pplication of a new jurisdictional rule usually 'takes away no substantive right but simply changes the tribunal that is to hear the case.'" *Id.* (quoting *Hallowell v. Commons*, 239 U.S. 506, 508 (1916). The FMCSA's order—as-applied to claims that accrued prior to December 21, 2018—would not simply change the tribunal that hears those claims. It would eradicate those claims altogether. The authority to eradicate such substantive rights cannot simply be surmised from "[m]ere ambiguity in a statute . . . ." *Michigan*, 268 F.3d at 1082 (citing *Sea-Land Servs., Inc. v. Dep't of Transp.*, 137 F.3d 640, 645 (D.C. Cir. 1998)). The FMCA's March 22, 2019, opinion letter, however, fails to fully consider these impacts, and it is for that reason that the Court declines to defer to the Agency's opinion on retroactivity and scope. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 139-40 (1944).

Accordingly, the Court finds that Defendant has met its burden and demonstrated that Plaintiffs' claims for meal and rest premia that accrued on December 21, 2018, onward have no merit on the ground that such claims are preempted by the FMCSA's order as-applied to Plaintiffs in this case. *See* Job Decl. ¶¶ 2-5 ("As a part of its business, JBS Carriers employs drivers who operate commercial motor vehicles to transport freight and food products on interstate highways and across state lines. The freight and food products generally have a gross vehicle weight of at least over 10,000 pounds.") Plaintiffs have not demonstrated that there is a triable issue in response

10

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

EXHIBIT D - Page 29

07/23/2019

with regard to that time period.

However, in light of the Court's ruling that the FMCSA's order does not apply retroactively to meal and rest period premia claims that accrued before December 21, 2018, the Court finds that Defendant has not met its burden to demonstrate that it is entitled to judgment on those claims as a matter of law.

Therefore, Defendant's motion is **GRANTED** as to Plaintiffs claims for meal and rest premia that accrued on December 21, 2018, or anytime thereafter, as well as any derivative claims based thereon. The motion is **DENIED** as to all claims for meal and rest period premia that accrued before December 21, 2018. Moreover, as will be discussed below, Defendant's motion is **DENIED** as to Plaintiffs' minimum wage claims for unrelated work and derivative causes of action.

### 2. Plaintiffs' Claims for Failure to Pay Separately and Hourly for Rest Breaks.

Defendant moves for summary adjudication of Plaintiffs' first cause of action seeking recovery of unpaid wages for provided off-duty rest breaks on the ground that it is incompatible with Plaintiffs' claims for premia from Defendant's alleged failure to provide off-duty rest breaks. Though Defendant correctly posits that Plaintiffs cannot recover damages under both theories simultaneously, since it would constitute double-dipping, the Court is unpersuaded that Plaintiffs are precluded—as a matter of law—from advancing both alternative theories at trial. Both theories can be properly advanced and presented to the trier-of-fact using a special verdict.

Therefore, Defendant's motion is **DENIED** on this ground.

### 3. Minimum Wage Claims Based on Unrelated Activity.

Defendant argues that it is entitled to summary adjudication of Plaintiffs' minimum wage claims on the ground that all of the non-driving tasks that Plaintiffs allege they should be separately compensated for pursuant to Labor Code section 226.2(a)(1) are directly related to Plaintiffs' piece-rate compensated task of transporting and delivering loads.

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

EXHIBIT D - Page 30

1    The Labor Code provides that "[e]mployees shall be compensated for rest and recovery

2    periods and other nonproductive time separate from any piece-rate compensation." Labor Code §

3    226.2(a)(1). "'[O]ther nonproductive time' means time under the employer's control, exclusive of

4    rest and recovery periods, that is not directly related to the activity being compensated on a piece-

5    rate basis." *Id.* at § 226.2. Defendant argues that tasks directly related to transporting and delivering

6    loads includes: "(1) conducting pre- and post-trip inspections; (2) 'checking the oil and motor'; (3)

7    time spent filling out paperwork, including trip planning, inspections, bills of lading, receipts,

8    citations, and reimbursements; (4) time spent at weigh stations and scales; (5) time spent cleaning

9    and washing the trailer; (6) refueling and filling up the gas tank; and (7) 'hauling and delivering

10   materials,' (8) time spent waiting to load and unload (known as detention time), (9) time spent on

11   maintenance (known as breakdown time), and (10) time spent waiting for a new assignment

12   (known as layover time)." Def.'s Mot 31:10-17 (quoting Compl. ¶¶ 9-10, 30-37; Pl.'s Mot. for

