Brandon R. McKelvey (CA Bar No. 217002)
Email: brandon@medinamckelvey.com
Timothy B. Nelson (CA Bar No. 235279)
Email: tim@medinamckelvey.com
Kyle W. Owen (CA Bar No. 326335)
Email: kyle@medinamckelvey.com
MEDINA McKELVEY LLP
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone: (916) 960-2211
Facsimile: (916) 742-5488

Counsel for Defendant MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRYANT PATTON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MIDWEST CONSTRUCTION SERVICES, INC. DBA TRILLIUM CONSTRUCTION/DRIVERS, a California corporation, and DOES 1 through 100, inclusive,

Defendant.

Case No. 2:19-cv-08580-JFW-MAA

**DEFENDANT MIDWEST CONSTRUCTION SERVICES, INC. DBA TRILLIUM CONSTRUCTION/DRIVERS' REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Hearing Date: June 14, 2021
Time: 1:30 p.m.
Courtroom: 7A

Action Filed: August 14, 2019
Trial Date: May 24, 2022

# TABLE OF CONTENTS

I. INTRODUCTION .......... 4

II. BACKGROUND .......... 5

III. ARGUMENT .......... 6

A. Plaintiff Concedes That He and the Class Are Federally Regulated Drivers Subject to the FMCSA's Preemption Determination. .......... 6

B. A Majority of Courts Have Rejected the Same Retroactivity Argument Plaintiff Makes Here. .......... 7

C. *Teamsters* Does Nothing to Disrupt the Court's Lack of Enforcement Power. .......... 9

D. The FMCSA's Most Recent Guidance Counsels That Its Determination Strips Courts of Their Ability to Enforce California's Meal and Rest Break Rules. .......... 11

E. Midwest's Motion for Partial Summary Judgment Is Ripe for Immediate Decision. .......... 12

IV. CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Cases**

*Auer v. Robbins*,
519 U.S. 452 (1997) .......... 11

*Ayala v. U.S Xpress Enterprises, Inc.*,
No. EDCV 16-137-GW(KKX), 2019 WL 1986760, at *1
(C.D. Cal. May 2, 2019) .......... 7, 8, 13

*Christensen v. Harris Cty.*,
529 U.S. 576, 588 (2000) .......... 11, 12

*City of Columbus v. Ours Garage & Wrecker Serv., Inc.*,
536 U.S. 424, 441–42 (2002) .......... 9

*Connell v. Heartland Express, Inc.*,
No. 2:19-CV-09584-RGK-JC, 2020 WL 813022, at *3
(C.D. Cal. Feb. 6, 2020) .......... 5, 9

*Goffney v. Becerra*,
995 F.3d 737, 744 (9th Cir. 2021) .......... 11

*Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*,
986 F.3d 841 (9th Cir. 2021) .......... passim

*Kisor v. Wilkie*,
139 S. Ct. 2400, 2415 (2019) .......... 11

*Nash v. Horizon Freight Sys., Inc.*,
No. 19-CV-01883-VC, 2020 WL 4284820, at *2
(N.D. Cal. July 27, 2020) .......... 8

*Pavloff v. Cardinal Logistics Mgmt. Corp.*,
No. CV 20-00363 PA (KKx), 2020 WL 6828902, at *5
(C.D. Cal. Oct. 2, 2020) .......... 9

*Skidmore v. Swift & Co.*,
323 U.S. 134, 140 (1944) .......... 12

*Valiente v. Swift Transportation Co. of Arizona, LLC*,
No. 2:19-CV-04217-VAP-KKx, 2021 WL 1799808,
at *2 (C.D. Cal. Apr. 5, 2021) .......... 6, 10, 12, 13

**Statutes**

49 C.F.R. § 1.87(f) (2016) .......... 8

49 U.S.C. § 31141, *et seq.* .......... 5, 7, 10

**Other Authorities**

83 Fed. Reg. 67,470 .......... 5

FMCSA Legal Opinion of the Office of the Chief Counsel (March 22, 2019) .......... 5, 11, 12, 14



