# ATTACHMENT
## to
## Notice of Lodging

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRYANT PATTON, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation; and DOES 1 through 100, inclusive,

Defendant.

Case No. 2:19-cv-08580-JFW-MAA

[Removal from Superior Court of California, County of Los Angeles, Case No. 19STCV28353]

CLASS ACTION

[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]

**[PROPOSED] STATEMENT OF DECISION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Hearing Date:      June 14, 2021
Time:              1:30 p.m.
Courtroom:         7A

Date Action Filed:  August 14, 2019
Trial Date:         May 24, 2022

On May 12, 2021, Defendant MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS' ("Defendant") filed a Motion for Partial Summary Judgment as to Plaintiff's California meal and rest break claims, pursuant to the Federal Motor Carrier Safety Administration's ("FMCSA") 2018 decision preempting such claims for drivers operating commercial vehicles. On May 24, 2021, Plaintiff BRYANT PATTON ("Plaintiff") filed his opposition. On May 28, 2021, Defendant filed its reply.

Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this motion is appropriate for decision without oral argument. After considering the motion, opposition, and reply, the Court finds that Defendant have failed to meet the burden that the FMCSA's 2018 decision retroactively preempts Plaintiff's meal and rest break claims, and therefore those claims, along with Plaintiff's derivative claims and the class-wide meal and rest break claims, remain viable. The motion is denied for these claims for the period of August 14, 2015 through December 20, 2018.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On August 14, 2019, Plaintiff filed a proposed class action complaint in Los Angeles Superior Court. Dkt. 1, alleging that Defendant failed to provide meal periods and rest periods, failed to pay minimum and overtime wages, failed to indemnify all necessary business expenses, failed to provide accurate itemized wage statements, failed to timely pay all wages due upon separation of employment, and engaged in unfair business practices. *Id*., *generally*. On October 2, 2019, Defendant removed the action under CAFA. Dkt. 1. Plaintiff filed his First Amended Complaint on December 11, 2019, to assert a cause of action under the Private Attorneys General Act ("PAGA"). Dkt. 27.

At issue on the Motion for Partial Summary Judgment is the FMCSA's December 28, 2018's decision to preempt California's meal and rest break rules.

PROPOSED STATEMENT OF DECISION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

1   *See California's Meal and Rest Break Rules for Commercial Motor Vehicle*
2   *Drivers; Petition for Determination of Preemption*, 83 Fed. Reg. 67470, 67480
3   (Dec. 28, 2018) (*See* Ex. 1 to Defendant's RJN). This decision was based on the
4   agency's discretionary authority to issue preemption determinations under 49
5   U.S.C. § 31141 (the same authority it had rejected in 2008 as a valid basis of
6   preemption). *See Petition for Preemption of California Regulations on Meal*
7   *Breaks and Rest Breaks for Commercial Motor Vehicle Drivers*, 73 Fed. Reg.
8   79204, 79204 (Dec. 24, 2008) ("*2008 Petition for Preemption*") (*See* Plaintiff's
9   RJN, **Ex. A**). The agency did not purport to preempt state law on a retroactive
10  basis, providing only that the law would "no longer" apply to commercial motor
11  vehicle drivers covered by the agency's hours-of-service rules. 83 Fed. Reg.
12  67470, 67480 (Dec. 28, 2018).

13       In line with the strong presumption against an agency's authority to
14  promulgate retroactive rules, *see Bowen*, 488 U.S. at 208 (1988), the FMCSA
15  initially considered its preemption decision to be prospective only. In response to
16  an inquiry concerning the decision, the agency's deputy chief counsel wrote in a
17  January 7, 2019, email that the "determination does not have retroactive effect."
18  *See* FMCSA, *Legal Opinion of the Office of the Chief Counsel* (Mar. 22, 2019)
19  (*See* RJN, **Ex. B**, at 2). Just a few months later, however, the agency issued a
20  memorandum in the form of a "legal opinion" signed by the same deputy chief
21  counsel who had only two months earlier deemed the rule non-retroactive. RJN,
22  **Ex. B**, at 1, 4. In it, agency counsel argued that "an FMCSA preemption decision
23  under Section 31141 precludes courts from granting relief pursuant to the
24  preempted State law or regulation at any time following issuance of the decision,
25  regardless of whether the conduct underlying the lawsuit occurred before or after
26  the decision was issued, and regardless of whether the lawsuit was filed before or
27  after the decision." *Id.* at 4.

28

PROPOSED STATEMENT OF DECISION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

Earlier this year, the Ninth Circuit upheld the FMCSA's decision to preempt California's break laws. *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021). The court specifically declined to address, however, agency counsel's legal memorandum on retroactivity because the opinion "was not part of the preemption determination on review, ...nor was it final agency action." *Id.* at 858 n.5.

