# Exhibit A

Brandon R. McKelvey (CA Bar No. 217002)
Email: brandon@medinamckelvey.com
Timothy B. Nelson (CA Bar No. 235279)
Email: tim@medinamckelvey.com
Kyle W. Owen (CA Bar No. 326335)
Email: kyle@medinamckelvey.com
MEDINA McKELVEY LLP
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone:  (916) 960-2211
Facsimile:   (916) 742-5488

Counsel for Defendant MIDWEST
CONSTRUCTION SERVICES, INC. dba
TRILLIUM DRIVER SOLUTIONS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. DBA TRILLIUM CONSTRUCTION/DRIVERS, a California corporation, and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.: 2:19-cv-08580-JFW-MAA<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING DEFENDANT MIDWEST CONSTRUCTION SERVICES, INC. DBA TRILLIUM DRIVER SOLUTIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:         June 14, 2021<br>Time:        1:30 pm<br>Courtroom: 7A<br><br>Action Filed: August 14, 2019<br>Trial Date:    May 24, 2022 |



In this putative class action case alleging violations of the California Labor Code, defendant Midwest Construction Services, Inc. dba Trillium Driver Solutions ("Midwest") moves for partial summary judgment as to plaintiff Bryant Patton's first two claims for failure to provide proper meal and rest breaks under California law, as well as Plaintiff's claims that derive from his meal and rest break claims. (*See* Def.'s Mot. Partial Summ. J. ("MPSJ"), ECF No. 53-1.) Plaintiff opposes the motion. (Opp'n, ECF No. 61.) And Midwest has replied to Plaintiff's opposition. (Reply, ECF No. 63.) The matter came before the Court for hearing on June 14, 2021. Having considered all relevant moving papers, and the arguments made at hearing, the Court GRANTS the motion for partial summary judgment and dismisses Plaintiff's individual and class meal and rest break claims (and derivative claims) from this action.

### I.     RELEVANT BACKGROUND

On August 14, 2019, plaintiff Bryant Patton, a federally regulated commercial driver,[1] initiated this putative class action for, among other things, alleged violations of the meal and rest break provisions of the California Labor Code. (*See generally* Compl., ECF No. 1-1; *see also* First Am. Compl., ECF No. 27 (adding cause of action under California's Private Attorneys General Act).)

On December 16, 2019, the Court approved the parties' stipulation to stay the case pending the Ninth Circuit's resolution of consolidated appeals regarding the Federal Motor Carrier Safety Administration's ("FMCSA's") December 28, 2018

///

---

[1] Plaintiff concedes that he, and thus the putative class, are commercial drivers subject to the Department of Transportation's Hours of Service regulations. (*See* Opp'n at 1 n.1.) Although Plaintiff lodges standard objections to few of Midwest's proposed uncontroverted facts, Plaintiff provides no substantive argument in its opposition brief, or elsewhere, to refute Midwest's assertion that Plaintiff, and thus the class, are federally regulated commercial drivers. (*See* Def.'s Uncontroverted Material Facts and Conclusions of Law, ECF No. 53-13; Pl.'s Evid. Obj., ECF No. 61-1.) Nor does Plaintiff present any evidence to refute Midwest's factual assertions. For these reasons, the Court treats this material fact as conceded.

determination that California's meal and rest break provisions are preempted, and thus unenforceable, under federal law. (Order Granting Joint Stip., ECF No. 30.)

The Ninth Circuit rendered its decision on January 15, 2021 and affirmed the FMCSA's determination that California's meal and rest break claims are preempted under federal law as applied to federally regulated commercial drivers. *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin. ("Teamsters")*, 986 F.3d 841 (9th Cir. 2021).

On May 12, 2021, Midwest moved for partial summary judgment of Plaintiff's meal and rest break claims (and derivative claims), arguing that, in light of the FMCSA's determination, affirmed by the *Teamsters* decision, these claims should be dismissed because they are preempted under federal law and unenforceable. (*See generally* MPSJ.) Plaintiff opposed the motion on May 24, 2021. (Opp'n.) Midwest replied on May 28, 2021. (Reply.)

