**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 19-8580-JFW(MAAx)** | Date: June 11, 2021 |
| Title: | Bryant Patton -v- Midwest Construction Services, Inc., et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING DEFENDANT MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS' MOTION FOR PARTIAL SUMMARY JUDGMENT
[filed 5/12/2021; Docket No. 53]

On May 12, 2021, Defendant Midwest Construction Services, Inc. dba Trillium Construction/Drivers ("Midwest") filed a Motion for Partial Summary Judgment. On May 24, 2021, Plaintiff Bryant Patton ("Plaintiff") filed his Opposition. On May 28, 2021, Midwest filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's June 14, 2021 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff was employed by Midwest as a truck driver from February 2016 to February 2019. On August 14, 2019, Plaintiff filed a putative Class Action Complaint against Midwest, alleging, in relevant part, that Midwest failed to provide Plaintiff and the proposed class with meal and rest periods in compliance with California law. *See generally* Complaint (Docket No. 1-1); *see also* First Amended Complaint ("FAC") (Docket No. 27) (adding claim under California's Private Attorneys

---

[1]To the extent that the Court has relied on evidence to which the parties have objected, the Court has considered and overruled those objections. As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed evidence was not relied on by the Court.

General Act).

On December 28, 2018, the Federal Motor Carrier Safety Administration ("FMCSA") determined that federal law preempts California's meal and rest break rules (known as the "MRB Rules") as applied to property-carrying commercial motor vehicle drivers covered by the FMCSA's hours of service regulations. California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers, 83 Fed. Reg. 67,470 (Dec. 28, 2018).

On December 16, 2019, the Court approved the parties' stipulation to stay this action until the Ninth Circuit issued its decision on a consolidated challenge to the FMCSA's December 28, 2018 preemption determination. On January 15, 2021, the Ninth Circuit held that the FMSCA's preemption determination was valid. *Int'l Bhd. of Teamsters, Loc. 2785 v. FMCSA*, 986 F.3d 841 (9th Cir. 2021). Accordingly, the stay of this action was lifted, and, Midwest moved for partial summary judgment on Plaintiff's meal and rest break claims (and any derivative claims), arguing that those claims are preempted by federal law.

It is undisputed, for the purposes of this motion, that Plaintiff was a property-carrying commercial driver subject to the FMCSA's regulations, and that Plaintiff's meal and rest break claims for the period of December 28, 2018 to the present are preempted. *See* Opposition at 1 n.1. The sole issue in dispute is whether the Court may enforce California's meal and rest break rules for the period *before* the FMCSA issued its preemption determination. This issue raises a pure question of law and thus is suitable for determination on a motion for summary judgment.

## II.    LEGAL STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party meets its burden, a party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must set out specific facts showing a genuine issue for trial. *Id.* at 250; Fed. R. Civ. P. 56(c), (e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." *American International Group, Inc. v. American International Bank*, 926 F.2d 829, 833 (9th Cir. 1991) (Kozinski, dissenting).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See*

*Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987).  Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F.2d at 836-37.  In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

**III.     DISCUSSION**

Pursuant to the Motor Carrier Safety Act of 1984, the FMCSA has authority to determine that state laws or regulations on commercial motor vehicle safety are preempted.  *See* 49 U.S.C. § 31141.  The FMCSA exercised that authority when it determined, on December 28, 2018, that federal law preempts California's meal and rest break rules as applied to property-carrying commercial motor vehicle drivers covered by the FMCSA's hours of service regulations.  The Motor Carrier Safety Act of 1984 provides that: "A State may not enforce a State law or regulation on commercial motor vehicle safety" that the FMCSA has determined is preempted.  49 U.S.C. § 31141(a).

Midwest argues that, after the FMCSA's preemption determination, the Court does not have the power to enforce California's meal and rest break rules, regardless of when the underlying conduct occurred.  Plaintiff, on the other hand, argues that the FMCSA's December 28, 2018 preemption determination cannot apply retroactively or it would deny commercial drivers of their vested interest in their California meal and rest break claims for the time period preceding the December 28, 2018 preemption determination.

The majority of district courts that have considered this issue have concluded that, after the FMCSA issued its December 28, 2018 preemption determination, a court may not enforce California's meal and rest break rules as to property-carrying commercial drivers, regardless of when the underlying conduct occurred.  *See Ayala v. U.S. XPress Enterprises, Inc.*, 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019); *Robinson v. Chefs' Warehouse, Inc.*, 2019 WL 4278926, at *4 (N.D. Cal. Sept. 10, 2019)*; Connell v. Heartland Express, Inc.*, 2020 WL 813022, at *3 (C.D. Cal. Feb. 6, 2020); *Sales v. United Rd. Servs., Inc.*, 2020 WL 4035072, at *3 (N.D. Cal. July 17, 2020); *Pavloff v. Cardinal Logistics Mgmt. Corp.*, 2020 WL 6828902, at *5 (C.D. Cal. Oct. 2, 2020); *Valiente v. Swift Transportation Co. of Arizona, LLC*, 2021 WL 1799808, at *2 (C.D. Cal. Apr. 5, 2021).  *But see North v. Superior Hauling & Fast Transit, Inc.*, 2019 WL 6792816, at *3 (C.D. Cal. May 31, 2019) (concluding that the 2018 FMCSA preemption determination may not be applied retroactively, and that if it were applied to past conduct, it would take away or impair vested rights acquired under existing California law).

The Court agrees with the reasoning of the *Ayala* line of cases and concludes that, while some of the conduct giving rise to Plaintiff's meal and rest break claims occurred prior to the issuance of the FMCSA December 28, 2018 preemption determination, "[t]he Court *currently* has no authority to enforce the regulations" under which Plaintiff brings his claims.  *Ayala*, 2019 WL 1986760, at *3. "Therefore, the issue of retroactive effect is irrelevant."  *Id.*  Accordingly, the Court concludes that it lacks the power to grant Plaintiff any relief as to his meal and rest break claims.

**IV.     CONCLUSION**

For all of the foregoing reasons, Midwest's Motion for Partial Summary Judgment is **GRANTED**.  Plaintiff's individual meal and rest break claims (and any derivative claims) are dismissed with prejudice. The meal and rest break claims (and any derivative claims) raised on behalf of the putative class are dismissed without prejudice.

IT IS SO ORDERED.