**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman (SBN 90058)
ssaltzman@marlinsaltzman.com
Tatiana G. Avakian (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile:  (818) 991-8081

**TOJARIEH LAW FIRM, PC**
Joseph Tojarieh, Esq. (SBN 265492)
jft@tojariehlaw.com
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone:   (310) 553-5533
Facsimile:    (310) 553-5536

*Attorneys for Plaintiff Bryant Patton, individually and on behalf of all others similarly situated*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:19-cv-08580-JFW-MAA<br><br>CLASS ACTION<br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:    August 16, 2021<br>Time:               1:30 p.m.<br>Courtroom:      7A<br><br>Date Action Filed:  August 14, 2019<br>Trial Date:          Vacated |

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

**<ins>TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:</ins>**

**PLEASE TAKE NOTICE** that on Monday, August 16, 2021, at 1:30 p.m. or soon thereafter as may be heard in Courtroom 7A in United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Bryant Patton ("Plaintiff"), individually and on behalf of all others similarly situated, will and hereby does move for an order to conditionally certify a Settlement Class defined as follows:

"All persons who at any time during the Settlement Period performed work for Defendant as truck drivers in the State of California," as defined in the Joint Stipulation of Class Action and PAGA Settlement ("Stipulation"), which is attached as **Exhibit 1** to the Declaration of Stanley D. Saltzman ("Saltzman Decl.").

Defendant Midwest Construction Services, Inc. dba Trillium Construction/Drivers ("Defendant" or "Trillium") does not oppose this Motion.

This motion is brought pursuant to Federal Rules of Civil Procedure 23, and is brought concurrently with Plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement.

Plaintiff's Motion is based on this Notice, the Memorandum of Points and Authorities, the Declarations of Stanley D. Saltzman, Tatiana G. Avakian, and Joseph Tojarieh submitted herewith, the pleadings, papers and records on file in this case, all matters of which this Court may take judicial notice, and such other documents and any oral argument or other matter that may be considered by the Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 12, 2021. Pursuant to paragraph 5 of the Court's Amended Standing Order, Plaintiff filed a Joint Meet and Confer Statement with respect to the Parties' meet and confer efforts. (Dkt. 70).

/ / /

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Dated: July 19, 2021

**MARLIN & SALTZMAN, LLP**
**TOJARIEH LAW FIRM, PC**


By:  /s/ Tatiana G. Avakian
          Stanley D. Saltzman, Esq.
          Tatiana G. Avakian, Esq.
          Attorneys for Plaintiff and the
          putative Class

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

# **TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................... 1

I.      INTRODUCTION ......................................................... 1

II.     SUMMARY OF THE LITIGATION ........................................ 1

        A.      Plaintiff's Complaint and Claims Asserted .................... 1

        B.      Intended Early Motion Practice and Stay of the Action ............... 2

        C.      Extensive Discovery, Investigation, and Research Prior to Mediation ........................................................ 2

        D.      Mediation ........................................................... 4

        E.      Motion Practice and Subsequent Discovery Following Lifting of Stay ................................................... 4

        F.      This Court Dismissed Several of Plaintiff's Claims ..................... 5

III.    CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE ................................................... 5

        A.      Rule 23(a) Requirements Are Met for the Settlement Class ........................................................ 5

                a.      Numerosity ........................................... 6

                b.      Commonality ......................................... 6

                c.      Typicality ............................................. 7

                d.      The Adequacy Requirements Are Satisfied ................. 7

        B.      Rule 23(b) Standards Are Satisfied ........................... 8

                a.      Common Issues Predominate ........................ 8

                b.      The Class Action Device Is Superior ................... 9

        C.      No Manageability Issues Preclude Certification ..................... 10

        D.      Plaintiff's Counsel Should Be Appointed as "Class Counsel" ......................................................... 10

IV.     CONCLUSION ............................................................ 11

iv

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Advertising Specialty Nat'l Assoc. v. Fed'l Trade Comm'n.*,
  238 F.2d 108 (1st Cir. 1956) ..................................................................6

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. Cal. 2001) ..........................................................6

*Comcast Corp. v. Behrend*,
  133 S. Ct. 1426 (2013) ...........................................................................8

