UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation,<br><br>Defendant. | Case No. 2:19-cv-08580-JFW-MAAx<br><br>[Removal from Superior Court of California, County of Los Angeles, Case No. 19STCV28353]<br><br><u>CLASS ACTION</u><br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Hearing Date:   December 6, 2021<br>Time:                  1:30 p.m.<br>Courtroom:        7A<br><br>Date Action Filed:   August 14, 2019<br>Trial Date:                Vacated |

On November 8, 2021, Plaintiff BRYANT PATTON ("Plaintiff") filed his unopposed Motion for Final Approval of Class Action and PAGA Settlement. (Dkt. 82). On November 15, 2021, Defendant MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION /DRIVERS ("Defendant") filed its statement of non-opposition. (Dkt. 84).

Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this motion is appropriate for decision without oral argument. After considering the motion and non-opposition statement, the Court grants Plaintiff's motion.

## I. STATEMENT OF FACTS

Plaintiff filed his Class Action Complaint, captioned *Bryant Patton v. Midwest Construction Services, Inc. dba Trillium Construction/Drivers*, Case No. 19STCV28353, in the Superior Court of Los Angeles County, California, on August 14, 2019. Defendant removed the Action based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(c), (d)(2), to the Central District of California on October 4, 2019. (Dkt. 1).

Plaintiff filed his First Amended Class Action and PAGA Complaint (Complaint) on December 11, 2019. (Dkt. 27). The Complaint alleges the following claims: (1) failure to provide meal breaks (Cal. Labor Code §§ 226.7, 512 and Wage Order No. 9-2001); (2) failure to permit and compensate for rest breaks (Cal. Labor Code §§ 226.7, 512 and Wage Order No. 9-2001); (3) failure to pay minimum wages (Cal. Labor Code §§ 1194 and 1197 and Wage Order No. 9-2001); (4) failure to pay overtime wages (Cal. Labor Code §§ 510, 1194 and 1198 and Wage Order No. 9-2001); (5) failure to reimburse for necessary business expenses (Cal. Labor Code § 2802); (6) failure to provide adequate wage statements (Cal. Labor Code §§ 226, 226.2 and 226.3 and Wage Order No. 9-2001); (7) unfair competition (Cal. Bus. & Prof. Code § 17200 *et seq.*);

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

(8) quantum merit/unjust enrichment; and (9) violations that support PAGA penalties under Cal. Labor Code § 2698, *et seq.* (the Claims).

After Defendant provided Plaintiff extensive informal discovery, the Parties attended private mediation with Francis "Tripper" Ortman, on May 27, 2020. Declaration of Stanley D. Saltzman, Dkt. 82-1 ("Saltzman Decl."), ¶ 10. Although the Parties were unable to reach a settlement at the mediation, the Parties conducted additional substantial discovery and continued to engage in settlement discussions, with the assistance of Mr. Ortman. Saltzman Decl., ¶¶ 9-10, 14. Ultimately, on June 15, 2021, the Parties reached the Settlement now before the Court. Saltzman Decl., ¶ 18. On August 9, 2021, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of Class Action and PAGA Settlement (Dkt. 71) and Unopposed Motion for Conditional Certification for Settlement Purposes (Dkt. 71-1), and entered an Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 78, 80) and Unopposed Motion for Conditional Certification for Settlement Purposes. (Dkt. 79).

## II.  THE SETTLEMENT TERMS

### A. The Settlement Class

The Settlement Class is defined as "[a]ll persons who at any time during the Settlement Period performed work for Defendant as truck drivers in the State of California." Saltzman Decl., **Ex. 1** [Settlement Agreement], Dkt. 71-3, Section I.Q.

