1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/DRIVERS, a California corporation,<br><br>Defendant. | Case No. 2:19-cv-08580-JFW-MAAx<br><br>[Removal from Superior Court of California, County of Los Angeles, Case No. 19STCV28353]<br><br><u>CLASS ACTION</u><br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD**<br><br>Hearing Date:  December 6, 2021<br>Time:  1:30 p.m.<br>Courtroom:  7A<br><br>Date Action Filed:  August 14, 2019<br>Trial Date:  Vacated |

On November 8, 2021, Plaintiff BRYANT PATTON ("Plaintiff") filed his unopposed Motion for Attorneys' Fees, Costs, and Enhancement Award. (Dkt. 83). On November 15 2021, Defendant MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION /DRIVERS ("Defendant") filed its statement of non-opposition. (Dkt. 85).

Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this motion is appropriate for decision without oral argument. After considering the motion and non-opposition statement, the Court grants Plaintiff's motion.

## I.    STATEMENT OF FACTS

Plaintiff filed his Class Action Complaint, captioned *Bryant Patton v. Midwest Construction Services, Inc. dba Trillium Construction/Drivers*, Case No. 19STCV28353, in the Superior Court of Los Angeles County, California, on August 14, 2019. Defendant removed the Action based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(c), (d)(2), to the Central District of California on October 4, 2019. (Dkt. 1).

Plaintiff filed his First Amended Class Action and PAGA Complaint (Complaint) on December 11, 2019. (Dkt. 27). The Complaint alleges the following claims: (1) failure to provide meal breaks (Cal. Labor Code §§ 226.7, 512 and Wage Order No. 9-2001); (2) failure to permit and compensate for rest breaks (Cal. Labor Code §§ 226.7, 512 and Wage Order No. 9-2001); (3) failure to pay minimum wages (Cal. Labor Code §§ 1194 and 1197 and Wage Order No. 9-2001); (4) failure to pay overtime wages (Cal. Labor Code §§ 510, 1194 and 1198 and Wage Order No. 9-2001); (5) failure to reimburse for necessary business expenses (Cal. Labor Code § 2802); (6) failure to provide adequate wage statements (Cal. Labor Code §§ 226, 226.2 and 226.3 and Wage Order No. 9-2001); (7)  unfair competition (Cal. Bus. & Prof. Code § 17200 *et seq.*);

(8) quantum merit/unjust enrichment; and (9) violations that support civil penalties under the Private Attorneys General Act (the "PAGA") (Cal. Labor Code § 2698, *et seq.* (the Claims).

After Defendant provided Plaintiff extensive informal discovery, the Parties attended private mediation with Francis "Tripper" Ortman, on May 27, 2020. Declaration of Stanley D. Saltzman, <u>Dkt. 82-1</u> ("Saltzman Decl."), ¶ 10. Although the Parties were unable to reach a settlement at the mediation, the Parties conducted additional substantial discovery and continued to engage in settlement discussions, with the assistance of Mr. Ortman. Saltzman Decl., ¶¶ 9-10, 14. Ultimately, on June 15, 2021, the Parties reached the Settlement now before the Court. Saltzman Decl., ¶ 18. On August 9, 2021, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of Class Action and PAGA Settlement (Dkt. 71) and Unopposed Motion for Conditional Certification for Settlement Purposes (Dkt. 71-1), and entered an Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 78, 80) and Unopposed Motion for Conditional Certification for Settlement Purposes. (Dkt. 79).

## II.    THE SETTLEMENT TERMS

### A. The Settlement Class

The Settlement Class is defined as "[a]ll persons who at any time during the Settlement Period performed work for Defendant as truck drivers in the State of California." Saltzman Decl., **Ex. 1** [Settlement Agreement], <u>Dkt. 71-3</u>, Section I.Q.

