**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman (SBN 90058)
ssaltzman@marlinsaltzman.com
Tatiana G. Avakian (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

JS-6

**TOJARIEH LAW FIRM, PC**
Joseph Tojarieh, Esq. (SBN 265492)
jft@tojariehlaw.com
10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone: (310) 553-5533
Facsimile: (310) 553-5536

*Attorneys for Plaintiff Bryant Patton,*
*individually and on behalf of all others similarly situated*

MEDINA MCKELVEY LLP
Brandon R. McKelvey (SBN 217002)
brandon@medinamckelvey.com
Timothy B. Nelson (SBN 235279)
tim@medinamckelvey.com
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone:  (916) 960-2211
Facsimile:   (916) 742-5488

Attorneys for Defendant Midwest Construction Services, Inc.
dba Trillium Construction/Drivers

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT PATTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST CONSTRUCTION SERVICES, INC. dba TRILLIUM CONSTRUCTION/ DRIVERS, a California corporation,<br><br>Defendant. | Case No. 2:19-cv-08580-JFW-MAAx<br><br>CLASS ACTION<br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**JOINT FINAL JUDGMENT**<br><br>Date Action Filed: August 14, 2019<br>Trial Date:          Vacated |

JOINT FINAL JUDGMENT

Pursuant to the Court's Order Granting Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement and Granting Plaintiff's Motion for Attorneys' Fees, Costs, and Enhancement Award (Dkt. #88), Plaintiff Bryant Patton ("Named Plaintiff") and Defendant Midwest Construction Services, Inc. dba Trillium Construction/Drivers ("Defendant") (collectively, "the Parties") hereby submit this Joint [Proposed] Final Judgment. The Court, having issued its order granting final approval of the class action settlement in the above-captioned action pursuant to the proposed Joint Stipulation of Class Action and PAGA Settlement ("Settlement Agreement" or "Settlement") and the Addendum to the Joint Stipulation (Dkt. #89), and having issued its order granting approval of Plaintiff's Motion for Attorneys' Fees, Costs, and Enhancement Award (Dkt. #90), **HEREBY ORDERS THE FOLLOWING:**

1.    To the extent defined in the Settlement Agreement and Addendum (the "Settlement"), the terms in this Judgment shall have the meanings set forth therein.

2.    The Settlement Class consists of: All persons who at any time from August 14, 2015 through August 9, 2021, performed work for Defendant as truck drivers in the State of California.

3.    The Parties complied in all material aspects with the Class Notice plan set forth in the Settlement Agreement. The Court finds that the Class Notice plan, which was effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Class of the nature and pendency of the Litigation; the existence and terms of the Settlement Agreement and Addendum; the Settlement Class Members' rights to make claims, opt out, or object; and the matters to be decided at the hearing on Final Approval. Notice of the Settlement was also provided to the state and federal government officials in compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and to the California Labor Workforce Development Agency ("LWDA"), pursuant to Labor Code section 2699(k)(2).

4.    The Settlement is in the best interests of the Settlement Class, taking into account the relief obtained in relation to the risks faced by the Settlement Class Members in continuing to litigate their claims in the Litigation. The relief provided under the Settlement Agreement is

appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole. All statutory and constitutional requirements necessary to effectuate the Settlement have been met and satisfied. Accordingly, pursuant to Rule 23(e), and as previously set forth in its Order (Dkt. #89), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003). The Parties shall effectuate the Settlement in accordance with the terms of the Settlement Agreement and Addendum.

5.     As of the Effective Date of the Settlement, as defined in the Settlement Agreement, all of the released claims of each Settlement Class Member who did not timely opt out, as well as the Class Representative's released claims, are and shall be deemed to be conclusively released as against the released persons, as described in the Settlement Agreement. Except as to such rights or claims that may be created by the Settlement, all Settlement Class Members as of the date of the Final Judgment who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the released claims against released parties.

6.     Class Counsel, Stanley D. Saltzman and Tatiana G. Avakian of Marlin & Saltzman LLP, and Joseph Tojarieh of Tojarieh Law Firm, PC, shall continue to serve as Class Counsel and shall oversee and perform the duties necessary to effectuate the Settlement.

7.     The Court finds that a Class Representative enhancement award in the amount of $5,000 to Plaintiff Bryant Patton is appropriate for the risks undertaken and service to the Settlement Class. The Court finds that this award is fair, reasonable, and adequate, and orders that the Settlement Administrator make this payment in conformity with the terms of the Settlement.

8.     The Court finds that attorneys' fees in the amount of $212,500.00 and actual litigation costs of $49,576.71 for Class Counsel are fair, reasonable, and adequate, and orders that the Settlement Administrator distribute these payments to Class Counsel in conformity with the terms of the Settlement.

9.      The Court finds that the Settlement Administrator's costs in the amount of $12,000.00 are fair, reasonable, and adequate, and orders that the Settlement Administrator distribute this payment in conformity with the terms of the Settlement.

10.     The Court allocates $25,000.00 of the Gross Settlement Amount to penalties under the Private Attorneys General Act ("PAGA"), with 75% of the PAGA penalties, which is $18,750.00, to be paid to the California Labor and Workforce Development Agency ("LWDA") and 25% of the PAGA penalties, which is $6,250.00, to remain part of the Net Settlement Fund.

11.     This final approval order and final judgment of dismissal resolves all pending claims against Defendant in the Litigation. Finding no just reason for delay, this final approval order and final judgment of dismissal is hereby certified as final under Fed. R. Civ. P. 54(b).

12.     Without further order of the Court, the parties may jointly agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

13.     Without affecting the finality of this order, the Court shall retain exclusive and continuing jurisdiction over the Litigation, the Plaintiff, the Settlement Class, and Defendant for purposes of supervising the consummation, administration, implementation, enforcement and interpretation of the Settlement Agreement and all other matters covered in this Judgment.

**IT IS SO ORDERED.**

DATED: December 7, 2021

John F. Walter
United States District Judge

JOINT FINAL JUDGMENT