13   Class Certification 2-3).

14   

15   

16       When focusing on the statute itself, as Defendant so implores, *see* Def.'s Reply 12:1-7, the

17   Court cannot say as a matter of law that these activities, especially layover time spent waiting for

18   a new assignment, are directly related to the Plaintiffs' piece-rate compensated transport and

19   delivery of loads—even if those tasks are mandated by law. First, to the extent Defendant relies

20   on *Jimenez-Sanchez v. Dark Horse Express, Inc.*, 32 Cal. App. 5th 224 (2019), that opinion has

21   since been ordered not published by the Supreme Court as of June 12, 2019. Second, to the extent

22   the scope of Plaintiffs' compensation for related activities still involves examining the agreement

23   of the parties, there still remains a material dispute of fact as to the parties' agreement on

24   compensation. *See* Pls.' Sep. Statement of Material Facts No. 22.

25   

26       Thus, the Court finds that there is a triable issue of material fact with regards to whether

27   the agreements between the parties and the specific tasks at issue were "directly related" to the

28   

07/23/2019

12

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

Plaintiffs' piece-rate compensation under Labor Code section 226.2. Thus, Defendant's motion is **DENIED** with respect to Plaintiffs' minimum wage claim.

### 4. Plaintiff Ryan's Individual Claim for Reimbursement of Expense Associated with use of a Personal Cellphone.

The parties agree that employers are required to reimburse employees for the reasonable expenses associated with the mandatory use of a personal cellphone. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137, 1144 (2014). Based on the evidence before it, the Court finds that there is triable issue with respect to whether Plaintiff Ryan's use of his personal cellphone was mandatory or otherwise required in his employment relationship with Defendant *See* Pls.' Sep. Statement of Material Facts Nos. 58, 60, 96.

Therefore, Defendant's motion is **DENIED** with respect to Plaintiff Ryan's individual reimbursement claim.

### 5. Defendant's Good Faith Defense from Statutory Penalties.

Defendant moves for summary adjudication of Plaintiffs' claims for statutory damages and penalties pursuant to Labor Code sections 203 and 226 on the grounds that: (1) it has a good-faith defense precluding recovery of such damages and penalties; and (2) Plaintiffs' cannot prove the necessary element of willfulness. First, the Court examines the good faith basis of Defendant's defense and willfulness with respect to statutory damages and penalties derived from Plaintiffs' minimum wage claims for unrelated work.

"The settled meaning of 'willful,' as used in section 203, is that an employer has intentionally failed or refused to perform an act which was required to be done." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008) (citing *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 7-8 (1981)). "[T]he employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due." *Barnhill*, 125

07/23/2019

Cal.App.3d at 7.

"*Barnhill*'s holding was memorialized in California Code of Regulations, title 8, section 13520. This regulation states: 'A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due. However, a good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203.'" *Amaral*, 163 Cal. App. 4th at 1202. "A 'good faith dispute' that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recover on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a 'good faith dispute.'" *Id.* (citing Cal. Code Regs., tit. 8, § 13520.) (internal quotation marks omitted).

Here, Defendant has presented the defense that its piece-rate compensation system is lawful under the state's minimum wage laws per the parties' agreement and the plain meaning of Labor code section 226.2. As Defendant notes, there is arguably a lack of clarity in the law as to the exact scope of required compensation for certain tasks (i.e. whether those tasks constitute "other nonproductive time"). *See Nisei Farmers League v. Labor & Workforce Dev. Agency*, 30 Cal. App. 5th 997, 1017 (2019) ("In conclusion, while there may be some uncertainty as to the application of section 226.2 in some circumstances, nevertheless, we believe the statutory definition of the term 'other nonproductive time' as 'time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis' provides an adequately discernable standard that possesses a reasonable degree of specificity."). Even if this defense is ultimately unsuccessful, it does not necessarily mean that it is unreasonable or frivolous under the circumstances. *See Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157,

14

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

07/23/2019

1202 (2008). Therefore, the Court finds that Defendant has met its initial burden to show that Plaintiffs' claims for statutory damages and penalties pursuant to Labor Code sections 203 and 226 have no merit.

Nevertheless, Plaintiffs have presented evidence "showing the company acted in bad faith when it failed to pay such rates." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1202 (2008); *see* Pls.' Sep. Statement of Material Facts No. 104-06; Liang Decl., Ex. 24 (detailing various driver complaints related to unlogged and unpaid layover and detention time). This evidence could support a finding "that [Defendant] was aware that employees were not being compensated for nonproductive time." *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 326 (2005). Thus, Plaintiffs have presented evidence sufficient to create a triable issue as to the propriety of imposing statutory damages and waiting time penalties here.

Because there is a basis for imposing waiting time penalties under one of Plaintiffs' theories of recovery, the Court need not examine the good faith bases of Defendant's defenses with respect to Plaintiffs' meal and rest period premia claims.