MEDINA MCKELVEY LLP

# I. INTRODUCTION

There are four reasons why the Court should grant Midwest Construction Services, Inc.'s ("Midwest's") motion for partial summary judgment (Def.'s Mot. Partial Summ. J. ("MPSJ"), ECF No. 53) and dismiss Plaintiff's individual and class meal and rest break claims (and derivative claims). First, Plaintiff's opposition (Opp'n, ECF No. 61) concedes the factual predicate upon which Midwest's motion stands: that he and the putative class are federally regulated drivers subject to the Federal Motor Carrier Safety Administration's ("FMCSA's") preemption determination. Therefore, there are no material questions of fact that prevent the Court from entering summary judgment in Midwest's favor on Plaintiff's meal and rest break claims (and derivative claims).

Second, Plaintiff's opposition contains no argument, or evidence for that matter, explaining why a majority of courts (and the FMCSA itself) were wrong in determining that the FMCSA's preemption determination bars courts from *enforcing* California's meal and rest break rules. Plaintiff's opposition instead tries to sidestep the issue by advancing a retroactivity argument that these same courts (and the FMCSA) have deemed wholly irrelevant.

Third, Plaintiff's opposition overlooks the impact that *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin. ("Teamsters")*, 986 F.3d 841 (9th Cir. 2021) has on resolving the question of enforcement. The *Teamsters* ruling affirmed the FMCSA's preemption determination and, in effect, did nothing to upset the reasoning of the lower courts relying on that determination. Thus, the reasoning of courts that have found they are barred from enforcing California's meal and rest break rules, both before and after *Teamsters*, remains sound.

Finally, the FMCSA itself has counseled that its determination strips courts of their enforcement power. This advisement is not without consequence and serves as additional support for a position that a majority of courts have held since the FMCSA first issued its determination.

For these reasons, the Court should grant Midwest's motion and dismiss Plaintiff's individual and class meal and rest break claims (and derivative claims) because they are clearly preempted under federal law.

## II. BACKGROUND

On December 28, 2018, the FMCSA issued an Order concluding that California's meal and rest break rules, as applied to property carrying commercial motor vehicles and drivers, are preempted under 49 U.S.C. § 31141. 83 Fed. Reg. 67,470 (Dec. 28, 2018). Since that determination, a majority of federal district courts have found that they are barred from enforcing California's meal and rest break rules, regardless of when the underlying conduct occurred. *See, e.g.*, *Connell v. Heartland Express, Inc.*, No. 2:19-CV-09584-RGK-JC, 2020 WL 813022, at *3 (C.D. Cal. Feb. 6, 2020) (collecting cases). The FMCSA issued an opinion letter on March 22, 2019, reaching the same conclusion. (*See* Pl.'s Req. for Judicial Not., Ex. B, ECF No. 62-2 (*FMCSA Legal Opinion of the Office of the Chief Counsel* (March 22, 2019) ("Opinion Letter")).)

On August 14, 2019, plaintiff Bryant Patton, a federally regulated commercial driver, initiated this action against Midwest on his own behalf and on behalf of a class of federally regulated commercial drivers. (*See generally* Compl., ECF No. 1-1; *see also* First Am. Compl., ECF No. 27 (adding cause of action under California's Private Attorney's General Act).) The complaint includes two claims for alleged violations under the California Labor Code's meal and rest break provisions and several derivative claims.

On December 16, 2019, the Court approved the parties' stipulation to stay the case pending the Ninth Circuit's resolution of consolidated appeals over the FMCSA's preemption determination. (Order Granting Joint Stip., ECF No. 30.) The parties agreed that the Ninth Circuit's decision would resolve "a critical foundational issue that could have a significant impact on the outcome of the meal and rest period claims alleged in this case." (Joint Stip. to Stay Case, ECF No. 29.)

On January 15, 2021, the Ninth Circuit rendered its decision and affirmed the FMCSA's determination that California's meal and rest break claims are preempted under federal law as applied to federally regulated commercial drivers. *Teamsters*, 986 F.3d at 846. *Teamsters* did nothing to disrupt the reasoning of the district courts that previously found that the FMCSA's determination bars them from enforcing California's meal and rest break laws, and at least one district court has reached the same conclusion after *Teamsters* was decided. *See Valiente v. Swift Transportation Co. of Arizona, LLC*, No. 2:19-CV-04217-VAP-KKx, 2021 WL 1799808, at *2 (C.D. Cal. Apr. 5, 2021).