The issue of whether the FMCSA's decision can be applied retroactively is currently on appeal before the Ninth Circuit. *See Valiente v. Swift Transportation Co.*, Case No. 21-55456 (9th Cir., May 5, 2021). (*See* RJN, **Ex. C**, p. 2 – "The Ninth Circuit's decision left open the question of whether the December 21, 2018 determination applies to claims arising before its issuance. Plaintiffs contend that the trial court erred by holding that it does, which is the **central issue** of this appeal.") (emphasis added).

## II.   SUMMARY JUDGMENT LEGAL STANDARD

"[S]ummary judgment is only appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, the court finds that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989). The moving party bears "the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). To satisfy this burden, the movant must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322. In considering a motion for summary judgment the court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107 (9th Cir. 2003).

/ / /

/ / /

/ / /

PROPOSED STATEMENT OF DECISION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

## III.  DISCUSSION

### A.    Defendant Fails to Establish that the FMCSA's Preemption Decision Applies Retroactively

Our Supreme Court has held that "[r]etroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Courts routinely apply this time-honored presumption against retroactivity, unless Congress has clearly manifested its intent to the contrary. *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 946 (1997); *Bowen* 488 U.S. at 208 ("congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.").

Here, the Court finds that neither Congress's grant of preemption authority, under 49 U.S.C. § 31141 (a), nor the 2018 determination, indicate any intent to retroactively preempt California's historic police powers to enforce wage-and-hour laws. The FMCSA did not purport to interpret or apply any pre-existing preemption regime imposed by regulation or by statute. Instead, the agency exercised its discretionary authority under 49 U.S.C. § 31141 to preempt state law on a purely prospective basis. After recognizing that California's break laws had not previously been preempted, the order provided that the laws may "no longer" be enforced. 83 Fed. Reg. at 67480. The Court finds that this language again "strongly suggests prospective, not retroactive, application." *North,* 2019 WL 6792816, at *3.

Indeed, it is impossible to say that the agency's preemption decision unambiguously applied retroactively given that the agency's own counsel—consistent with the presumption against preemption—first himself concluded that the "FMCSA determination does not have retroactive effect." FMCSA, *Legal Opinion*, at 1–2 (RJN, **Ex. B**). The fact that the agency was capable of initially reading its decision as purely prospective shows that any retroactive effect is, at a

minimum, ambiguous—an ambiguity that must be resolved in favor of the strong presumption against retroactive laws. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 316-17 (2001).

The Court finds that the presumption against retroactivity fully applies and is controlling here. Plaintiff's claims, which accrued before the FMCSA's decision, remain in effect and enforceable.

**B. Defendant Fails to Establish that FMCSA's Authority to Preempt Plaintiff's Right to "Enforce" California Law Gives it Authority to Do So Retroactively**

Defendant does not argue that either section 31141 or the FMCSA's preemption determination unambiguously provide for a retroactive effect. Instead, it concludes, without much analysis, that there "is no 'retroactivity' issue" here at all. Def.'s Mem. at 18 ("The question is not whether the FMCSA's determination applies retroactively, but whether the Court has the power to *enforce* preempted provisions of the Labor Code." *Id.* at 8.) But Congress's use of the word "enforce" in section 31141(a) does nothing to distinguish this from the typical retroactivity case. The whole meaning of the presumption against retroactivity is that "courts do not *enforce* a statute retroactively unless the Congress first make[s] its intention clear." *Koch v. Sec. & Exch. Comm'n*, 793 F.3d 147, 157 (D.C. Cir. 2015) (emphasis added).

The mere existence of a retroactive law is not the problem—it is the "retroactive *application*" of the law against a party that creates the unfairness against which the presumption applies. *United States v. Bacon*, 82 F.3d 822, 824 (9th Cir. 1996) (emphasis added). In *Gadda v. State Bar of California*, the Ninth Circuit held that a California law had a retroactive effect when it permitted "enforcement of an order imposing costs" against lawyers. 511 F.3d 933, 937–38 (9th Cir. 2007). By "provid[ing] a method for *enforcing* the cost award," it held, the amendments affected "rights and obligations that existed prior to the

PROPOSED STATEMENT OF DECISION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

amendments." *Id.* at 938 (emphasis added). It was thus "a retroactive application of the statute."