The Court heard oral argument on the motion on June 14, 2021. Counsel Brandon McKelvey appeared for Midwest; counsel Stanley Saltzman appeared for Plaintiff. Having considered all relevant moving papers and the arguments made at hearing, the Court decides the motion here as follows.

**II.     LEGAL STANDARD**

"The court shall grant partial summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on any claim or part of any claim. Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), but "it need not disprove the other party's case" (*Stremcha v. Allscripts, Inc.*, 2017 WL 10574371, at *5 (C.D. Cal. Nov. 8, 2017)). "When the non-moving party bears the burden of proving the claim . . . the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case." *Id.* (citing *Musick v. Burke*, 913 F.2d 1390, 1394 (9th

Cir. 1990)); *Nissan Fire & Marine Ins. Co., Ltd. V. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). "Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial." *Stremcha*, 2017 WL 10574371 at *5.

### III. DISCUSSION

#### A. Defendant's Arguments

Midwest moves for partial summary judgment of Plaintiff's meal and rest break claims (and derivative claims) based on the FMCSA's December 28, 2018 determination that California's meal and rest break rules, as applied to federally regulated commercial motor carriers, are preempted under 49 U.S.C. § 31141. (*See* MPSJ at 9–15.) Midwest contends that the FMCSA's decision strips courts of the power to enforce the preempted provisions of the Labor Code; thus, any argument that the FMCSA's determination does not apply retroactively is irrelevant because, regardless of when the underlying conduct occurred, courts are powerless to provide the relief Plaintiff seeks under the Labor Code. (*Id.*, at 15–16, 18–20; Reply at 7–9.)

Midwest further contends that there are several factors that compel the Court to reach the same conclusion. First, a majority of district courts have encountered the same question and found that they are indeed barred from enforcing the Labor Code's meal and rest break provisions in light of the FMCSA's determination. *See* Reply at 7–9.) Second, the Ninth Circuit's decision in *Teamsters*, the case that prompted a 14-month stay in this case, did nothing to disrupt the Court's lack of enforcement power. (*Id.*, at 9–11.) Finally, the FMCSA's most recent opinion letter counsels that its determination precludes courts from enforcing the Labor Code's meal and rest break provisions. (*Id.*, at 11–12.) Midwest argues that these factors, along with the FMCSA's determination itself, compel the Court to grant its motion and dismiss Plaintiff's meal and rest break claims (and derivative claims) because it lacks the power to provide any relief as to those claims.

#### B. Plaintiff's Arguments

- 4 -

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO.: CASE NO.: 2:19-CV-08580-JFW-MAA

Plaintiff's main argument in opposition to Midwest's motion is that the FMCSA's determination applies only prospectively because finding otherwise would violate the rule against retroactive legislation. (Opp'n at 6–9.) Plaintiff also contends that although the FMCSA has the power to preempt a plaintiff's right to enforce California's meal and rest break provisions, it does not have the right to do so retroactively. (*Id.*, at 9–11.) Finally, Plaintiff argues that applying the FMCSA's determination retroactively would violate the due process rights of both he and the putative class. (*Id.*, at 11–13.)

### C. The Court Lacks the Power to *Enforce* Plaintiff's Meal and Rest Break Claims.

The Court finds that Midwest's position is correct. The FMCSA's December 28, 2018 determination found that "California may no longer enforce the [meal and rest break] Rules with respect to drivers of property-carrying [commercial motor vehicles] subject to FMCSA's HOS rules." *California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers*, 83 Fed. Reg. 67,470-01 (Dec. 28, 2018). The Ninth Circuit found that determination to be sound and permissible under the law. *Teamsters*, 986 F.3d at 856. Moreover, the Ninth Circuit explicitly declined to address any purported retroactive effect of the FMCSA's determination. *Id.*, at 858 n.5.