*Grant v. Capital Mgmt. Servs., L.P.*,
  2013 WL 6499698 (S.D. Cal. 2013) .....................................................10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...............................................................9

*In re Surebeam Corp. Secs. Litig.*,
  2004 WL 5159061 (S.D. Cal. 2004) ...................................................7, 8

*Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*,
  986 F.3d 841 (9th Cir. 2021) ..................................................................4

*Lazarin v. Pro Unlimited, Inc.*,
  2013 WL 3541217 (N.D. Cal. 2013) .....................................................10

*Leyva v. Medline Indus.*,
  716 F.3d 510 (9th Cir. 2013) .................................................................8

*Moreno v. Beacon Roofing Supply, Inc.*,
  2020 WL 1139672 (S.D. Cal. 2020) .......................................................9

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. Cal. 2010) ......................................................7

*United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*,
  593 F.3d 802 (9th Cir. 2010) .................................................................5

*Wren v. RGIS Inventory Specialists*,
  256 F.R.D. 180 (N.D. Cal. 2009) ...........................................................9

**Statutes**

Cal. Labor Code § 1197.................................................................................2, 7

Cal. Labor Code § 201-203 ...............................................................................7

Cal. Labor Code § 226(a) ..................................................................................6

Cal. Labor Code § 2802......................................................................................2, 7

California Business and Professions Code § 17200 ................................................2, 6

**Rules**

Fed. R. Civ. P. 23.......................................................................................passim

Fed. R. Civ. P. 23 (a)(1) ...................................................................................6

Fed. R. Civ. P. 23(a) (4)  …………………………………………………………… 7

Fed. R. Civ. P. 23(b)......................................................................................5, 8

Fed. R. Civ. P. 23(b)(3) ..................................................................................6, 8, 9

Fed. R. Civ. P. 23(g) ………………………………………………………………… 10

**Regulations**

28 U.S.C. §§ 1332(c), (d)(2)...............................................................................1

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff, along with Defendant (collectively "the Parties") have agreed to a class-wide, **non-reversionary** settlement of Plaintiff's wage and hour claims. In exchange for a release tailored to the facts and claims asserted in this lawsuit, Defendant will pay a total of eight hundred fifty thousand dollars ($850,000.00) to settle all the class and PAGA claims.

As discussed at length in Plaintiff's concurrently filed Motion for Preliminary Approval of Class Action and PAGA Settlement, the Settlement before the Court is an excellent outcome for the class of approximately 1,196 non-exempt drivers who worked for Defendant in the State of California at any time from August 14, 2015 through the date that this Court grants preliminary approval.

The proposed Settlement affords Class Members substantial monetary relief without the expense, delay, and uncertainty of continued litigation. This is particularly true where, as here, Defendant sharply disputes the factual and legal contentions of all the claims asserted. Absent settlement, costly and time-consuming litigation would drag on as to both certification and liability issues, presenting substantial risk to both sides.

Accordingly, Plaintiff requests that the Court conditionally certify the putative class, thus allowing the employees to move forward on a class-wide basis, as negotiated by the Parties.

## II.   SUMMARY OF THE LITIGATION

### A. Plaintiff's Complaint and Claims Asserted

Plaintiff filed his Class Action Complaint, captioned *Bryant Patton v. Midwest Construction Services, Inc. dba Trillium Construction/Drivers*, Case No. 19STCV28353, in the Superior Court of Los Angeles County, California, on August 14, 2019. Trillium removed the Action based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(c), (d)(2), to the Central District of

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

California on October 4, 2019. (Dkt. 1).