### B. Settlement Amount and Payment of Claims

Under the terms of the settlement, Defendant has agreed to pay the Settlement Class a total of $850,000.00. ("Settlement Amount"). **Ex. 1**, Section I.P. The parties agree that, subject to Court approval, the amount to be distributed to Settlement Class Members (i.e., the "Net Settlement Fund") will be determined by deducting: (1) Administrative Costs, up to $12,000.00; (2) attorneys' fees of up to

$212,500.00, or 25% of the Settlement Amount; (3) Class Counsel's reasonable out-of-pocket costs (estimated at $49,576.71); (4) a Class Representative incentive award totaling $5,000.00; and (5) $25,000 of the Settlement Amount will be paid to the LWDA and the putative class members to resolve the PAGA claim ($18,750.00 to the LWDA and $6,250.00 to the putative class members as part of the Net Settlement Fund). **Ex. 1**, Sections I.K, VIII, XIII-XIV, XVI; see also **Ex. 2** (Addendum to Stipulation), Dkt. 71-4, Section XIII (for the most current costs amount incurred by Plaintiff's counsel). Under no circumstances will any portion of the Settlement Amount revert to Defendant. **Ex. 1**, Sections VIII-XIV.

### C. Release

Upon the date the Court's Final Approval Order becomes "Final" (as that term is defined in Section I(E) of the Settlement Agreement), Plaintiff and all members of the Settlement Class, except those who make a valid and timely request to be excluded from the Settlement Class and Settlement, agree to waive any and all wage-related claims that were alleged in the Litigation or which could have been alleged in the Litigation based on the facts, theories, and/or statutory or other violations asserted in the Litigation arising during the Settlement Period against Defendant, and their divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, joint employers, insurers, and related corporations, including the following claims: 1) claims for the failure to pay overtime wages owed pursuant to California Labor Code §§ 204, 510, 1194, and 1198, and IWC Wage Order No. 9-2001, § 4; 2) claims for the failure to pay minimum wages, owed pursuant to California Labor Code §§ 204, 1194, 1194.2, 1197, 1197.1, and 1198, and IWC Wage Order No. 9-2001, § 4; 3) claims for failure to provide meal periods pursuant to California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001,

§ 11; 4) claims for the failure to provide rest periods pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12; 5) claims for the failure to properly calculate any premiums owed and/or paid pursuant to California Labor Code § 226.7(b); 6) claims for violation of Business & Professions Code §§ 17200, *et seq.*; 7) claims for penalties pursuant to PAGA (Labor Code §§ 2698 *et seq.*); 8) claims for penalties arising from an alleged failure to pay final wages allegedly owed to Class Members pursuant to California Labor Code §§ 201-203; 9) claims for penalties arising from any alleged wage statement violations pursuant to California Labor Code §§ 226, 226.3, 1174, and 1174.5; 10) claims for any damages or penalties arising from an alleged failure to reimburse for business expenses pursuant to California Labor Code § 2802; and 11) claims for penalties or any another amounts that could be potentially owed to Class Members arising out of and/or related to the allegations in the Lawsuit arising during the Settlement Period, including penalties owed pursuant to California Labor Code §§ 210, 226.3, 558, and 1197.1. **Ex. 1**, Section VII.A.

In addition to the release described above, Plaintiff individually will provide a broader general release of claims not contained within the Complaint and will also expressly waive, to the fullest extent permitted by law, his rights under California Civil Code § 1542. **Ex. 1**, Section VII.B.

### D. Notice to Settlement Class Members

On August 24, 2021, the Settlement Administrator, Simpluris, Inc. ("Simpluris"), received a database containing the Class Members' names, last known addresses, Social Security numbers, and the number of Covered Workweeks ("Class Data List"). Butler Decl., ¶ 7. The Class Data List contained data for 1,398 individuals. *Id*. On September 2, 2021, Simpluris mailed the Class Notice, via first-class United States mail, to the 1,398 Class Members. *Id*., ¶ 9. 197 Class Notices were returned as undeliverable. *Id*., ¶ 10. Simpluris performed an

advance address search and located 183 updated addresses, to which it re-mailed the Class Notice. *Id*. Fourteen (14) Class Notices remain undeliverable. *Id*.