### B. Settlement Amount and Payment of Claims

Under the terms of the settlement, Defendant has agreed to pay the Settlement Class a total of $850,000.00. ("Settlement Amount"). **Ex. 1**, Section I.P. The parties agree that, subject to Court approval, the amount to be distributed to Settlement Class Members (i.e., the "Net Settlement Fund") will be determined by

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD

1   deducting: (1) Administrative Costs, up to $12,000.00; (2) attorneys' fees of up to

2   $212,500.00, or 25% of the Settlement Amount; (3)  Class Counsel's reasonable

3   out-of-pocket costs (estimated at $49,576.71); (4) a Class Representative incentive

4   award totaling $5,000.00; and (5) $25,000 of the Settlement Amount will be paid

5   to the Labor and Workforce Development Agency (the "LWDA") and the putative

6   class members to resolve the PAGA claim ($18,750.00 to the LWDA and

7   $6,250.00 to the putative class members as part of the Net Settlement Fund). **Ex. 1**,

8   Sections I.K, VIII, XIII-XIV, XVI; see also **Ex. 2** (Addendum to Stipulation), <u>Dkt.</u>

9   <u>71-4</u>, Section XIII (for the most current costs amount incurred by Plaintiff's

10   counsel). Under no circumstances will any portion of the Settlement Amount revert

11   to Defendant. **Ex. 1**, Sections VIII-XIV.

12         **C. Notice to Settlement Class Members**

13         On August 24, 2021, the Settlement Administrator, Simpluris, Inc.

14   ("Simpluris"), received a database containing the Class Members' names, last

15   known addresses, Social Security numbers, and the number of Covered

16   Workweeks ("Class Data List"). Butler Decl., ¶ 7. The Class Data List contained

17   data for 1,398 individuals. *Id*. On September 2, 2021, Simpluris mailed the Class

18   Notice, via first-class United States mail, to the 1,398 Class Members, which

19   informed the Class Members of the terms of the Settlement, including, but not

20   limited to, Plaintiff's request for attorneys' fees, costs, and enhancement award.

21   *Id*., ¶ 9. 197 Class Notices were returned as undeliverable. *Id*., ¶ 10. Simpluris

22   performed an advance address search and located 183 updated addresses, to which

23   it re-mailed the Class Notice. *Id*. Fourteen (14) Class Notices remain

24   undeliverable. *Id*.

25         Simpluris also created a Settlement website explaining the key terms of the

26   Settlement, and providing information on how to opt out of or object to the

27   Settlement. Butler Decl., ¶ 4(c).

28

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS, AND ENHANCEMENT AWARD

### D. Opt-Outs and Objections

The Settlement Administrator complied with this Court's orders concerning dissemination of class notice, resulting in only one (1) request for exclusion, and thus a 99.93% participation rate by the Class in this settlement. Butler Decl., ¶ 12. No Class Members objected to the Settlement, or to Plaintiff's request for attorneys' fees, costs, and enhancement award. *Id*., ¶ 14.

### E. Attorneys' Fees, Costs, and Enhancement Award

Plaintiff's Counsel request an award of attorneys' fees of up to $212,500.00, or 25% of the Settlement Amount, and an award of actual litigation costs of $49,576.71. **Ex. 2**, Section XIII.

A Class Representative incentive payment not to exceed $5,000.00 for Class Representative Bryant Patton is also sought. **Ex. 1**, Section XIV. This award is in addition to whatever payment Plaintiff is entitled to receive as a Settlement Class Member and is requested partly in consideration of the Plaintiff's execution of a general release and waiver under Cal. Civ. Code § 1542. **Ex. 1**, Section VII.B.

### III.     LEGAL STANDARD

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In determining the amount of fees that are reasonable, the Court may award attorneys' fees – in its discretion – based on a percentage of the common fund or based on the lodestar method. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

When evaluating whether the percentage sought by counsel is reasonable, the Court may consider the following factors: (1) the results achieved; (2) the risks involved; (3) the skill required and quality of work by counsel; and (4) awards made in similar cases. *Vizcaino*, 290 F.3d at 1048-1050. Each of these factors

1  support the award sought by counsel here.