Accordingly, Defendant's motion is **DENIED** with respect to Plaintiffs' claims for statutory damages and waiting time penalties.

## 6. Plaintiff's PAGA Notice

Defendant moves for summary adjudication of Plaintiffs' PAGA claims on the grounds that Plaintiff has failed to (1) plead exhaustion; and (2) give adequate notice to Defendant in his LWDA Letter of his currently advanced PAGA allegations.

Upon reading Plaintiffs' PAGA Letter to the LWDA, the Court finds it to be sufficient. The LWDA letter detailed Plaintiff Ryan's (i) minimum wage claims based on Defendant's "failure to pay separately and hourly at least minimum wage for time spent by its truck driver employees in California paid on a 'per-mile' piece-rate basis ('drivers') for inspection time, fueling

15

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

07/23/2019

1  time, cleaning time, waiting time, and time spent on rest breaks (the 'Non-Driving Tasks') . . . ,"

2  and (ii) derivative claims "based on Defendant's failure to accurately include the total hours

3  worked . . . ." *See* LWDA Letter, Ex. 7. The letter also details other bases for derivative liability,

4  statutory damages, and penalties. *See id.* Thus, the letter sufficiently "allow[ed] the LWDA 'to

5  intelligently assess the seriousness of the alleged violations' [and] g[a]ve [Defendant] enough

6  information 'to determine what policies or practices are being complained of so as to know whether

7  to fold or fight.'" *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 837 (2018) (quoting

8  *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015)).

9  

10  The Court also is unpersuaded by Defendant's argument that Plaintiffs' PAGA claims still

11  fail because Defendant did not have "notice that Plaintiffs' claims were intended to include

12  detention time, breakdown time, layover time, paperwork time, or time spent washing, cleaning,

13  weighing, or chaining." Def.'s Reply 15:17-18. Plaintiffs need not detail an exhaustive, tedious

14  laundry-list of every single complained of act to satisfy their exhaustion requirements. The Court

15  finds that the letter is sufficient to support Plaintiffs' claims related to "detention time, breakdown

16  time, layover time, paperwork time, or time spent washing, cleaning, weighing, or chaining," *id.*,

17  because each of those tasks are reasonably categorized as "inspection time, fueling time, cleaning

18  time, [or] waiting time . . . ." *See* LWDA Letter, Ex. 7.

19  

20  Therefore, the Court finds that Defendant has failed to demonstrate that Plaintiffs' PAGA

21  claims have no merit. Accordingly, Defendant's motion is **DENIED** as to Plaintiffs' PAGA

22  claims.

23  

24  Moreover, because the letter itself is sufficient and demonstrates compliance with the

25  exhaustion requirements of PAGA, the Court finds that justice requires granting Plaintiffs leave to

26  amend to correct this omission in their pleadings and allege compliance with the exhaustion

27  requirements of PAGA. Pls.' Opp'n 31:15-26; *see* Civ. Proc. Code § 473 ("The court may likewise,

28  

16

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

07/23/2019

1   in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an

2   amendment to any pleading or proceeding in other particulars; and may upon like terms allow an

3   answer to be made after the time limited by this code."). Defendant will have fourteen (14) days

4   from the date of this order to file an opposition and request a hearing on the proposed amendment

5   to Plaintiffs' complaint. If no hearing is requested, Plaintiffs will have twenty-one (21) days from

6   the date of this order to file their amended answer. Defendants' previous answer will be deemed

7

8   to be the answer to Plaintiffs' amended complaint, unless Defendant wishes to file a new answer,

9   in which case Defendant shall file such answer within twenty-eight (28) days of this order.

### III.    CONCLUSION

10

11        For the foregoing reasons, Defendant's motion is **GRANTED** in part and **DENIED** in part.

12   The motion is **GRANTED** with respect to Plaintiffs' (i.e. the Class's) claims for meal and rest

13   premia, as well as derivative claims based thereon, that accrued on or after December 21, 2018.

14   The motion is **DENIED** with respect to: (1) Plaintiffs' claims for meal and rest premia that accrued

15   before December 21, 2018; (2) Plaintiffs' minimum wage claims for unrelated activity; (3)

16   Plaintiffs' derivative claims based on those theories (including wage statement penalties, PAGA

17   penalties, etc.); and (4) Plaintiff Ryan's individual claim for reimbursement of expenses (as well

18   as his individual derivate claims based thereon).

19

20

21      Dated: July/8, 2019

22

23                      Daniel J. Buckley
                          Judge of the Superior Court

24

25

26

27

28

07/23/2019

17

COURT'S RULING AND ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

EXHIBIT D - Page 36