On May 12, 2021, Midwest moved for partial summary judgment of Plaintiff's meal and rest break claims (and derivative claims) because they are preempted under federal law and unenforceable.

## III. ARGUMENT

### A. Plaintiff Concedes That He and the Class Are Federally Regulated Drivers Subject to the FMCSA's Preemption Determination.

As an initial matter, Plaintiff presents no argument or evidence to rebut Midwest's assertion that Plaintiff, and thus the class, are federally regulated drivers subject to the FMCSA's preemption determination. In fact, Plaintiff concedes that point by arguing that the liability period extends only to the point at which the FMCSA made its determination. (*Id.*, at 1 n.1 ("Plaintiff is not disputing the issue of preemption for the period of ***December 21, 2018 to the present***." (emphasis in original).) In other words, by conceding that, at a minimum, the FMCSA's determination applies to Plaintiff and the class (as federally regulated drivers) prospectively from the point of its determination, Plaintiff necessary concedes that he and the class were federally regulated drivers during the entire class period.

Plaintiff's concession confirms that this case now presents a purely legal question for the Court to resolve. Thus, if the Court resolves the question of *enforceability* in Midwest's favor, then there are no questions of material fact to





prevent the Court from granting Midwest's motion for partial summary judgment and dismissing the individual and class meal and rest break related claims.[1]

**B. A Majority of Courts Have Rejected the Same Retroactivity Argument Plaintiff Makes Here.**

Rather than dispute the material facts in any meaningful way, Plaintiff spends the bulk of his opposition arguing that the FMCSA's preemption determination is not entitled to retroactive effect. Yet, notably missing from Plaintiff's opposition is any argument as to why the majority of courts that have considered and rejected the same retroactivity argument were wrong in doing so. Indeed, the seminal case on this issue, *Ayala v. U.S Xpress Enterprises, Inc.*, No. EDCV 16-137-GW(KKX), 2019 WL 1986760, at *1 (C.D. Cal. May 2, 2019), receives little more than a footnote reference in Plaintiff's opposition. (*See* Opp'n at 9–10 n.5 (citing *Ayala*, 2019 WL 1986760, at *3)).

In *Ayala*, defendant moved for partial summary judgment on plaintiff's meal and rest break claims in light of the FMCSA's December 28, 2018, preemption determination. 2019 WL 1986760, at *1. Plaintiff argued that, among other things, the FMCSA's determination does not apply retroactively. *Id.*, at *2.

The *Ayala* court explained that "[u]nder Section 31141, the Secretary of Transportation is authorized to make a determination that state laws meeting certain criteria are preempted and *may not be enforced*." *Id.* (emphasis in original) (citing 49 U.S.C. § 31141)). And authorization to make such determinations has been

[1] The Court's First Amended Scheduling Order advises that "[e]vidientiary objections are to be addressed in a separate memorandum" and accompanied by "a very brief argument with citation to authority as to why the objection is well taken." (First Am. Scheduling Order at 16, ECF No. 51.) The Court further warns that "[b]lanket or boilerplate objections to the opponent's statement of facts . . . will be disregarded and overruled." (*Id.*) Here, Plaintiff lodges similar boilerplate objections to only eight of Midwest's 29 uncontroverted facts and conclusions of law. (*See* Pl.'s Evid. Obj., ECF No. 61-1.) These objections do not create questions of material fact, and they should be disregarded and overruled because they are boilerplate and because Plaintiff fails to present substantive arguments in a separate memorandum as the Court requires.

delegated to the FMCSA Administrator. *Id.* (citing 49 C.F.R. § 1.87(f) (2016)). Therefore, because the FMCSA acted under its lawful authority and determined that California's meal and rest break rules are preempted as applied to federally regulated drivers, as affirmed by *Teamsters*, the court found that "it is precluded from ruling on Plaintiff's" meal and rest break claims. *Id.* In other words, the court had no power to grant relief because the "FMCSA [] promulgated an order [that] specifically bars enforcement of the relevant provisions of the California Labor Code as applied to property-carrying commercial vehicle drivers." *Id.*

In specifically addressing plaintiff's retroactivity argument, the court explained:

> Plaintiff's action is not for reconsideration of a prior determination. Instead, Plaintiff asks the Court to *enforce* California Labor Code §§ 226.7 and 512. The Court *currently* has no authority to enforce the regulations under which Plaintiff brings his first cause of action. Therefore, the issue of retroactive effect is irrelevant.