The FMCSA's change in position here affects the rights of plaintiffs because it is unquestionably a retroactive application of the agency's determination. *See Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483 (1994) (holding that an amendment authorizing new remedies for prohibited conduct had retroactive effect because it changed the "legal consequences" attached to "events completed before [the amendment's] enactment"). To prevent Plaintiff from enforcing California's break laws for violations occurring before the change would "impair Plaintiff's right to bring suit" to enforce rights "possessed and exercised prior to" the order. *Beaver v. Tarsadia Hotels, Corp.*, 816 F.3d 1170, 1188 (9th Cir. 2016); *see Mabary v. Home Town Bank, N.A.*, 771 F.3d 820, 826 (5th Cir. 2014) (amendment operated retroactively by "*destroying* a cause of action and impairing [plaintiffs'] rights"). Under well-established law, that "is enough to show ... retroactive effect." *Beaver*, 816 F.3d at 1188.

Therefore, despite Defendant's attempt to argue that "retroactivity" is not an issue, the Court finds that the FMSCA's authority to preempt Plaintiff's right to "enforce" California law would give the FMCSA the authority to do so retroactively, thus contravening the Court's presumption against retroactivity.

**C. The Court Finds that Applying the FMCSA's Determination Retroactively Violates Plaintiff's Due Process Rights**

"The Due Process Clause of the Fifth Amendment forbids Congress from enacting legislation expressly made retroactive when the 'retroactive application [of the statute] is so harsh and oppressive as to transgress the constitutional limitation.'" *U.S. v. Ubaldo-Figueroa* 364 F.3d 1042, 1051 (9th Cir. 2004) (*Ubaldo-Figueroa*) (Pregerson, J. concurring) (citation omitted). "[T]he Supreme Court has long disfavored retroactive statutes because 'retrospective laws are,

PROPOSED STATEMENT OF DECISION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

indeed generally unjust; and, as has been forcibly said, neither accord with sound legislation nor with the fundamental principles of the social compact.' [Citation]" *Eastern Enterprises v. Apfel*, 524 U.S. 498, 533, … (1998) (quoting 2 J. Story, Commentaries on the Constitution § 1398 (5th ed. 1891))." *Ubaldo-Figueroa*, 364 F.3d at 1051-1052 (citation omitted).

Courts look to three factors in determining whether the retroactive effect of a statute violates due process: "First, the Court looks to whether Congress applied a law retroactively to remedy a defect in previous legislation. Second, the Court examines whether Congress provided a specific rationale for applying the statute retroactively … [Citation.] Finally, the Court considers severity of the consequences of the retroactive legislation, including the effect of the legislation on a party's interest in fair notice and repose. [Citations]. *Ubaldo-Figueroa*, 364 F.3d at 1052. (citations omitted).

For the reasons already discussed above, the Court finds that the first two factors simply do not apply here because neither the language in 49 U.S.C. § 41131 ["Review and preemption of State laws and regulations"] nor the language in the FMCSA's 2018 determination express an intent for the Agency's decision to apply retroactively. With regard to the third factor, retroactive application of the FMCSA's preemption decision would violate basic due process protections given the harsh and oppressive outcomes it would lead to. For the 10 years preceding the FMCSA's 2018 determination, the FMCSA made clear in its 2008 decision that California's break laws were not preempted. In other words, for the period from August 14, 2015 (the start of the class period in this case) and December 20, 2018, Plaintiff and the putative Class had a vested right in receiving meal and rest breaks according to California law. The FMCSA's December 21, 2018 determination was an unforeseeable departure from the former rule.

Under these circumstances, the Court finds that retroactive application

PROPOSED STATEMENT OF DECISION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

would unreasonably deprive Plaintiff and the putative Class of their vested rights *prior to* December 21, 2018 and therefore, the FMCSA's 2018 determination must be applied prospectively only.

**D. The Court Finds that Plaintiff's Derivative Claims and Class Allegations for the Period Prior to December 21, 2018 Should Not Be Dismissed.**

For the reasons discussed above, the Court finds that there is no retroactive application of the FMCSA determination. Therefore, Plaintiff's and the putative class' derivative claims (failure to provide accurate, itemized wage statements (Count 6); failure to pay wages timely at termination (Count 7); Unfair Business Practices (Count 8); and violation of the Private Attorneys General Act ("PAGA") (Count 10)), as well as Plaintiff's class action allegations relating to his meal and rest break laws, should all remain viable for the period prior to December 21, 2018 and are not be dismissed.

**IV.   CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment is **DENIED**. The case is remanded to the Superior Court of the State of California, County of Los Angeles.

**IT IS SO ORDERED.**

Dated:                                    _____

Honorable John F. Walter
United States District Judge

PROPOSED STATEMENT OF DECISION DENYING MOTION FOR PARTIAL SUMMARY
JUDGMENT