A majority of district courts to consider the effect of the FMCSA's determination, both before and after *Teamsters*, have reached the same conclusion: the date of the underlying conduct, and thus retroactivity, is irrelevant because courts are barred from enforcing the meal and rest break provisions under which plaintiffs seek relief. *See, e.g.*, *Ayala v. U.S Xpress Enterprises, Inc.*, No. EDCV 16-137-GW(KKX), 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019); *Nash v. Horizon Freight Sys., Inc.*, No. 19-CV-01883-VC, 2020 WL 4284820, at *2 (N.D. Cal. July 27, 2020); *Valiente v. Swift Transportation Co. of Arizona, LLC*, No. 2:19-CV-

04217-VAP-KKx, 2021 WL 1799808, at *2 (C.D. Cal. Apr. 5, 2021).[2]  The Court joins with those to reach the same conclusion.

Moreover, as Midwest contends, the FMCSA's March 22, 2019 Opinion Letter is not without consequence. (*See* Pl.'s Req. for Judicial Not., Ex. B, ECF No. 62-2 (*FMCSA Legal Opinion of the Office of the Chief Counsel* (March 22, 2019) ("Opinion Letter")).)  The FMCSA's official position on this issue is that its "preemption decision . . . precludes courts from granting relief pursuant to preempted State law or regulation . . ., regardless of whether the conduct underlying the lawsuit occurred before or after the decision was issued." Opinion Letter at 4.  As the official position of the FMCSA on this issue, the Court finds it to be persuasive and entitled to some level of respect and consideration. *See Christensen v. Harris Cty.*, 529 U.S. 576, 588 (2000) ("[I]nterpretations contained in formats such as opinion letters are 'entitled to respect,' . . . but only to the extent that those interpretations have the 'power to persuade.'") (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).  Therefore, the FMCSA's March 22, 2019 Opinion Letter provides additional support for the conclusion that this Court lacks the ability to enforce the meal and rest break provisions of the California Labor Code.

Because Plaintiff concedes that he and the class are federally regulated drivers subject to the FMCSA's preemption determination (*see* n.1, *supra*), and this Court lacks the power to enforce California's meal and rest break requirements as applied to federally regulated drivers, Midwest's motion for partial summary judgment must be granted as to Plaintiff's meal and rest break claims (and derivative claims).

---

[2] Plaintiff asks the Court to withhold ruling on Midwest's motion while the Ninth Circuit considers an appeal of the *Valiente* decision. (Opp'n at Opp'n at 6 (citing *Valiente v. Swift Transportation Co.*, Case No. 21 55456 (9th Cir., May 5, 2021).)  Further delaying this case is unnecessary, particularly because the *Valiente* appeal is truly in its infancy. (*See* Reply at 13 (noting appellant's opening brief is not due until August 12, 2021).)  If the Ninth Circuit ultimately renders a decision that impacts the Court's decision here, Plaintiff is welcome to move for reconsideration on that basis at a later time. *See Ayala*, 2019 WL 1986760, at *3 n.1 (inviting plaintiff to file motion for reconsideration if the *Teamsters* decision ultimately invalidated the court's decision).

Moreover, because Plaintiff brings meal and rest break claims on behalf of himself and the putative class, the Court finds that Plaintiff's individual claims must be dismissed with prejudice and the putative class claims must be dismissed without prejudice. To the extent any derivative claims rely on dismissed meal and rest break claims, they too must be dismissed.

### IV. CONCLUSION

For all of the foregoing reasons, Defendant Midwest's motion for partial summary judgment is GRANTED. Plaintiff's individual meal and rest break claims (claims one and two) are dismissed with prejudice from this action, and those same claims are dismissed without prejudice as to the putative class. To the extent remaining individual and class claims are derivative of those underlying meal and rest break claims, those claims are dismissed as well.

IT IS SO ORDERED

DATED:

_____
Hon. John. F. Walter