Plaintiff filed his First Amended Class Action and PAGA Complaint (Complaint) on December 11, 2019. (Dkt. 27). The Complaint alleges the following claims: (1) failure to provide meal breaks (Cal. Labor Code §§ 226.7, 512 and Wage Order No. 9-2001); (2) failure to permit and compensate for rest breaks (Cal. Labor Code §§ 226.7, 512 and Wage Order No. 9-2001); (3) failure to pay minimum wages (Cal. Labor Code §§ 1194 and 1197 and Wage Order No. 9-2001); (4) failure to pay overtime wages (Cal. Labor Code §§ 510, 1194 and 1198 and Wage Order No. 9-2001); (5) failure to reimburse for necessary business expenses (Cal. Labor Code § 2802); (6) failure to provide adequate wage statements (Cal. Labor Code §§ 226, 226.2 and 226.3 and Wage Order No. 9-2001); (7) unfair competition (Cal. Bus. & Prof. Code § 17200 *et seq.*); (8) quantum merit/unjust enrichment; and (9) violations that support PAGA penalties under Cal. Labor Code § 2698, *et seq.* (the Claims).

**B. Intended Early Motion Practice and Stay of the Action**

Shortly following Defendant's removal, the Parties met and conferred extensively regarding Plaintiff's intended motion to remand, on the basis that Plaintiff contended that Defendant did not satisfy the amount in controversy requirement under CAFA by a preponderance of the evidence. Saltzman Decl., ¶ 4. While the Parties were meeting and conferring regarding the intended motion, the Parties discussed scheduling mediation, and stipulated to staying the action, pending the Ninth Circuit's decision in *Intl Brotherhood of Teamsters, et al v. FMCSA*, Case Number 18-73488; *IBT, et al. v. FMCSA*, Case Number 19-70323; *Labor Commissioner State of CA v. FMCSA*, Case Number 19-70329; *Duy Ly, et al. v. FMCSA*, Case Number 19-70413. Dkt. 29. On December 16, 2019, this Court stayed this action until 30 days after the Ninth Circuit's decision. Dkt. 30.

**C. Extensive Discovery, Investigation, and Research Prior to Mediation**

As will be discussed further herein, throughout this litigation the Parties

2

conducted extensive discovery pertaining to liability and certification in this case. The actions taken by the Plaintiff to investigate and litigate the claims of this case culminated in a private mediation in front of Tripper Ortman, a well-respected wage-and-hour class action mediator, on May 27, 2020. Saltzman Decl., ¶ 10. Although the Parties were unable to reach a settlement at the mediation, the Parties conducted additional substantial discovery and continued to engage in settlement discussions. Saltzman Decl., ¶¶ 9-10, 14. Plaintiff's efforts in investigating and aggressively pursuing this action ultimately resulted in the Settlement now before the Court.

The Parties have conducted significant investigation into the facts and law during the prosecution of this Action. Such discovery and investigation included written discovery, extensive meet and confer discussions, and a substantial production of records and data by the Defendant. Saltzman Decl., ¶¶ 9, 14. On November 4, 2019, and shortly after this Court issued its Initial Scheduling Order, setting the class certification motion filing deadline, Plaintiff propounded his first set of Special Interrogatories and Request for Production of Documents, as well as serving a deposition notice for Defendant's Person(s) Most Knowledgeable ("PMK"). Saltzman Decl., ¶ 5.

Following the Court's Order on December 16, 2019 staying the action pending the Ninth Circuit's decision on the FMCSA Determination, the Parties focused their efforts on preparing for the mediation. Prior to mediation, Defendant produced hundreds of additional pages of documents, including but not limited to, policy and procedure documents, substantial data compilations of putative class members' timekeeping records, exemplar time card details, and earnings records, as well as the size and composition of the putative class, the average hourly rate of pay, the total number of workweeks, the total number of shifts, and meal period premiums paid to the Class. Saltzman Decl., ¶ 9. Such discovery was instrumental in assisting Plaintiff's counsel to evaluate the legal issues and damages. *Id.*

**D. Mediation**

By agreement, and based on the large amount of information, discovery and research conducted, the Parties mediated this matter before Mr. Ortman, for a full day on May 27, 2020. Saltzman Decl., ¶ 10. Despite extensive arm's-length negotiations at the mediation, the Parties did not reach a settlement initially. *Id.* Thereafter, as discussed below, the Parties engaged in further extensive discovery and research to further assess the Parties' respective positions, the potential difficulties in obtaining class certification for the claims asserted by Plaintiff, and the potential challenges that Plaintiff faced on the issues of FMCSA preemption and retroactivity. Saltzman Decl., ¶ 14.