Simpluris also created a Settlement website explaining the key terms of the Settlement, and providing information on how to opt out of or object to the Settlement. Butler Decl., ¶ 4(c).

### E. Opt-Outs and Objections

The Settlement Administrator complied with this Court's orders concerning dissemination of class notice, resulting in only one (1) request for exclusion, and thus a 99.93% participation rate by the Class in this settlement. Butler Decl., ¶ 12. No Class Members objected to the Settlement, or to Plaintiff's request for attorneys' fees, costs, and enhancement award. *Id*., ¶ 14.

### F. Attorneys' Fees, Costs, and Enhancement Award

Plaintiff's Counsel request an award of attorneys' fees of up to $212,500.00, or 25% of the Settlement Amount, and an award of actual litigation costs of $49,576.71. **Ex. 2**, Section XIII.

A Class Representative incentive payment not to exceed $5,000.00 for Class Representative Bryant Patton is also sought. **Ex. 1**, Section XIV. This award is in addition to whatever payment Plaintiff is entitled to receive as a Settlement Class Member and is requested partly in consideration of the Plaintiff's execution of a general release and waiver under Cal. Civ. Code § 1542. **Ex. 1**, Section VII.B.

## III.   LEGAL STANDARD

The district court has broad discretion to approve Rule 23 settlements and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1036 (9th Cir. 1998). In determining whether a settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *In re Heritage Bond Litig.*, 2005 WL 1594403

(C.D. Cal. June 10, 2005) (citing *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

At the outset, there is a "strong initial presumption that the compromise is fair and reasonable." *Hanlon,* 150 F.3d at 1019. A class action settlement is presumed to be fair when: (1) the settlement is reached through arm's length agreement; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. Newberg & Conte, *Newberg On Class Actions* § 11.41 (3d ed. 1992).

This Court has already preliminarily found the requirements of Fed. R. Civ. Proc. 23 are satisfied. (Dkt. 77-80). The relevant factors demonstrate that the Settlement should now be finally approved, as it remains fair, reasonable, and adequate. *See id.*

## IV. FINAL APPROVAL IS PROPER

### A. The Settlement Was Reached As the Result of Arm's-Length Negotiations

The Settlement was reached following a full day of mediation before mediator Tripper Ortman, and then after more than a year of off-and-on negotiations involving Mr. Ortman and lead counsel for the Parties. Saltzman Decl., ¶¶ 9-10, 14, 18. As such, the Settlement was a result of arm's-length negotiations conducted in good faith.

### B. Challenges in Litigating this Case Support Final Approval

While Plaintiff is confident of a favorable determination on the merits, Plaintiff's counsel determined that the Settlement is in the best interest of the Class, and guarantees substantial payments to the Class, without the risk or delay resulting from litigation and appeals. Saltzman Decl., ¶¶ 18, **Ex. 1**, at § II.C; *see also* Dkt. 71, at 7:1-8:12. Plaintiff faced a constant challenge to the California

meal and rest break claims as a result of the FMCSA's December 2018 Determination that the federal hours of service rules preempted California's meal and rest break laws. See California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers, 83 Fed. Reg. 67470 (Dec. 28, 2018). Further, in the months prior to reaching the Settlement in this case, the Ninth Circuit affirmed the FMCSA's Determination, thus foreclosing the possibility that Plaintiff could pursue meal and rest break claims under California law, at least for the period from December 21, 2018 (the date of the FMCSA Determination) to the present. Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin., 986 F.3d 841 (9th Cir. 2021).

In addition, shortly prior to the Settlement, this Court granted Defendant's motion for partial summary judgment of Plaintiff's meal and rest break claims (and related derivative claims), dismissing Plaintiff's meal and rest break claims for the entire class period (including prior to the FMCSA Determination). Dkt. 67. An appeal of the Court's decision would have resulted in further delays in the litigation, and the outcome, of course, was uncertain. Dkt. 71, at 7:1-8:12.