2  **IV.   APPROVAL OF CLASS COUNSEL'S ATTORNEYS' FEES IS**

3     **PROPER**

4      This Court has already preliminarily approved Plaintiff's requested

5  attorneys' fees of $212,500.00 (or, 25% of the Settlement Amount), which have

6  been disclosed to the class and no objections were filed. Butler Decl., ¶¶ 6 & 14,

7  Ex. 1.

8      **A. The Results Achieved Support Approval of the Requested Fees**

9      Before consideration of reductions for fees, costs, etc., the average payment

10 per class member is $608.44 ($850,000 divided by 1,397 participating class

11 members). When analyzing the average payments based on the number of "full

12 time equivalent" ("FTE") employees, the average settlement amount to be received

13 on a "per position" basis is $6,071.43 ($850,000 divided by the 140 employees

14 typically employed by the Defendant at any given time). Saltzman Decl., ¶ 19. This

15 represents an extraordinary result for Plaintiff and the class, particularly in light of

16 the challenges that Class Counsel recognized Plaintiff faced, as set forth below.

17     **B. Class Counsel Faced Substantial Risks in Accepting Plaintiff's Case**

18        **on a Contingency Basis**

19     While Plaintiff is confident of a favorable determination on the merits,

20 Plaintiff's counsel determined that the Settlement is in the best interest of the

21 Class, and guarantees substantial payments to the Class, without the risk or delay

22 resulting from litigation and appeals. Saltzman Decl., ¶¶ 18, **Ex. 1**, at § II.C; *see*

23 *also* Dkt. 71, at 7:1-8:12. Plaintiff faced a constant challenge to the California

24 meal and rest break claims as a result of the FMCSA's December 2018

25 Determination that the federal hours of service rules preempted California's meal

26 and rest break laws. *See* California's Meal and Rest Break Rules for Commercial

27 Motor Vehicle Drivers, 83 Fed. Reg. 67470 (Dec. 28, 2018). Further, in the

28

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS, AND ENHANCEMENT AWARD

months prior to reaching the Settlement in this case, the Ninth Circuit affirmed the FMCSA's Determination, thus foreclosing the possibility that Plaintiff could pursue meal and rest break claims under California law, at least for the period from December 21, 2018 (the date of the FMCSA Determination) to the present. *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021).

In addition, shortly prior to the Settlement, this Court granted Defendant's motion for partial summary judgment of Plaintiff's meal and rest break claims (and related derivative claims), dismissing Plaintiff's meal and rest break claims for the entire class period (including prior to the FMCSA Determination). Dkt. 67. An appeal of the Court's decision would have resulted in further delays in the litigation, and the outcome, of course, was uncertain. Dkt. 71, at 7:1-8:12.

In addition, while Plaintiff believes that his case was strong, Class Counsel recognized that Plaintiff faced difficulties at class certification, including potentially engaging in individual inquiries as to whether the class members incurred unreimbursed business expenses, as an example. Dkt. 71, at 14:10-15:20; Dkt. 82, at 11:1-12:10. Continued litigation of these issues through the appellate court(s) would be slow and costly. Counsel took on these risks entirely on a contingency basis.

## C. Class Counsel's Skill, Experience, and Quality of Work Support the Requested Fee Award

Class Counsel has extensive experience in complex class actions, as well as particular expertise in wage-and-hour class actions. Saltzman Decl., ¶¶ 23-30; Avakian Decl., ¶¶ 3-4; Tojarieh Decl., ¶¶ 2-6. Thus, this factor weighs in favor of final approval of Class Counsel's requested fee award.