*Id.*, at *3 (emphasis in original) (internal citation omitted).

Plaintiff here makes no argument that the *Ayala* court's reasoning is unsound, or even that *Teamsters* somehow alters the calculus. Nor does Plaintiff dispute that he is asking the Court to *enforce* the Labor Code by asserting meal and rest break claims in this case. Instead, Plaintiff skips past the issue of enforcement in order to advance an argument that *Ayala*, and the majority of courts thereafter, have explicitly rejected.

In *Nash v. Horizon Freight Sys., Inc.*, No. 19-CV-01883-VC, 2020 WL 4284820, at *2 (N.D. Cal. July 27, 2020), for example, the court rejected plaintiff's "retroactivity" argument and underscored that the Secretary of Transportation's power (and the FMCSA Administrator's by delegation) to forbid enforcement of preempted state laws flows from Congress itself. For this reason, "most courts to consider the question have concluded [that] section 31141 strips states of the power to 'enforce' state laws that the Secretary determines are preempted, regardless of

when the underlying conduct occurred." *Id.* This deprivation of power is entirely "consistent with the Supreme Court's characterization of section 31141 as authorizing the Secretary to 'void' and 'invalidate' state laws 'upon finding that their content or multiplicity threatens to clog the avenues of commerce.'" *Id.* (quoting *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 441–42 (2002)). Retroactivity is irrelevant for this reason. *Pavloff v. Cardinal Logistics Mgmt. Corp.*, No. CV 20-00363 PA (KKx), 2020 WL 6828902, at *5 (C.D. Cal. Oct. 2, 2020); *see also* *Connell*, 2020 WL 813022, at *3 (collecting cases).

Plaintiff fails to explain how a court that has been stripped of its enforcement power through Congressional delegation and a lawful exercise of administrative authority somehow retains the ability to provide relief. No such ability exists. Therefore, because the Court lacks the ability to enforce Plaintiff's meal and rest break claims, and Plaintiff provides no credible argument to the contrary, Midwest's motion for partial summary judgment must be granted as to both individual and class meal and rest break claims (and derivative claims).

### C. *Teamsters* Does Nothing to Disrupt the Court's Lack of Enforcement Power.

Also missing from Plaintiff's opposition is any meaningful discussion regarding the *Teamsters* case that prompted a 14-month stay in this case. There can be no dispute that *Teamsters* is vital to the resolution of Plaintiff's meal and rest break claims. (*See* Joint Stip. to Stay Case ("Plaintiff [] agrees that [the FMCSA's determination] is a critical foundational issue that could have a significant impact on the outcome of the meal and rest period claims alleged in this case.").) Yet rather than explain how *Teamsters* might somehow unsettle the enforcement findings made by the majority of district courts, as discussed above, Plaintiff gives little treatment to *Teamsters*. If anything, Plaintiff all but concedes that *Teamsters* does nothing to disrupt the reasoning provided by the district courts that have found that the

///

FMCSA's determination strips them of their ability to enforce the meal and rest break provisions of the California Labor Code.

It is axiomatic that if a majority of district courts find that they are barred from enforcing California's meal and rest break provisions based on the FMCSA's 2018 determination, and the Ninth Circuit upheld the FMCSA's determination, then the reasoning applied by those courts remains intact. Indeed, the *Teamsters* court underscored that the FMCSA's determination was one of enforcement: "[W]e hold that the agency did not act arbitrarily or capriciously in finding that *enforcement* of the MRB rules 'would cause an unreasonable burden on interstate commerce.'" *Teamsters*, 986 F.3d at 856 (emphasis added) (quoting 49 U.S.C. § 31141(c)(4)(C)).

This logic played out most recently in *Valiente v. Swift Transportation Co. of Arizona, LLC*, No. 2:19-CV-04217-VAP-KKx, 2021 WL 1799808, at *2 (C.D. Cal. Apr. 5, 2021), which was decided after *Teamsters*.[2] In *Valiente*, the court held that, even after considering *Teamsters*, it "currently has no authority to enforce the regulations upon which Plaintiffs' meal and rest break claims rest." *Id.* And the court acknowledged that "the litany of cases . . . echo[] this point." *Id.*

The reasoning here is simple: (1) the FMCSA determined that California's meal and rest break rules are preempted and cannot be enforced against federally regulated drivers; (2) the Ninth Circuit in *Teamsters* affirmed that determination; (3) the majority of district courts before and after *Teamsters* have found that the FMCSA's determination bars them from *enforcing* meal and rest break claims as applied to federally regulated drivers; and (4) Plaintiff here provides no argument as to why or how this Court retains power to enforce his meal and rest break claims in light of these district court decisions and in light of *Teamsters*. This chain of logic

---

[2] Plaintiff overstates Midwest's reliance on *Valiente*. (*See* Opp'n at 2 n.2 ("Defendant's motion relies heavily on the district court opinion.").) Midwest relies on *Valiente* in its moving papers the same way it does here: as merely one in a line of cases that find that courts are barred from enforcing California's meal and rest break provisions, and that, consequently, the issue of retroactivity is irrelevant.

leads to the unmistakable conclusion that Plaintiff's meal and rest break claims are preempted and must be dismissed because they are unenforceable. Midwest's motion for partial summary judgment must be granted for these reasons.

**D. The FMCSA's Most Recent Guidance Counsels That Its Determination Strips Courts of Their Ability to Enforce California's Meal and Rest Break Rules.**

Plaintiff's opposition correctly acknowledges that the FMCSA's most recent opinion on the question of enforcement affirmatively states:

> The FMCSA's legal opinion is that an FMCSA preemption decision under Section 31141 precludes courts from granting relief pursuant to the preempted State law or regulation at any time following issuance of the decision, regardless of whether the conduct underlying the lawsuit occurred before or after the decision was issued, and regardless of whether the lawsuit was filed before or after the decision was issued.

(Opinion Letter at 4.)

Plaintiff asks the Court to disregard this advisement entirely because it is the product of "industry pressure," contradicts a previous email from an agency attorney, and is "at a minimum, ambiguous." (Opp'n at 5, 8.) Plaintiff fails to appreciate, however, that the agency's Opinion Letter is entitled to, at the very least, some level of deferential treatment or respect, and should not be disregarded as Plaintiff suggests.

First, Plaintiff argues that the Opinion Letter creates, "at a minimum," ambiguity regarding the "retroactive effect" of the FMCSA's determination. (Opp'n at 8.) If true, then the FMCSA Opinion Letter requires judicial deference because "an agency's interpretation of its own regulation is entitled to deference . . . when the language of the regulation is ambiguous." *Christensen v. Harris Cty.*, 529 U.S. 576, 588 (2000) (citing *Auer v. Robbins*, 519 U.S. 452 (1997)).[3]

---

[3] "The Supreme Court recently reaffirmed *Auer* deference, but in doing so, it noted some limitations on the doctrine's scope. The most important limitation is that the regulation must be 'genuinely ambiguous.'" *Goffney v. Becerra*, 995 F.3d 737, 744 (9th Cir. 2021) (quoting *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019)).





Second, even if strict deference does not apply, the Opinion Letter is entitled to respect. As the Supreme Court explained in *Christensen*, "interpretations contained in formats such as opinion letters are 'entitled to respect,' . . . but only to the extent that those interpretations have the 'power to persuade.'" *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). The FMCSA Opinion Letter is persuasive and entitled to respect because it states that the January 7, 2019 email from an attorney within the agency—stating that the FMCSA's determination does not have retroactive effect—"did not and does not represent the views of FMCSA." (Opinion Letter at 1–2.) Instead, the "FMCSA's view is that once the agency issues a preemption decision under Section 31141, the preempted State law or regulation may not thereafter be enforced" as to the specified activity. (*Id.*, at 2.) This letter unequivocally states the agency's position regarding enforcement of state law in light of its preemption determination. Midwest is unaware of, and Plaintiff has not identified, a superseding, contradictory opinion letter or position statement from the agency. And Plaintiff provides no support or evidence for his assertion that the Opinion Letter was the result of "industry pressure." (Opp'n at 5.)

The Court should, at a minimum, give due consideration and respect to the FMCSA's March 22, 2019, Opinion Letter stating that courts are precluded from enforcing preempted state law in light of its 2018 determination. And, after considering the Opinion Letter, the Court should find that ample support exists for dismissing Plaintiff's meal and rest break claims (and derivative claims) because the Court lacks the power to enforce those claims.

### E. Midwest's Motion for Partial Summary Judgment Is Ripe for Immediate Decision.

Finally, Plaintiff once again asks the Court to withhold ruling on Midwest's motion for partial summary judgment in light of a recent notice of appeal filed in the *Valiente* decision. (Opp'n at 6 (citing *Valiente v. Swift Transportation Co.*, Case No. 21 55456 (9th Cir., May 5, 2021) (arguing that "it is premature to render a ruling on

Defendant's motion until *after* the Ninth Circuit has issued its decision in *Valiente*." (emphasis in original).) Delaying a decision on Midwest's motion for partial summary judgment, however, is improper for several reasons.

First, the Court already denied Plaintiff's *ex parte* application to stay this matter pending the *Valiente* appeal. (*See* Text Entry Order, ECF No. 60; Pl.'s *Ex Parte* Appl., ECF No. 58.) Second, after a 14-month stay while the parties awaited the *Teamsters* decision, Midwest would be prejudiced if this matter is delayed yet again while another case from this district is considered on appeal. Appellant's opening brief in the *Valiente* appeal is not even due until August 12, 2021. (Pl.'s *Ex Parte* Appl. at 8.) Once all responsive briefing is submitted and the Ninth Circuit hears oral argument (which will occur in late fall at the earliest), it could be months before the court renders a decision. Further delaying this case based on an appeal of one district court decision that is truly in its infancy is unjustified. Moreover, if Plaintiff seeks a stay, he must bring a motion for a stay and Midwest should have the opportunity to fully brief and respond to that motion. Plaintiff's repeated attempts to obtain a stay without notice and a hearing should be rejected.

Finally, this exact scenario was considered and rejected in *Ayala*. There, plaintiff argued that defendant's motion for partial summary judgment "should be dismissed pending judicial review of the [FMCSA's determination] by the Ninth Circuit." *Ayala*, 2019 WL 1986760, at *3. The court rejected plaintiff's request because "[t]here [was] no indication that an opinion from the Ninth Circuit [was] imminent" and because "the Circuit [had] yet to even hear oral argument on the subject." *Id.* The court noted that plaintiff was welcome to file a motion for reconsideration if the Ninth Circuit issued an opinion that ultimately invalidated the court's order. *Id.*, at *3 n.1. Here, the Court should reject Plaintiff's request to delay this case further because—just like in *Ayala*, and to the extent the *Valiente* appeal may influence this case—there is no indication that a Ninth Circuit decision is imminent.

For each of these reasons, the Court should find that Midwest's motion for partial summary judgment is ripe for decision and should therefore grant the motion.

## IV. CONCLUSION

As discussed above, the FMCSA's preemption determination, its Opinion Letter, the Ninth Circuit's *Teamsters* decision, and the sound reasoning of a majority of district courts all leads to the inescapable conclusion that Plaintiff's meal and rest break claims are fully preempted and unenforceable. For these reasons, the Court should grant Midwest's motion for partial summary judgment and dismiss Plaintiff's individual and class meal and rest break claims (and derivative claims) from this action.

Dated: May 28, 2021

**MEDINA MCKELVEY LLP**

By: /s/ Timothy B. Nelson
Brandon R. McKelvey, Esq.
Timothy B. Nelson, Esq.
Kyle W. Owen, Esq.
Attorneys for Defendant Midwest Construction Services, Inc.