**E. Motion Practice and Subsequent Discovery Following Lifting of Stay**

On January 15, 2021, the Ninth Circuit decided *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021). As such, the stay in this action was lifted on February 16, 2021. Saltzman Decl., ¶ 11. On March 12, 2021, Plaintiff filed his motion to remand, which was thoroughly briefed by both sides, which this Court denied on April 9, 2021. Saltzman Decl., ¶ 12; Dkt. 46.

On March 16, 2021, Defendant served its responses to Plaintiff's first round of written discovery (which had been pending during the stay of the action), as well as over 1,000 pages of additional document production (bringing the total document production to close to 1,500 pages and/or spreadsheets of data), including but not limited to, additional policy and procedure documents, data compilations of putative class members' timekeeping records, exemplar time card details, and earnings records, among other documents. Saltzman Decl, ¶ 14. Plaintiff's counsel also met and conferred extensively with defense counsel regarding its discovery responses, including additional timekeeping records and earnings records that had not been produced for the Class, as well as the names and contact information for the Class, to allow Plaintiff's counsel to do an

4

1 outreach campaign to the putative class members in preparation for the filing of
2 Plaintiff's motion for class certification. *Id*.

3      Based on the foregoing presentation of events, the Parties had certainly
4 engaged in sufficient investigation and formal and informal discovery to enable
5 them to assess reliably the merits of the respective Parties' positions and to
6 compromise the issues on a fair and equitable basis.

7      **F. This Court Dismissed Several of Plaintiff's Claims**

8      On May 12, 2021, Defendant filed its motion for partial summary judgment
9 as to Plaintiff's meal and rest break claims (and derivative claims), where it argued
10 that Plaintiff's California meal and rest break claims could not be enforced, for any
11 time during the class period, including prior to the FMCSA's December 21, 2018
12 decision. Saltzman Decl., ¶ 16; Dkt. 53. In other words, Defendant sought a Court
13 order that the FMCSA order of December 2018 should be applied retroactively to
14 all of the rest break claims in the case, as opposed to only applying to the claims
15 that arose after the Order was issued.   On June 11, 2021, this Court granted
16 Defendant's motion, dismissing Plaintiff's meal and rest break claims (and
17 derivative claims), with prejudice, and dismissing the class allegations regarding
18 the meal and rest break claims (and derivative claims), without prejudice. Saltzman
19 Decl., ¶ 17; Dkt. 67.

20 **III.   CERTIFICATION OF THE SETTLEMENT CLASS IS**
21        **APPROPRIATE**

22      **A. Rule 23(a) Requirements Are Met for the Settlement Class**

23      When seeking certification of a class pursuant to Rule 23, plaintiffs have the
24 burden of showing the four requirements of Rule 23(a) as well as one of the
25 requirements of Rule 23(b). The four requirements of Rule 23(a) are typically
26 referred to as: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.
27 *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.,*
28 *593 F.3d 802, 806 (9th Cir. 2010).* In this case, the Parties agree to provisional

5

certification of the settlement Class under Rule 23(b)(3), which has the added requirement of "predominance." *Id.*; *see also* **Ex. 1**, Section I.Q.

### a. Numerosity

Rule 23 (a)(1) is typically referred to as "numerosity" in that it requires a class that is "so numerous that joinder of all members is impracticable." The term "impracticable" does not mean "impossible," and only refers to "the difficulty or inconvenience of joining all members of the class." *Advertising Specialty Nat'l Assoc. v. Fed'l Trade Comm'n.*, 238 F.2d 108, 119 (1st Cir. 1956). Here, with over a thousand putative class members, the numerosity factor is easily met.

### b. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." The Ninth Circuit has held that commonality exists "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. Cal. 2001).

Here, Plaintiff has alleged that all the putative class members were subject to uniform policies and procedures requiring them to work off the clock during their meal breaks, as well as uniform policies that failed to reimburse them for their business expenses. Derivative claims flowing therefrom were also alleged, which results in the Action satisfying the requirements of commonality, based on the following partial list of common questions of law and fact:

- Whether Defendant's policy and/or practice forced Plaintiff and the Class to work off the clock, as a result of working through their meal breaks;
- Whether Defendant violated the Labor Code in allegedly failing to pay Plaintiff and the Class minimum/regular and overtime wages for all hours worked;
- Whether Defendant violated California Business and Professions Code § 17200;
- Whether Defendant violated Labor Code § 226(a) by allegedly issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to include payment for all hours worked;

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

- Whether Defendant violated Labor Code § 1197 due to the alleged failure to compensate Plaintiff and members of the class for those acts Defendant required Plaintiff and members of the class to perform for the benefit of Defendant;

- Whether Defendant violated Labor Code § 2802 due to the alleged failure to reimburse Plaintiff and members of the class for those expenses Defendant required Plaintiffs and members of the class to perform for the benefit of Defendant;

- Whether Defendant violated Labor Code § 201-203 by allegedly failing to pay all wages due upon termination to all Class members.

These common issues satisfy Rule 23(a)(2)'s requirements.

### c.  Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." This requirement is "permissive" and requires only that the representative's claims are reasonably related to those of the absent class members. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. Cal. 2010). Here, typicality is met because the claims of all the putative class members are based on the same legal and factual claims as those of Plaintiff.

### d.  The Adequacy Requirements Are Satisfied

The proposed class representative, Bryant Patton, and class counsel, Marlin & Saltzman LLP and Tojarieh Law Firm, PC, contend they have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement has two prongs, the first being "that the representative party's attorney be qualified, experienced, and generally able to conduct the litigation." *In re Surebeam Corp. Secs. Litig.*, No. 03 CV 1721JM9POR), 2004 WL 5159061, at *5 (S.D. Cal. Jan. 5, 2004). Marlin & Saltzman LLP and Tojarieh Law Firm, PC, have litigated and successfully resolved numerous wage and hour class actions, by way of settlement, arbitration and trial.

7

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

1  *See* Saltzman Decl., ¶¶ 39-46; Tojarieh Decl., ¶¶ 1-6.

2      The second prong of the adequacy test is "that the suit not be collusive and

3  the representative plaintiff's interests not be antagonistic to those of the remainder

4  of the class." *In re Surebeam Corp. Secs. Litig.*, 2004 WL 5159061, at *1-2.

5  Plaintiff has litigated this case in good faith and the interests of Plaintiff are fully

6  aligned with those of the putative class members, because both share a common

7  interest in challenging the legality of Trillium's practices, policies, and procedures.

8      **B. Rule 23**Error! Bookmark not defined.**(b) Standards Are Satisfied**

9      **a.  Common Issues Predominate**

10      In addition to the Rule 23 (a) requirements, a district court must also find

11  that common issues of law or fact "predominate over any questions affecting only

12  individual members." Fed. R. Civ. P. 23(b)(3). The Claims in this case are

13  sufficiently cohesive to warrant adjudication by representation. *See Comcast Corp.*

14  *v. Behrend*, 133 S. Ct. 1426, 1436 (2013). Further, because the "predominance"

15  factor concerns liability, any variation in damages is plainly insufficient to defeat

16  class certification. *Leyva v. Medline Indus.*, 716 F.3d 510, 514 (9th Cir. 2013).

17      In particular, Plaintiff alleges that all of the putative class member drivers

18  were required to use their personal cell phones, and were required to purchase

19  safety vests and safety gloves in order to perform their work duties, and that

20  Defendant uniformly failed to reimburse Plaintiff and the putative Class for such

21  expenses. Additionally, Plaintiff alleges that Defendant's systemic policies of

22  scheduling back-to-back deliveries, with tight delivery windows, required Plaintiff

23  and the putative Class to work through their meal breaks, off the clock, for which

24  they were not compensated. Further, Plaintiff alleges that Defendant's auto-deduct

25  policy of deducting 30 minutes for meal periods from the total time worked each

26  shift, regardless of whether Plaintiff and the putative Class received compliant

27  meal periods, further supports Plaintiff's off-the-clock theory. "Because liability

28  would be determined by looking at [the defendant's] uniform policies and

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

practices, and timekeeping and payroll records," predominance has been satisfied here. *Moreno v. Beacon Roofing Supply, Inc.*, No. 19cv185-GPC(LL), 2020 WL 1139672, at *3 (S.D. Cal. Mar. 9, 2020).

Additionally, Plaintiff alleges that as a result of the described conduct, the putative class members were not provided with wage statements that complied with California law, and their wages were not paid timely upon the termination of their employment. Together, the common issues predominate this alleged class action because liability and damages can be resolved for all Class Members using the same evidence.

### b. The Class Action Device Is Superior

For settlement purposes, only, "a class settlement is superior to other available methods for a fair resolution of the controversy because the class mechanism will reduce litigation costs and promote greater efficiency." *Moreno*, 2020 WL 1139672, at *4. "In a class action settlement, the Court need not address whether the case, if tried, would present issues of manageability under Rule 23 (b) (3)(D)." *Id*. The class action proposed herein is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. Proc. 23(b)(3). Provisional certification of the cases for settlement purposes will enable the Class members' claims to be fairly, adequately, and efficiently resolved to a degree that no other mechanism or forum would provide. As in *Hanlon*, the alternative methods of resolution would require that each employee file his or her own individual claims, a daunting task against the much stronger defendant involved, and one not likely to be pursued by many of them. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-120 (9th Cir. 1998). Additionally, litigating each claim individually is unrealistic, as this would impose extraordinary burdens on the parties. *See Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 210 (N.D. Cal. 2009) (finding class action superior where "[t]he alternative–hundreds or even thousands of individual actions–is not realistic."). Thus, the class is the most

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

1  efficient method to resolve the claims.

2  ### C. No Manageability Issues Preclude Certification

3  Finally, no issues of manageability preclude certification of a settlement

4  Class. A court faced with a request for a settlement-only class like this <u>need not</u>

5  inquire whether the case would present problems of trial management, even though

6  the other requirements under Rule 23 must still be satisfied. *See, e.g.*, *Lazarin v.*

7  *Pro Unlimited, Inc.*, No. C11-03609 HRL, 2013 WL 3541217, at *5 (N.D. Cal.

8  July 11, 2013). In any event, Plaintiff believes the proposed plan of distribution

9  and settlement process are both efficient and manageable.

10  ### D. Plaintiff's Counsel Should Be Appointed as "Class Counsel"

11  Rule 23 (g) requires that courts consider the following four factors when

12  appointing settlement class counsel: (1) whether counsel has investigated the class

13  claims; (2) whether counsel is experienced in handling class actions and complex

14  litigation; (3) whether counsel is knowledgeable regarding the applicable law; and

15  (4) whether counsel will commit adequate resources to representing the class. *See*

16  *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-cv-2471-WQH (BGS), 2013 WL

17  6499698, at *2-3 (S.D. Cal. Dec. 11, 2013).

18  Here, the proposed Class Counsel are all highly experienced and knowledgeable

19  regarding complex federal and state wage and hour class actions like this one. *See*

20  Saltzman Decl., ¶¶ 39-46; Avakian Decl.,¶¶ 3-7; Tojarieh Decl., ¶¶ 1-6. Indeed,

21  Plaintiff's counsel collectively have successfully resolved in excess of hundreds of

22  wage and hour class actions, via settlements and trial/arbitration, for total sums in

23  excess of One Billion Dollars. In addition, Plaintiff's counsel herein have fully

24  investigated the allegations and claims presented, and have collectively fully

25  committed their resources to represent the Class Members herein, and will continue to

26  do so.

27  / / /

28  / / /

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court conditionally certify the putative class, for settlement purposes only.

Dated: July 19, 2021

**MARLIN & SALTZMAN, LLP**
**TOJARIEH LAW FIRM, PC**

By:   /s/ Tatiana G. Avakian
     Stanley D. Saltzman, Esq.
     Tatiana G. Avakian, Esq.
     Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

1

## <u>CERTIFICATE OF SERVICE</u>

2

I, Tatiana G. Avakian, an attorney, certify that I caused the foregoing

3 document to be served on all counsel of record in this action via the Court's

4 CM/ECF system on July 19, 2021.

5

6

7

By:___/s/ Tatiana G. Avakian_

Tatiana G. Avakian, Esq.

8 *Attorney for Plaintiff and the putative Class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28