In addition, while Plaintiff believes that his case was strong, Class Counsel recognized that Plaintiff faced difficulties at class certification, including potentially engaging in individual inquiries as to whether the class members incurred unreimbursed business expenses, as an example. Dkt. 71, at 14:10-15:20; Dkt. 82, at 11:1-12:10. Continued litigation of these issues through the appellate court(s) would be slow and costly.

Counsel believes that the Settlement confers substantial benefits upon each of the putative class members, even given the adverse rulings issued against their claims. Based on their own independent investigation and evaluation, proposed Class Counsel, being experienced in this area of class action litigation, have determined that the Settlement is in the best interests of the Plaintiff and the

8

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION AND PAGA SETTLEMENT

putative class. *See* Dkt. 71 and 82.

### C. The Parties Completed Sufficient Investigation and Discovery

The Parties engaged in extensive investigation and discovery, both leading up to the mediation, and following the completion of the mediation. Saltzman Decl., ¶¶ 9-10, 14. The investigation and discovery in the case informed the Parties of the proper value of the claims, the likelihood of class certification if the case did not settle, and the strengths of the claims if it had to be brought to trial. *See* Dkt. 71; Dkt. 82, 14:2-17. Therefore, this factor weighs in favor of final approval.

### D. Experienced Counsel Have Determined that the Settlement Is Appropriate and Fair to the Class

Class Counsel has extensive experience in complex class actions, as well as particular expertise in wage-and-hour class actions. Saltzman Decl., ¶¶ 23-30; Avakian Decl., ¶¶ 3-4; Tojarieh Decl., ¶¶ 2-6. Class Counsel believes that the Settlement is fair, reasonable, and adequate. "Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (quotation omitted). Courts recognize that "[a] presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988). Thus, this factor weighs in favor of final approval.

### E. The Class Representative and Class Counsel Have Adequately Represented the Class

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy constitutional due process concerns, "absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon,*

9

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

150 F.3d at 1020. "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id*. Plaintiff and Class Counsel have no conflicts of interest with other Class Members. Saltzman Decl., ¶ 21. Plaintiff has brought the same claims as the rest of the Class Members, is seeking the same remedy, and there is no evidence of a conflict of interest. Dkt. 71-1, 7:11-18. As the Court found at preliminary approval, "Plaintiff's interests are fully aligned with those of the putative class members, because both share a common interest in challenging the legality of Defendant's practices, policies, and procedures, and Plaintiff contends that no conflicts exists." Dkt. No. 79, 5:7-10. That has not changed since the preliminary approval phase. Since that time, Plaintiff and his counsel have diligently continued to oversee administration of the Settlement. Class Counsel have extensive experience in wage-and-hour class action litigation. Saltzman Decl., ¶¶ 23-30; Avakian Decl., ¶¶ 3-4; Tojarieh Decl., ¶¶ 2-6. Therefore, Rule 23(a)(4) is satisfied.

### F. The Reaction of the Settlement Class Supports Final Approval

Not one of the 1,398 settlement class members objected to the Settlement. Butler Decl., ¶ 14. The absence of objections to a proposed class action settlement supports a conclusion that the settlement is fair, reasonable, and adequate. *Nat'l Rural Telecom. Coop., 221 F.R.D. at 529*. Also demonstrating the high level of support for the Settlement, only a single class member exercised his right to opt-out of the Settlement. Butler Decl., ¶ 12. Accordingly, this factor also favors final approval of the Settlement.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement is **GRANTED**,

as follows: This Court grants final approval of the $850,000.00 Settlement, pursuant to the terms set forth in the Parties' Stipulation and Addendum to the Stipulation, which are attached as **Exhibits 1** and **2** to the Saltzman Declaration, Dkt. 71-2, respectively.

**IT IS SO ORDERED.**

Dated:  November 29, 2021

_____
Honorable John F. Walter
United States District Judge