## D. Awards Made in Similar Cases Support the Request

Here, the request for attorneys' fees in the amount of the 25% benchmark

easily falls within the range of acceptable attorneys' fees in this District and other courts within the Ninth Circuit. *See*, *e.g.*, *Multi–Ethnic Immigrant Workers Organizing Network v. City of Los Angeles*, 2009 WL 9100391, *5 (C.D. Cal. 2009)* (one-third award of the common fund based on empirical studies, an exceptional result, litigation risk, benefits to the class, and the lengthy time the litigation had been pending, which led counsel to forego other work); *Garcia v. Gordon Trucking, Inc.*, 2012 WL 5364575, *8-10 (E.D. Cal. 2012)* (awarding attorneys' fees equal to 33% of the common fund based on the "overall success, the skill with which the case was prosecuted, the substantial legal risks associated with Plaintiffs' claims, and the financial risks borne by Class Counsel"); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8-9 (S.D. Cal. 2010)* (awarding fees equal to one-third of the common fund); *Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *3 (C.D. Cal. 2017)* ("exceptional result achieved in this action justifies an attorney fee award of one-third of the settlement fund."); *Lee v. JPMorgan Chase & Co.*, 2015 WL 12711659, at *8-9 (C.D. Cal. 2015)* (awarding 33% of $2.4 million common fund); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989)* (awarding 32.8% fee); *Linney v. Cellular Alaska P'ship*, 1997 WL 450064, at *7 (N.D. Cal. 1997)* (awarding 33.3% fee); *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995)* (affirming 33% fee award); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000)* (affirming 1/3 fee); *Barbosa*, 297 F.R.D. 431 at 450-51* (awarding 33.33% of the settlement fund and listing at least 5 other cases in the Eastern District where the Court awarded 33.33% of the common fund); *Bickley v. Schneider National Carrier Inc.*, Case No. 4:08-cv-05806-JSW, 2016 WL 6910261, at *4 (N.D. Cal. Oct. 13, 2016)*  (awarding 33.33% of the non-reversionary settlement fund of $28 million in wage and hour class action as attorney fees).

/ / /

8

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD

### E. The Lodestar Cross-Check Supports Approval of the Requested Fees

Class Counsel incurred a combined total of 502.30 hours litigating this action for a combined lodestar of $278,503.00, as of the date of the filing of the Motion for Attorneys' Fees, Costs, and Enhancement Award. Dkt. No. 83-4. As such, Class Counsel's requested attorneys' fees ($212,500.00) represents a 30% negative multiplier. Thus, the lodestar cross-check confirms that the fee request is both fair and reasonable.

## V.   THE REQUESTED COSTS ARE REASONABLE

Class counsel requests reimbursement of their out-of-pocket expenses incurred to prosecute this class action, which total $49,576.71, as well as $12,000.00 in settlement administration costs. Saltzman Decl. ¶ 34, Ex. 4; Tojarieh Decl., ¶ 12, Ex. 2; Butler Decl., ¶ 20, Ex. 3. This Court has already preliminarily approved these amounts, which have been disclosed to the class and no objections were filed. Butler Decl., ¶¶ 6 & 14, Ex. 1. As these expenses were incidental and necessary to the effective representation of the class members, they are appropriately awarded. *See e.g. Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)) (counsel "may recover as part of the award of attorney's fees those out-of-pocket expenses that would 'normally be charged to a fee paying client.'") (citations omitted).

## VI.   THE ENHANCEMENT AWARD IS REASONABLE

The Court finds that the proposed enhancement award of $5,000.00 to Plaintiff is reasonable, in light of the amount of time and effort Plaintiff has spent assisting his Counsel in litigating this matter. Saltzman Decl., ¶¶ 37-38. This Court has already preliminarily approved this amount, which has been disclosed to the class and no objections were filed. Butler Decl., ¶¶ 6 & 14, Ex. 1.

## VII.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD

Motion for Attorneys' Fees, Costs, and Enhancement Award is **GRANTED**, as follows:

(a) Class Counsel's request for attorneys' fees in the amount of $212,500.00 and costs in the amount of $49,576.71 are approved;

(b) The enhancement award to Plaintiff in the amount of $5,000.00 is approved;

(c) The LWDA payment in the amount of $25,000.00 is approved; and

(d) Settlement Administration costs in the amount of $12,000.00 are approved.

**IT IS SO ORDERED.**

Dated:  November 29, 2021

Honorable John F. Walter
United States District Judge

STATEMENT OF DECISION GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD